# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**LAFAYETTE DESHAWN UPSHAW,**

    Petitioner,                                      Case No.
                                                                  Hon.

v.

**O'BELL WINN,**

    Respondent.
_____/

# PETITIONER
# LAFAYETTE DESHAWN UPSHAW'S
# PETITION UNDER 28 U.S.C. 2254
# FOR A WRIT OF HABEAS CORPUS

NOW COMES, Petitioner, LAFAYETTE DESHAWN UPSHAW ("Petitioner"), by and through his attorneys, LAW OFFICES OF DAVID L. MOFFITT & ASSOCIATES, PLLC, by David L. Moffitt (P30716), and pursuant to 28 U.S.C. § 2254, hereby petitions for a writ of habeas corpus and says:

1. On October 16, 2014, Petitioner was convicted by a jury of armed robbery, Mich. Comp. Laws § 750.529, carrying a dangerous weapon with unlawful intent, Mich. Comp. Laws § 750.226, and felony-firearm, Mich. Comp. Laws § 750.227b, before Judge Michael J. Callahan of the Wayne County Circuit Court. *People v. Lafayette Deshawn Upshaw*, Wayne Cir. Ct. No. 14-006199-01-FC. The jury acquitted Petitioner of the charges of assault with intent to murder and assault with intent to do great bodily harm less than murder;

2. On November 14, 2014, Petitioner was sentenced for the above convictions to imprisonment for 18 to 40 years concurrent to 1 to 5 years, consecutive to 2 years, respectively;

3. Petitioner is currently serving the above prison sentences in the custody of Respondent O.T. Winn, Warden of Saginaw Correctional Facility at 9625 Pierce Road, Freeland, Michigan, 48623;

4. On December 17, 2014, Petitioner filed a timely claim of appeal to the Michigan Court of Appeals;

a. Appointed Counsel Jonathan B.D. Simon filed a brief on appeal with the Michigan Court of Appeals, raising the following claims: (1) The trial court abused its discretion in granting the prosecutor's request to endorse a key witness on the second day of trial, (2) the trial court's admission of irrelevant and unfairly prejudicial testimony that Petitioner refused to participate in a live lineup violated Petitioner's right to a fair trial, in violation of due process, (3) trial counsel was constitutionally ineffective for failing to investigate potential alibi witnesses, failing to file an alibi notice, and failing to present the alibi witnesses, even though such witnesses would have been consistent with counsel's theory of misidentification;

b. Subsequently Retained Counsel Neil J. Leithauser filed a supplemental brief with the Michigan Court of Appeals raising the following additional claims: (4) The trial court abused its discretion by denying Petitioner's request for a brief adjournment to allow newly-retained defense counsel to become prepared, (5) the prosecutor exercised peremptory challenges to dismiss African-American potential jurors, in violation of the Equal Protection Clause of the Fourteenth Amendment, and (6) the trial court found a fact not found by the jury, that Petitioner was a leader in a multiple-offender situation, which was used to score Offense Variable 14 at 10 points, resulting both in a sentence based on

inaccurate information and an increase in the mandatory minimum sentencing guidelines range, in violation of the Sixth Amendment;

5. On May 19, 2016, the Michigan Court of Appeals affirmed the convictions and sentences. *People v. Lafayette Deshawn Upshaw*, Mich. Ct. App. No. 325195;

6. On July 15, 2016, Petitioner filed a timely application for leave to appeal with the Michigan Supreme Court, raising the same claims he raised in the Michigan Court of Appeals, as set forth in Paragraph # 4, above;

7. On April 4, 2017, the Michigan Supreme Court denied leave to appeal. *People v. Lafayette Deshawn Upshaw*, Mich. Sup. Ct. No. 154101;

8. On June 28, 2017, Petitioner filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on November 6, 2017. *Lafayette Deshawn Upshaw v. State of Michigan*, U.S. Sup. Ct. No. 17-5215;

9. On July 10, 2018, Petitioner filed a motion for relief from judgment under Mich. Ct. Rule 6.501 *et seq.* with the Wayne County Circuit Court, raising the following claims: (1) Trial counsel was constitutionally ineffective for failing to object to the scoring of Prior Record Variable 5 and appellate counsel was constitutionally ineffective for failing to raise this claim, (2) appellate counsel was constitutionally ineffective for failing to request a "Crosby" remand for his claim that OV 14 was scored at 10 points in violation of the Sixth Amendment, and (3)

3

the trial court scored Offense Variables 1, 4, and 9 based on facts that were not admitted by Petitioner or found by the jury, which increased his mandatory minimum sentencing guidelines range, in violation of the Sixth Amendment, and appellate counsel was constitutionally ineffective for failing to raise this claim;

10. On November 27, 2018, the Wayne County Circuit Court denied the motion for relief from judgment. *People v. Lafayette Deshawn Upshaw*, Wayne Cir. Ct. No. 14-006199-01-FC;

11. On May 28, 2019, Petitioner filed a timely "delayed" application for leave to appeal to the Michigan Court of Appeals from the denial of the motion for relief from judgment, raising the same claims set forth in Paragraph # 9, above;

12. On July 22, 2019, the Michigan Court of Appeals denied leave to appeal. *People v. Lafayette Deshawn Upshaw*, Mich. Ct. App. No. 349127;

13. On September 11, 2019, Petitioner filed a timely application for leave to appeal to the Michigan Supreme Court from the Michigan Court of Appeals' denial of leave to appeal, raising the same claims set forth in Paragraph # 9, above;

14. On May 26, 2020, the Michigan Supreme Court denied leave to appeal. People v. *Lafayette Deshawn Upshaw*, Mich. Sup. Ct. No. 160230;

15. Petitioner has filed no other appeals, motions, or petitions, state or federal, challenging the convictions or sentences being challenged in this case;

4

16. Petitioner was represented by the following attorneys in the above proceedings:

    a. Trial through Sentencing: Retained Counsel Wright Blake;

    b. Appeal of Right: Appointed Counsel Jonathan B.D. Simon and subsequently-retained Counsel Neil J. Leithauser;

    c. All other proceedings: *In Propria Persona*;

17. Petitioner now raises the following grounds for granting the writ of habeas corpus, each of which was fully exhausted by being presented to the state courts at each level of the state's established appellate review process, as set forth above. *See also* Memorandum of Law in Support.

**I. TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO INVESTIGATE POTENTIAL ALIBLI WITNESSES AND FAILING TO FILE AN ALIBI NOTICE, EVEN THOUGH THIS WOULD HAVE BEEN CONSISTENT WITH HIS OWN DEFENSE.**

**SUPPORTING FACTS:** Petitioner told trial counsel about two alibi witnesses, his grandmother, JoAnn Green, and his aunt, Crystal Holloway, who would have testified that Petitioner stayed at home with them after his boss dropped him off, that he was still there at the time of the offense, and that he did not leave the house that night. Counsel totally failed to interview or otherwise investigate these witnesses and failed to call them to testify at trial, without any reasonable basis.

On direct appeal, Petitioner presented affidavits from himself and these witnesses to this effect. Defendant swore that he made these alibi witnesses known

5

to counsel. And the witnesses themselves swore that they saw Defendant dropped off by his boss and that he then remained home with them the rest of the night. *See* Memorandum of Law in Support.

**II. THE TRIAL COURT DENIED PETITIONER'S MOTION FOR A BRIEF ADJOURNMENT SO THAT NEWLY-RETAINED COUNSEL COULD BECOME PREPARED FOR TRIAL, IN VIOLATION OF DUE PROCESS.**

**SUPPORTING FACTS:** Petitioner retained new counsel just over two months after being arraigned and 2-1/2 weeks before the scheduled trial because his original appointed trial attorney failed to investigate the case, failed to contact Petitioner's alibi witnesses, and failed to meaningfully consult with Petitioner. At a status conference held two weeks before trial and just days after Defendant retained new counsel, Defendant requested an adjournment to allow newly-retained counsel to come up to speed on the case and do the investigation that prior counsel failed to do. The trial court denied the request without explanation. As a result, newly-retained counsel was unable to contact Petitioner's alibi witnesses, file a timely alibi notice, or call the alibi witnesses to testify in support of Defendant's misidentification defense at trial. *See* Memorandum of Law in Support.

**III. THE PROSECUTOR DISMISSED AFRICAN-AMERICAN POTENTIAL JURORS IN A DISCRIMINATORY MANNER, IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE CONSTITUTION.**

**SUPPORTING FACTS:** The prosecutor exercised 6 of 8 peremptory challenges against African-American potential jurors. When defense counsel objected and pointed this out and the fact that Petitioner is African American, the trial court asked the prosecutor for a race-neutral explanation for the peremptory challenges. The prosecutor gave an explanation for only three of the challenges before the trial court summarily ruled, "[T]he Prosecutor has given some explanation other than race being challenged. I don't think the Batson motion can be sustained." The prosecutor's race-neutral explanations for striking the African-American potential jurors either apply equally to white empaneled jurors, were not supported by the record, or were not inquired into by the prosecutor. *See* Memorandum of Law in Support.

**IV. THE TRIAL COURT FOUND FACTS THAT WERE NOT FOUND BY THE JURY TO SCORE OFFENSE VARIABLE 14, WHICH INCREASED THE MANDATORY MINIMUM SENTENCE, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS.**

**SUPPORTING FACTS:** The state trial court found that Petitioner was a leader in a multiple-offender situation, which was not a fact found by the jury. This factual finding resulted in Offense Variable 14 being scored at 10 points, which increased

7

Petitioner's then-mandatory sentencing guidelines range. *See* Memorandum of Law in Support.

**V. APPELLATE COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO REQUEST A "CROSBY REMAND" AS THE REMEDY FOR HIS CLAIM THAT THE TRIAL COURT FOUND FACTS TO SCORE OV 14 TO INCREASE PETITIONER'S MANDATORY MINIMUM SENTENCE.**

**SUPPORTING FACTS:** Appellate counsel raised the Sixth Amendment claim set forth in Habeas Claim IV, above, but failed to request the relief appropriate to that claim, a "Crosby remand," as clearly required by Michigan Court Rules, which resulted in the Michigan Court of Appeals rejecting the claim. *See* Memorandum of Law in Support.

**VI. THE TRIAL COURT FOUND FACTS THAT WERE NOT FOUND BY THE JURY TO SCORE OFFENSE VARIABLES 1, 4, AND 9, WHICH INCREASED THE MANDATORY MINIMUM SENTENCE, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS, AND APPELLATE COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO RAISE THIS CLAIM ON DIRECT APPEAL.**

**SUPPORTING FACTS:** The state trial court found that "a firearm was discharged at or toward a human being," which was not a fact found by the jury. This factual finding resulted in Offense Variable 1 being scored at 15 points, which increased Petitioner's then-mandatory sentencing guidelines range.

The state trial court found that "serious psychological injury requiring professional treatment occurred to a victim," which was not a fact found by the

8

jury. This factual finding resulted in Offense Variable 4 being scored at 10 points, which increased Petitioner's then-mandatory sentencing guidelines range.

The state trial court found that "2 to 9 victims were placed in danger of injury or loss of life," which was not a fact found by the jury. This factual finding resulted in Offense Variable 9 being scored at 10 points, which increased Petitioner's then-mandatory sentencing guidelines range.

Appellate counsel failed to argue that these factual findings and resulting increases in Petitioner's mandatory minimum sentencing guidelines range violated the Sixth Amendment. *See* Memorandum of Law in Support.

**VII. TRIAL AND APPELLATE COUNSEL WERE CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO ARGUE THAT PRIOR RECORD VARIABLE 5 WAS MISSCORED.**

**SUPPORTING FACTS:** Trial and appellate counsel failed to object to the scoring of Prior Record Variable 5 at 10 points for 3 or 4 prior misdemeanor convictions (for an offense against a person or property, a controlled substance offense, or a weapon offense), even though Petitioner's Presentence Investigation Report clearly showed that only one of Petitioner's 3 prior misdemeanor convictions was an offense against a person or property, a controlled substance offense, or a weapon offense. Properly scoring PRV 5 at 5 points for Petitioner's one prior qualifying misdemeanor would have reduced Petitioner's mandatory minimum sentencing

9

guidelines range. Yet neither trial nor appellate counsel raised the issue of the misscoring of PRV 5. *See* Memorandum of Law in Support.

## RELIEF REQUESTED

WHEREFORE, for the foregoing reasons, Petitioner Lafayette Deshawn Upshaw asks this Honorable Court to GRANT the writ of habeas corpus, grant an evidentiary hearing on Petitioner's claims, and grant such other and further relief as justice may require.

        Respectfully submitted,

        LAW OFFICES OF DAVID L. MOFFITT
        & ASSOCIATES, PLLC

        /s/David L. Moffitt
        _____/
        By: David L. Moffitt (P30716)
        30800 Telegraph Rd., Ste. 1705
        Bingham Farms, MI 48025
        248.644.0880
        dlmoffittassoc@ameritech.net
        Attorney for Petitioner
        Lafayette Deshawn Upshaw

Dated: September 18, 2020

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that on September 18, 2020, he electronically filed the foregoing instrument with the Clerk of the Court using the ECF system, which will send notification of such filing to the ECF participants.

/s/David L. Moffitt
_____/
By: David L. Moffitt (P30716)