# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DARRELL MILES WALKER,

      Defendant-Appellant.

UNPUBLISHED
May 19, 2016

No.  324672
Wayne Circuit Court
LC No.  14-006199-FC

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

LAFAYETTE DESHAWN UPSHAW,

      Defendant-Appellant.

No.  325195
Wayne Circuit Court
LC No.  14-006199-FC

---

Before:  MURPHY, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

In Docket No. 324672, defendant Darrell Miles Walker appeals as of right his jury trial conviction of armed robbery, MCL 750.529.  The trial court sentenced Walker as a fourth habitual offender, MCL 769.12, to 25 to 50 years' imprisonment for the conviction.  In Docket No. 325195, defendant Lafayette Deshawn Upshaw appeals as of right his jury trial convictions of armed robbery, carrying a dangerous weapon with unlawful intent, MCL 750.226, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.  The trial court sentenced Upshaw to 18 to 40 years' imprisonment for the armed robbery conviction, 1 to 5 years' imprisonment for the dangerous weapon conviction, and 2 years' imprisonment for the felony-firearm conviction.  We affirm.

## I.  FACTS

This case stems from the armed robbery of a gas station.  In that business establishment, the cashier's work station was enclosed by a wall that had bullet proof glass built into it and a door, which the cashier could utilize to access the customer area of the gas station.  Walker

entered the gas station around 3:30 a.m. on May 28, 2014, and asked the cashier for help locating the coffee machine.  The cashier testified that Walker was behaving strangely and that he did not go straight to the coffee machine when she pointed to its location; instead, Walker circled around some coolers and then made his way to the coffee machine.  According to the cashier, Walker then just stood at the coffee machine, so the cashier opened her access door, stepped out into the customer area, and asked Walker if he needed assistance.  Walker stood there silently, and the cashier explained to him how to use the coffee machine.  She then went back to her work station, closing and locking the access door behind her.

The cashier testified that two women were also in the gas station at the time and that one of them came up to the counter, as Walker remained at the coffee machine.  The cashier next heard a man's voice demanding money.  The man, later identified as Upshaw, robbed the female customer, who proceeded to run and hide behind some shelving.  Upshaw then turned his attention to the cashier, yelling at her to give him the money from the cash register, but she did not comply.  During the next few moments, Upshaw discharged his firearm six times in the direction of the cashier and the enclosure and tried to knock and kick open the access door.  The cashier was shielded by the bullet proof glass, and Upshaw was unsuccessful in his attempt to break into the cashier's work station.  The cashier noticed that during this intense altercation, Walker remained standing at the coffee machine.  She further observed that when Upshaw pointed his gun in Walker's general direction, Walker did not run.  The cashier testified that Walker shouted at her to open the access door, indicating that the cashier should do so in order to simply end the situation and get Upshaw out of the gas station.  The cashier, however, stood her ground and did not comply.  Upshaw gave up and ran out of the gas station.  Walker then ran up to the counter, told the cashier that she needed to call the police, and then fled in the same direction as the shooter.

A few hours later, Walker and Upshaw were arrested in the process of committing a home invasion at a residence in Detroit.  The pair were caught as they exited separate windows of the house.  Walker and Upshaw had attempted to steal several items of jewelry.  The cashier later identified both Walker and Upshaw in separate photographic lineups, indicating that Walker had been the man standing at the coffee machine and that Upshaw had been the person who brandished and discharged the firearm in the gas station.  The gas station's surveillance cameras produced footage of the armed robbery, which was displayed to the jury.  Defendants were charged with the armed robbery and related crimes, but were not charged in these proceedings with the home invasion offense.  Evidence of defendants' participation in the home invasion, however, was presented at trial.  At the trial, Walker's defense was that he had merely been present at the gas station during the armed robbery and thus was not guilty as an aider and abettor, while Upshaw's defense challenged the evidence placing him at the gas station during the armed robbery.

## I.  DOCKET NO. 324672

On appeal, Walker first argues that the evidence was insufficient to support his armed robbery conviction on an aiding and abetting theory, given that he was merely present at the gas station when the robbery occurred.  Because we find the issues interrelated, we will also address, in the context of the sufficiency argument, Walker's second argument on appeal, which is that the trial court erred under MRE 401-403 by failing to exclude evidence of Walker's participation in the home invasion.

We review de novo the issue regarding whether there was sufficient evidence to sustain a conviction. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). In reviewing the sufficiency of the evidence, this Court must view the evidence – whether direct or circumstantial – in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). The prosecution need not negate every reasonable theory of innocence, but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). We resolve all conflicts in the evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

"Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense." MCL 767.39. "The phrase 'aids or abets' is used to describe any type of assistance given to the perpetrator of a crime by words or deeds that are intended to encourage, support, or incite the commission of that crime." *People v Moore*, 470 Mich 56, 63; 679 NW2d 41 (2004) (citation omitted). To show that a defendant engaged in aiding or abetting the commission of a crime, the prosecution must establish the following elements:

> "(1) the crime charged was committed by the defendant or some other person, (2) the defendant performed acts or gave encouragement that assisted the commission of the crime, and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement." [*Carines*, 460 Mich at 757 (citation omitted); see also *People v Robinson*, 475 Mich 1, 6; 715 NW2d 44 (2006).]

However, "[m]ere presence, even with knowledge that an offense is about to be committed or is being committed, is not enough to make a person an aider or abettor; nor is mere mental approval, passive acquiescence or consent sufficient." *People v Turner*, 125 Mich App 8, 11; 336 NW2d 217 (1983); see also *People v Norris*, 236 Mich App 411, 419-420; 600 NW2d 658 (1999).

In the instant case, the evidence was sufficient to show that Walker was not merely present in the gas station at the time of the armed robbery but that he aided or abetted in the robbery. Walker's odd behavior in the gas station before and during the robbery, described above, his lack of a normal reaction to the robbery, his attempt to convince the cashier to open the access door, and his quick departure upon Upshaw's exit from the gas station, all suggested that Walker played a role in the armed robbery and was not merely present at the scene. The evidence that removes any lingering doubt on the issue is Walker and Upshaw's joint participation in the home invasion a few short hours later. This evidence revealed that a relationship existed between the two men, rendering any conduct by Walker at the gas station

that arguably may have outwardly appeared innocent, damning and inculpatory. Taking into consideration the evidence of Walker's conduct at the gas station in conjunction with the home invasion evidence, there existed sufficient circumstantial evidence that Walker encouraged, supported, and assisted in the armed robbery, i.e., that he aided and abetted Upshaw in the robbery. Reasonable inferences arising from the evidence include that Walker was "casing" or surveilling the gas station, that he was attempting to distract the cashier, that his conduct had been designed to lure the cashier from her work station and open the access door, which did briefly occur, that he was there to help contain or address any unexpected interference with the robbery, and/or that he was there to assist in completion of the robbery if Upshaw needed assistance. Indeed, Walker's attempt to convince the cashier to open the access door, in and of itself, was evidence of him providing aid and assistance to Upshaw, as had Walker been successful in essentially tricking the cashier into opening the door, Upshaw in all likelihood would have been able to empty the cash register. In sum, the evidence, when viewed in a light most favorable to the prosecution, with all conflicting evidence being resolved in favor of the prosecution, was more than sufficient to support Walker's conviction for armed robbery under an aiding and abetting theory.[1]

Next, in light of the importance of the evidence of the home invasion in showing a relationship between Walker and Upshaw, said evidence was relevant, as it made it more probable that Walker had aided and abetted Upshaw relative to the armed robbery – a disputed fact that was of consequence to the determination of the armed robbery charge. MRE 401. Moreover, the probative value of the home invasion evidence, which was high, was not substantially outweighed by the danger of unfair prejudice. MRE 403.[2] Accordingly, the evidence concerning the home invasion was admissible. MRE 402. We note that Walker does not argue that MRE 404(b) barred admission of the evidence and that, had he made the argument, it would fail, because the evidence was not admitted to show Walker's character or his propensity to engage in criminal activity. *People v Jackson*, 498 Mich 246, 258-259; 869 NW2d

---

[1] In a brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4, defendant also presents a sufficiency argument regarding the armed robbery conviction, effectively raising the same issues that we have just rejected. Defendant further maintains that counsel was ineffective for failing to move for a directed verdict on the armed robbery charge because of the insufficiency of the evidence; however, counsel is not ineffective for failing to raise a meritless or futile motion. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

[2] Although all relevant evidence is prejudicial to some extent, *People v Murphy (On Remand)*, 282 Mich App 571, 582-583; 766 NW2d 303 (2009), evidence may be considered unfairly prejudicial only if the evidence injects "considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *People v Pickens*, 446 Mich 298, 337; 521 NW2d 797 (1994) (citation and quotation marks omitted). Unfair prejudice exists when there is a probability that the evidence, which is minimally damaging in logic, will be weighed by the jurors substantially out of proportion to its logically damaging effect, or when it would be inequitable to allow the prosecution to utilize the evidence. *Murphy*, 282 Mich App at 583. Here, there is no indication that the evidence injected considerations extraneous to the merits of the case, or that the jury gave it undue or preemptive weight.

253 (2015). Rather, the home invasion evidence was introduced for the proper purpose of showing the existence of a connection or relationship between Walker and Upshaw.[3] The trial court did not abuse its discretion or otherwise err in admitting the evidence of the home invasion. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999).

Walker finally contends, in his standard 4 brief, that the trial court deprived him of a fair trial by failing to properly instruct the jury on prior inconsistent statements used to impeach witnesses. The trial court rejected Walker's request to instruct the jury pursuant to M Crim JI 4.5, which addresses prior inconsistent statements made by witnesses and directs jurors to only consider such statements with respect to deciding whether a witness testified truthfully in court and not as substantive evidence. On appeal, defendant fails to actually identify any prior inconsistent statements made by the cashier or any other witness used for impeachment, nor can we locate any. The trial court is not required to give a requested instruction when it is unsupported by the evidence or record. *People v Mills*, 450 Mich 61, 81; 537 NW2d 909 (1995). Accordingly, the trial court did not abuse its discretion in determining that the omitted instruction concerning prior inconsistent statements was inapplicable to the facts of the case. *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006).

## III. DOCKET NO. 325195

Upshaw first argues that the trial court abused its discretion in granting the prosecutor's motion to endorse a key witness – the owner of the house involved in the home invasion – on the second day of trial over Upshaw's objection. Assuming that the prosecutor lacked good cause to add the witness at such a late date, MCL 767.40a(4), and that the trial court abused its discretion in allowing the late endorsement and the home owner to testify, Upshaw has not demonstrated that the court's ruling resulted in any prejudice, *People v Callon*, 256 Mich App 312, 328; 662 NW2d 501 (2003). Upshaw has failed to meet that burden, presenting only a vague argument that he was "deprived of a fair trial and denied the opportunity to develop an adequate defense." The home owner briefly testified about the condition of her house as damaged by the intruders and the items taken in the home invasion, indicating that defendants did not have her permission to enter the house. Prior to her testimony, two police officers who responded to the home invasion testified about observing a broken window, apprehending Walker and Upshaw after they climbed out of or leaped from windows, and finding jewelry on Walker, which evidence plainly revealed that a home invasion had occurred. The home owner's testimony added little

---

[3] In *People v Mardlin*, 487 Mich 609, 615-616; 790 NW2d 607 (2010), the Michigan Supreme Court stated:

> Evidence relevant to a noncharacter purpose is *admissible* under MRE 404(b) *even if* it also reflects on a defendant's character. Evidence is *inadmissible* under this rule *only* if it is relevant *solely* to the defendant's character or criminal propensity. Stated another way, the rule is not exclusionary, but is inclusionary, because it provides a nonexhaustive list of reasons to properly admit evidence that may nonetheless also give rise to an inference about the defendant's character. [Citations omitted.]

-5-

and certainly did not prejudice Upshaw in light of the untainted and unchallenged police testimony about the home invasion.

Upshaw next contends that he was denied a fair trial when the trial court allowed the admission of testimony that Upshaw had refused to participate in a live lineup.  We first hold that Upshaw's refusal to participate in the lineup did not implicate his Fifth Amendment privilege against self-incrimination.  *United States v Wade*, 388 US 218, 222-223; 87 S Ct 1926; 18 L Ed 2d 1149 (1967); *People v Benson*, 180 Mich App 433, 437; 447 NW2d 755 (1989), rev'd in part on other grounds 434 Mich 903 (1990).  In *Wade*, 388 US at 222-223, the United States Supreme Court observed:

> We have no doubt that compelling the accused merely to exhibit his person for observation by a prosecution witness prior to trial involves no compulsion of the accused to give evidence having testimonial significance. It is compulsion of the accused to exhibit his physical characteristics, not compulsion to disclose any knowledge he might have. It is no different from compelling . . . a blood sample or [a defendant] to wear the blouse, and, as in those instances, is not within the cover of the privilege. Similarly, compelling Wade to speak within hearing distance of the witnesses, even to utter words purportedly uttered by the robber, was not compulsion to utter statements of a "testimonial" nature; he was required to use his voice as an identifying physical characteristic, not to speak his guilt. We [have] held . . . that the distinction to be drawn under the Fifth Amendment privilege against self-incrimination is one between an accused's "communications" in whatever form, vocal or physical, and compulsion which makes a suspect or accused the source of real or physical evidence. We recognized that both federal and state courts have usually held that . . . the privilege[] offers no protection against compulsion to submit to fingerprinting, photography, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture. None of these activities becomes testimonial within the scope of the privilege because required of the accused in a pretrial lineup.  [Citations, quotation marks, and ellipsis omitted.]

Upshaw, however, maintains that the evidence was irrelevant and unduly prejudicial.  We find Upshaw's reliance on drunk driving cases inapposite, considering that statutory language played a role in those decisions.  See, e.g., *People v Reeder*, 370 Mich 378; 121 NW2d 840 (1963); *People v Duke*, 136 Mich App 798; 357 NW2d 775 (1984); MCL 257.625a(9).  We tend to believe that evidence of a refusal to participate in a lineup is akin to evidence of flight from a crime scene, which is admissible to support an inference of consciousness of guilt.  See *People v Goodin*, 257 Mich App 425, 432; 668 NW2d 392 (2003) (addressing flight); see also *United States v Ashburn*, 76 F Supp 3d 401, 445 (ED NY, 2014); *People v Alexander*, 49 Cal 4th 846, 924-925; 113 Cal Rptr 3d 190; 235 P2d 873 (2010) (evidence that the defendant refused to participate in a lineup was admissible to show his consciousness of guilt).  Regardless, we agree with the prosecution that, assuming error, Upshaw has not established prejudice, where the cashier identified him in a photographic array, where the jury observed video surveillance footage of the robbery, and where Upshaw was caught with Walker a few hours later during the home invasion.  MCL 769.26; *Lukity*, 460 Mich at 495.

Next, Upshaw contends that he was deprived of his Sixth Amendment right to the effective assistance of counsel, where counsel failed to investigate potential alibi witnesses and failed to file the required notice of intent to present an alibi defense, MCL 768.20.[4]   At trial, Upshaw called to the stand the manager of a restaurant where Upshaw was employed at the time of the robbery, and the manager testified that he drove Upshaw home at the end of his shift, dropping him off about 15 minutes before the robbery was committed.   The manager, however, did not know Upshaw's whereabouts at the exact time of the robbery.   On appeal, Upshaw argues that he remained home after being dropped off by the manager and that his aunt, grandmother, and girlfriend were also present at the home at the time.   Upshaw attached his own affidavit to his appellate brief in an attempt to support his contention, merely implying that these three individuals could have provided him an alibi defense.   However, Upshaw did not attach any affidavits from his aunt, grandmother, or girlfriend attesting to the claims, nor is there anything in the lower court record pertaining to alibis given by these individuals.   In a second motion to remand filed with this Court, Upshaw had attached a document purportedly signed by his aunt, which did not meet the requirements of an affidavit, MCR 2.119(B), but his aunt merely asserted, "I was a alibi witness to some events that happened on May."   This nonsensical statement did not provide an alibi.   Upshaw had further attached a document purportedly signed by his grandmother, which also did not meet the requirements of an affidavit, MCR 2.119(B),

---

[4] Whether counsel was ineffective presents a mixed question of fact and constitutional law, which we review, respectively, for clear error and de novo.  *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).   In *People v Carbin,* 463 Mich 590, 599-600; 623 NW2d 884 (2001), our Supreme Court, addressing the basic principles governing a claim of ineffective assistance of counsel, stated:

> To justify reversal under either the federal or state constitutions, a convicted defendant must satisfy the two-part test articulated by the United States Supreme Court in *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). See *People v Pickens,* 446 Mich 298, 302-303; 521 NW2d 797 (1994). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not performing as the 'counsel' guaranteed by the Sixth Amendment." *Strickland, supra* at 687. In so doing, the defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. *Id.* at 690. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim. See *People v Hoag,* 460 Mich 1, 6; 594 NW2d 57 (1999).

An attorney's performance is deficient if the representation falls below an objective standard of reasonableness.  *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000).

and his grandmother asserted that Upshaw had arrived home around the same time as claimed by Upshaw's manager or a few minutes later.  The document implied or suggested that Upshaw remained at the home for several hours, but it did not expressly provide so, nor did his grandmother state that she observed him at the exact time of the robbery.  Assuming that it is even proper to consider these flawed documents, Upshaw has simply failed to show that counsel's performance fell below an objective standard of reasonableness relative to alibi witnesses and a notice of alibi, and he has not established the requisite prejudice.

Upshaw next contends that the trial court abused its discretion when it denied his request for an adjournment to accommodate his newly-retained attorney.  This argument is premised on the claimed need for time so that new counsel could have investigated and properly presented an alibi defense.  Given our previous discussion, the alibi claims are unavailing.  Upshaw has not shown that good cause existed as was necessary to grant a continuance or adjournment, and the trial court did not abuse its discretion in denying the adjournment request.  *People v Coy*, 258 Mich App 1, 17-18; 669 NW2d 831 (2003).

Upshaw additionally argues that the prosecutor improperly exercised peremptory challenges, dismissing African-American members of the jury pool in violation of *Batson v Kentucky*, 476 US 79; 106 S Ct 1712; 90 L Ed 2d 69 (1986).  "Under the Equal Protection Clause of the Fourteenth Amendment, a party may not exercise a peremptory challenge to remove a prospective juror solely on the basis of the person's race."  *People v Knight*, 473 Mich 324, 335-336; 701 NW2d 715 (2005) (citations omitted).  Our Supreme Court in *Knight* stated that *Batson* "announced a three-step process for determining the constitutional propriety of a peremptory challenge."  *Knight*, 473 Mich at 336.  "First, the opponent of the peremptory challenge must make a prima facie showing of discrimination."  *Id.*  With respect to this first step, we review for clear error any underlying factual findings, while related questions of law are subject to de novo review.  *Id.* at 343.  "Second, if the trial court determines that a prima facie showing has been made, the burden shifts to the proponent of the peremptory challenge to articulate a race-neutral explanation for the strike."  *Id.* at 337.  "[T]he de novo standard governs appellate review of . . . [this] second step."  *Id.* at 344.  "Finally, if the proponent provides a race-neutral explanation as a matter of law, the trial court must then determine whether the race-neutral explanation is a pretext and whether the opponent of the challenge has proved purposeful discrimination."  *Id.* at 337-338.  "[T]he clear error standard governs appellate review of a trial court's resolution of . . . [this] third step."  *Id.* at 345.

In the instant case, after the prosecutor exercised multiple peremptory challenges, Upshaw's attorney informed the trial court that he had a motion to make.  The trial court excused the veniremembers and those remaining in the jury pool.  Upshaw's counsel then presented a *Batson* challenge, arguing that six of the eight peremptory challenges exercised by the prosecutor pertained to African-Americans; both defendants are African-American.  Walker's attorney indicated that he would join in the motion.  Other than noting the number of peremptory challenges exercised by the prosecutor and the race of those excused veniremembers, the defense attorneys did not provide any additional argument in support of making a prima facie case of discrimination.  The trial court, failing to indicate whether defendants had made the required prima facie showing of discrimination, asked the prosecutor whether she had any response as to why the African-American veniremembers were excused.  The prosecutor then provided race-neutral explanations for the strikes in regard to four of the African-American veniremembers.  Before the prosecutor could continue with her explanations concerning the remaining two

-8-

African-American veniremembers, the trial court interjected, asking Upshaw's counsel whether he had any response. Upshaw's attorney then began addressing and challenging the race-neutral explanation given by the prosecutor in regard to one of the stricken veniremembers. The trial court quickly chimed in, "Yes, but are you saying that's a pretext to get her off the jury because she's black?" Upshaw's counsel replied in the affirmative, at which point the trial court queried, "Anything else?" Upshaw's attorney replied, "No, your Honor." Walker's attorney also indicated that he had nothing to add.

Next, the trial court ruled:

> Well, the [p]rosecutor has given some explanation other than race being challenged. I don't think the *Batson* motion can be sustained. I don't have any further comments on whether it's good or bad. . . . .

After some further discussion on the matter, Upshaw's attorney began challenging the race-neutral explanation given by the prosecutor regarding another veniremember, but the trial court interrupted, making clear that it had denied the *Batson* motion.

In *Knight*, 473 Mich at 339, our Supreme Court counseled the bench with respect to *Batson* challenges, stating that "trial courts must meticulously follow *Batson*'s three-step test, and we *strongly* urge our courts to *clearly* articulate their findings and conclusions on the record." The Court further noted that "[w]hen a trial court methodically adheres to *Batson*'s three-step test and clearly articulates its findings on the record, issues concerning what the trial court has ruled are significantly ameliorated." *Id.* at 338-339. Here, unfortunately, the trial court failed to adhere to the directive announced by the *Knight* Court a decade earlier.

With respect to the first step, i.e., whether defendants made a prima facie showing of discrimination, actual proof of discrimination is not required. *Id.* at 336. And, given that there is no dispute that the veniremembers at issue in this case were members of a cognizable racial group and that peremptory challenges were exercised to exclude them from the jury, the question in regard to step one becomes whether all of the relevant circumstances raised *an inference* that the prosecutor struck the excluded veniremembers on the basis of race. *Id.* The trial court's statements on the bench failed to expressly indicate whether it found that defendants had made a prima facie case of discrimination. Although such a finding might be implied because the court asked the prosecutor to articulate explanations for why veniremembers were stricken, the court's ruling is ultimately unclear and muddled on the matter. We cannot conclude, on the existing record, that defendants made a prima facie showing or case of racial discrimination. While not binding precedent, we find persuasive the following discussion by the United States Court of Appeals for the Eleventh Circuit in *United States v Ochoa-Vasquez*, 428 F3d 1015, 1044 (CA 11, 2005):

> In order to determine whether a *Batson* objector . . . has established a prima facie case of discrimination, courts must consider all relevant circumstances. This Court has cautioned that the mere fact of striking a juror or a set of jurors of a particular race does not necessarily create an inference of racial discrimination. While statistical evidence may support an inference of discrimination, it can do so only when placed in context. For example, the number of persons struck takes on meaning *only* when coupled with other information

such as the racial composition of the venire, the race of others struck, or the voir dire answers of those who were struck compared to the answers of those who were not struck. . . . . [Citations and quotation marks omitted.]

The Eleventh Circuit observed that pertinent circumstances to consider include the racial composition of remaining potential jurors, "the percentage of jurors of a particular race or ethnicity struck and the percentage of their representation on the venire," whether members of the relevant racial group served unchallenged on the jury, and whether the prosecutor used all or nearly all of his or her challenges to strike veniremembers of a particular race. *Id.* at 1044-1045. Here, the only argument posed by defense counsel during voir dire was that six of eight peremptory challenges exercised by the prosecutor concerned veniremembers of the same race as defendants. Neither Walker nor Upshaw's attorney made a record regarding any other surrounding circumstance, such as those alluded to in *Ochoa-Vasquez*, nor are we able to discern from the existing record whether additional relevant facts or circumstances were present, e.g., information regarding the percentage of African-American jurors on the venire. Assuming that the trial court found that defendants had made a prima facie case of discrimination, it erred in that part of its analysis. Absent a prima facie showing of discrimination, the remaining two steps in the *Batson* analysis are rendered moot.[5]  Reversal is unwarranted.

Finally, Upshaw maintains that the trial court erred when it assessed offense variable (OV) 14, MCL 777.44, at 10 points, which is the proper score when "[t]he offender was a leader in a multiple offender situation," MCL 777.44(1)(a). The trial court assessed 10 points because "[t]he proofs showed that Mr. Upshaw entered the gas station and began firing multiple shots." Upshaw argues that this evidence did not support the conclusion that he was the leader, as between himself and Walker. Although Upshaw alludes to our Supreme Court's ruling in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), he ultimately does not contend that he is entitled to a *Crosby* remand[6] under *Lockridge*. With respect to OV 14, in *People v Rhodes (On Remand)*, 305 Mich App 85, 90; 849 NW2d 417 (2014), the trial court relied on the fact that the defendant had the gun and not the codefendant in assessing 10 points, and this Court reversed, ruling:

> The Legislature did not define by statute what constitutes a leader for the purposes of OV 14. We have not found any binding caselaw defining "leader" in this context. Consequently, we turn to the dictionary. According to *Random House Webster's College Dictionary* (2001), a "leader" is defined in relevant part as "a person or thing that leads" or "a guiding or directing head, as of an army or political group." To "lead" is defined in relevant part as, in general, guiding, preceding, showing the way, directing, or conducting. The evidence unequivocally supports the trial court's factual determination that defendant

---

[5] That said, we do note that the prosecutor provided race-neutral explanations with respect to four of the struck African-American veniremembers before being cut off by the trial court, and the defense attorneys only spoke in regard to one or two of those veniremembers for purposes of claiming pretext.

[6] This is a reference to *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

possessed a gun and the only other person involved in the criminal transaction did not. However, the evidence does not show that defendant acted first, gave any directions or orders to [the codefendant], displayed any greater amount of initiative beyond employing a more dangerous instrumentality of harm, played a precipitating role in [the codefendant's] participation in the criminal transaction, or was otherwise a primary causal or coordinating agent.

We remain of the opinion that defendant's exclusive possession of a gun during the criminal transaction is *some* evidence of leadership, however it does not meet the preponderance of the evidence standard . . . . [Citation omitted.]

The instant case can be distinguished from *Rhodes*. Here, Upshaw not only possessed a gun, he repeatedly and violently discharged the weapon. Further, while Walker may have been surveilling the gas station, it was Upshaw who ultimately acted first with respect to actually perpetrating and committing the armed robbery. Also, it was Upshaw who made demands of and robbed the female customer, it was Upshaw who ordered the cashier to give him the money from the cash register, and it was Upshaw who attempted to kick or break down the access door, all while Walker, for the most part, sat back and observed from a distance. And, Walker followed Upshaw out of the gas station after the partially foiled robbery, as opposed to taking any independent steps upon Upshaw's departure to somehow complete the crime. For purposes of actually carrying out the robbery, Upshaw outwardly displayed the greater amount of initiative. Although there are unknowns regarding the nature of the relationship between the two defendants, we cannot conclude on the basis of the evidence and reasonable inferences arising therefrom that the trial court clearly erred in finding by a preponderance of the evidence that Upshaw was the leader with respect to the armed robbery. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

Affirmed.

/s/ William B. Murphy
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause

# Court of Appeals, State of Michigan

## ORDER

**People of MI v Darrell Miles Walker; People of MI v Lafayette Deshawn Upshaw**

Docket No.    **324672; 325195**

LC No.    **14-006199-02-FC; 14-006199-01-FC**

---

Michael J. Talbot, Chief Judge, acting under MCR 7.211(E)(2), orders:

These appeals are CONSOLIDATED to advance the efficient administration of the appellate process.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

**JAN 2 3 2015**
_____
Date

_____
Chief Clerk

# Court of Appeals, State of Michigan

## ORDER

People of MI v Lafayette Deshawn Upshaw

Docket No.      325195

LC No.          14-006199-01-FC

Cynthia Diane Stephens
Presiding Judge

Kirsten Frank Kelly

Karen M. Fort Hood
Judges

The Court orders that the motion to remand pursuant to MCR 7.211(C)(1) is DENIED. Defendant-appellant has not demonstrated that further factual development of the record or an initial ruling by the trial court is necessary at this time in order for this Court to review the issues on appeal.

Stephens, P.J., would grant the motion to remand.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

March 23, 2016
Date

Chief Clerk

**STATE OF MICHIGAN**
**IN THE COURT OF APPEALS**

**PEOPLE OF THE STATE OF MICHIGAN,**                    **Court of Appeals: 325195**

                             **Plaintiff-Appellee,**

                                         **Circuit Court**
**v.**                    **No.  14-006199-01-FC**

**LAFAYETTE DESHAWN UPSHAW,**

                             **Defendant-Appellant.**
_____/

<u>**MOTION TO REMAND**</u>

NOW COMES Lafayette Upshaw, by and through his attorney, Neil Leithauser, and moves this Honorable Court for an order remanding to the trial court to allow for the filing of a motion for new trial and *Ginther*-hearing [*People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973)] on the issue of ineffective assistance of counsel, and saying in support:

    1.  Defendant-Appellant's brief on appeal was filed April 6, 2015, by predecessor appellate counsel.

    2.  Prior counsel raised an issue of the ineffective assistance of trial counsel – alleging counsel failed to investigate and present an alibi defense -- in the initial brief on appeal, and also moved for remand for an evidentiary hearing pursuant to *Ginther*, *supra*.  Attached to the motion were two affidavits, one from Mr. Upshaw and one from the codefendant however, counsel did not have at that time affidavits from the alibi witnesses, nor was there an affidavit averring that trial counsel knew of the potential alibi defense prior to trial.

    3.  Two of the proposed alibi witnesses, Crystal Holloway and JoAnn Green, on their own,

RECEIVED by MCOA 1/26/2016 1:27:02 PM

1

sent affidavits to this Court while the motion to remand was pending.  However, the affidavits were not part of the record for the Court to consider and the Court subsequently, on May 6, 2015, denied the motion to remand.

**OFFER OF PROOF**

4.  Mr. Upshaw has executed an affidavit, dated December 9, 2015 (a copy of which is attached as Appendix A), wherein he avers that on May 28, 2014, from about 3:20 A.M. to 3:30 A.M. he was at a home at 6390 Colfax in Detroit, and at no time was at the scene of the robbery, 1920 W. Fisher Service drive in Detroit.  Also, he avers trial counsel knew of the alibi witnesses and defense prior to trial.

5.  Ms. Holloway, Mr. Upshaw's aunt, and Ms. Green, Mr. Upshaw's grandmother (whose affidavits are attached as Appendix B and Appendix C, respectively), each would testify that at the aforementioned time Mr. Upshaw was at the house on Colfax.

6.  Evidence at an evidentiary hearing would establish that viability of the alibi defense, trial counsel's failure to investigate the defense, counsel's failure to timely file an alibi notice, and would also show that the Colfax address is almost four miles from the scene of the crime.  Further, at trial the testimony indicated that the gunman, whom the victim identified as Mr. Upshaw, entered the gas station at 1920 W. Fisher Service Drive at 3:36 A.M. and left at 3:38 A.M.  (TT, 10/14/2014, 66-67, testimony of complaining witness Tina Williams).  The distance involved and the time described by the witness and proposed witnesses reflect the impossibility of Mr. Upshaw – who, the testimony would indicate, did not leave the Colfax location until approximately 7:30 A.M. – being the perpetrator and casting doubt – reasonable doubt – on the eyewitness testimony

RECEIVED by MCOA 1/26/2016 1:27:02 PM

of Ms. Williams.

7.  The Court has authority and the discretion pursuant to MCR 7.216(A)(3) and (5) to grant the requested remand.


WHEREFORE, the undersigned requests this Honorable Court remand for a hearing to expand the record on the issue of trial counsel's performance and for a determination of the need for a new trial based upon that issue.


/S/ NEIL LEITHAUSER

_____

NEIL J. LEITHAUSER P-33976
Attorney for Defendant-Appellant
101 W. Big Beaver Rd., 14th Flr.
Troy, MI 48084
(248) 687-1404

Dated:  January 25, 2016

RECEIVED by MCOA 1/26/2016 1:27:02 PM

3

**STATE OF MICHIGAN**

**IN THE COURT OF APPEALS**

**PEOPLE OF THE STATE OF MICHIGAN,**

                        **Plaintiff-Appellee,**

**v.**

**LAFAYETTE DESHAWN UPSHAW,**

                        **Defendant-Appellant.**

_____/

**Court of Appeals: 325195**

**Circuit Court
No. 14-006199-01-FC**

# APPENDIX A

RECEIVED by MCOA 1/26/2016 1:27:10 PM

**STATE OF MICHIGAN**
**IN THE COURT OF APPEALS**

PEOPLE OF THE STATE OF MICHIGAN,

                Plaintiff,

v.

LAFAYETTE DESHAWN UPSHAW,

                Defendant.

Court of Appeals
No. 215195

Circuit Court
No. 14--006199-01-FC

_____/

### AFFIDAVIT OF LAFAYETTE UPSHAW

Affiant avers as follows:

1. Prior to trial he informed his trial counsel of several potential witnesses, including Crystal Holloway and JoAnn Green, who both could have testified that on May 28, 2014, from about 3:20 A.M. - 3:30 A.M. affiant arrived at home at 6390 Colfax, in Detroit, and he stayed there for several hours. .

2. That on May 29, 2014, from about 3:20 A.M. – 3:30 A.M., and for several hours thereafter, affiant was at the 6390 Colfax address, and at no time that morning was he at a Mobil gas station on W. Fisher Service Drive.

3. Trial counsel had the information about the potential alibi witnesses prior to trial, but did not investigate the witnesses, did not file an alibi notice, and did not present the witnesses in the defense case.

Dated: 12-9-15 _____

_La fayette Upshaw_
Lafayette Upshaw

Subscribed and sworn to before me
This _14_ day of _December_ _____ 2015

_Barbara Finch_

My commission expires:
_10/4/2017_
Acting in Gratiot County

BARBARA FINCH
Notary Public, Saginaw County, MI
My Commission Expires 10/4/2017
Barbara Finch 12/14/15

RECEIVED by MCOA 1/26/2016 1:27:10 PM

RECEIVED by MCOA 1/26/2016 1:27:10 PM

STATE OF MICHIGAN

IN THE COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

                Plaintiff-Appellee,

v.

LAFAYETTE DESHAWN UPSHAW,

                Defendant-Appellant.

_____/

Court of Appeals: 325195

Circuit Court
No.  14-006199-01-FC

# APPENDIX B

RECEIVED by MCOA 1/26/2016 1:27:10 PM

To Whom it may concern

My Name is Crystal Holloway. I am writing this letter in a plea for my nephew Upshaw. I was a alibi witness to some events that happened on May   . His lawyer knew about me being a witness but he choose not to call on me to give my testimony. That is why I am writing this letter in hopes that he will be granted a new trial in which he will be able to have his witness called to the stand to testify on his behalf.

Crystal Holloway

TYRAH MCDUFFY
Notary Public, State of Michigan
County of Wayne
My Commission Expires Mar. 26, 2021
Acting in the County of Wayne

Tyrah McDuffy   2-15-15

RECEIVED by MCOA 1/28/2015 1:37:19 PM

STATE OF MICHIGAN

IN THE COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v.

LAFAYETTE DESHAWN UPSHAW,

Defendant-Appellant.

_____/

Court of Appeals: 325195

Circuit Court
No.  14-006199-01-FC

# APPENDIX C

RECEIVED by MCOA 1/26/2016 1:27:10 PM

323195

11-30-14

To whom it may concern; my name is JoAnn Green, I'm 65 yr of age, I lived at 6390 Colfax, Detroit Mich, with my children and grandson. I'm the grandmother of Lafayette Shawn Upshaw Jr. On the 28th of May 2014 he was arrested, and beat by Detroit police (he was taken to the hospital and charged with a crime. His mother (my 2nd oldest daughter) had to get him a lawyer (Mr Page) I'd talked to him once, then he end up with another lawyer, this lawyer I talk to over the phone, I thought he would call me as a witness, because I know Shawn as I call him could not have been anywhere else, because at between 3:20 and 3:30 he was getting blessed out by me he'd woke me again. I'd been watching one of my programs and fell asleep I woke up from the knock on the door look at the TV set the time on the cable box that's why I know he couldn't be in too places at a time I was mad after seeing what time it was and I let (Shawn) Lafayette Upshaw know to, later when he left at around 7:45 I was still upset, sitting on my front pouch Didn't want a kiss or to say love you.

JoAnn Green 11-30-14

TYRAN McDUFFY
Notary Public, State of Michigan
County of Wayne
My Commission Expires Mar. 26, 2021
Acting in the County of Wayne

11-30-14

RECEIVED by MCCA 1/26/2016 11:31:10 PM

**STATE OF MICHIGAN**
**COURT OF APPEALS**

# Bundle Cover Sheet

| Lower Court: | | L Ct No.: | COA No.: |
|---|---|---|---|
| WAYNE CIRCUIT COURT | | 14-006199-FC | 325195 |
| **Case Title:** | | | |
| PEOPLE OF MI V LAFAYETTE DESHAWN UPSHAW | | | |
| **Priority:** | | | |
| NONE | | | |

## *Filer Information*

| Filer | Attorney |
|---|---|
| Neil Leithauser | Neil Leithauser, P-33976 |
| 101 W. Big Beaver Rd., 14th Floor | 101 W. Big Beaver Rd., 14th Floor |
| Troy, MI 48084 | Troy, MI 48084 |
| 248-687-1404 | 248-687-1404 |
| | nleithauserattorney@comcast.net |

## *Filing Summary*

| Type | Description | Fee |
|---|---|---|
| MOTION - REGULAR | Motion for Leave to File Supplemental Brief | $100.00 |
| OTHER | Supplemental Brief | $0.00 |
| ATTACHMENT | Appendix to Supplemental Brief | $0.00 |
| PRESENTENCE INVESTIGATION | Presentence Invstigation Report | $0.00 |
| MOTION - REGULAR | Motion to Remand | $100.00 |
| ATTACHMENT | Appendices to Motion | $0.00 |
| | **Total:** | **$200.00** |

Alternate Payment Reason: None

The document(s) listed above were electronically filed with the Michigan Court of Appeals.

325195-1507610

RECEIVED by MCOA 1/26/2016 1:27:00 PM

**STATE OF MICHIGAN**
MI Court of Appeals

## Proof of Service

| Case Title: | Case Number: |
|---|---|
| PEOPLE OF MI V LAFAYETTE DESHAWN UPSHAW | 325195 |

1. Title(s) of the document(s) served:

| Filing Type | Document Title |
|---|---|
| Motion - Regular | Motion for Leave to File Supplemental Brief |
| Other | Supplemental Brief |
| Attachment | Appendix to Supplemental Brief |
| Presentence Investigation Report (PSIR) | Presentence Invstigation Report |
| Motion - Regular | Motion to Remand |
| Attachment | Appendices to Motion |

2. On 1-26-2016, I served the document(s) described above on:

| Recipient | Address | Type |
|---|---|---|
| Monica Smith<br>Wayne County Prosecutor's Office | msmith@waynecounty.com | e-Service |
| Neil Leithauser<br>Neil Leithauser<br>P-33976 | nleithauserattorney@comcast.net | e-Service |
| Valerie Steer<br>Wayne County Prosecutor's Office<br>P38489 | vsteer@waynecounty.com | e-Service |
| WCPO Appeals<br>Wayne County Prosecutor's Office | WCPAAppeals@waynecounty.com | e-Service |

This proof of service was automatically created, submitted and signed on my behalf through my agreements with TrueFiling and its contents are true to the best of my information, knowledge, and belief.

1-26-2016
_____
Date

/s/ Neil Leithauser
_____
Signature

Neil Leithauser
_____

# STATE OF MICHIGAN
## IN THE COURT OF APPEALS

_____

THE PEOPLE OF THE STATE OF MICHIGAN

                       Plaintiff-Appellee,

v

LAFAYETTE DESHAWN UPSHAW,

                       Defendant-Appellant.

_____

Court of Appeals
No. 325195

Third Circuit Court No.  14-006199

_____


**ANSWER OPPOSING SECOND REMAND MOTION**


**KYM L. WORTHY**
Prosecuting Attorney
County of Wayne

**JASON W. WILLIAMS**
Chief of Research,
Training, and Appeals

**VALERIE M. STEER (P-38489)**
Assistant Prosecuting Attorney
11th Floor, 1441 St. Antoine
Detroit, MI 48226
Phone: (313) 224 - 0205

RECEIVED by MCOA 2/18/2016 12:43:54 PM

STATE OF MICHIGAN
IN THE COURT OF APPEALS

_____

THE PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

Court of Appeals

v                                                                      No. 325195

LAFAYETTE DESHAWN UPSHAW,

Defendant-Appellant.

_____

Third Circuit Court No.  14-006199

_____


**ANSWER OPPOSING
REMAND**

This Court should deny defendant's motion because his proposed  witnesses could not have made a difference in the verdict.

1.  Defendant requests a remand to the circuit court so that the trial judge can decide a motion for a new trial on the basis that his trial attorney failed to investigate potential alibi witnesses, failed to file an alibi notice, and failed to present the other alibi witnesses.

2. Defendant claims that his trial attorney's failure to present the testimony of his aunt and grandmother was both serious and prejudicial error. A failure to call witnesses can constitute ineffective assistance of counsel if it deprives defendant of a substantial defense that *would* have affected the outcome of the trial.[1]

_____

[1] *People v Daniel*, 207 Mich App 47, 58 (1994).

1

RECEIVED by MCOA 2/18/2016 12:43:54 PM

3.  In his own original affidavit defendant listed the three people that were at home when he arrived the night of the crime.  Now his aunt and grandmother have signed  affidavits purportedly in support of defendant's alibi.  His aunt's affidavit is vague and more akin to a plea of leniency than an offer of proof regarding her proposed testimony. The only substantive statement about what she witnessed was "I was a alibi witness to some events that happened on May __." This statement could not really be called an offer of proof.

4.  The affidavit by defendant's grandmother is specific and substantive but could hardly be considered the kind of testimony that was going to make a difference against the strong evidence presented at trial.   In addition, counsel did call defendant's boss who testified that he dropped off defendant at  home about 15 minutes before the robbery.  So counsel's decision not to put defendant's grandmother on the stand did not prevent defendant from presenting his alibi.

5. Effective assistance of counsel claims are reviewed to determine whether counsel's performance fell below an objective standard of reasonableness, prejudiced the defendant, and as a result, denied him a fair trial.[2]  To prevail on the prejudice prong a court must determine that there is a reasonable probability that absent the error, the fact finder would have had a reasonable doubt respecting guilt.[3]  At the very least, the likelihood of a different result must be substantial, not just conceivable.[4]

6.  The evidence against defendant was strong. The victim picked defendant out of a photo array, the jury saw video of the crime from cameras at several different angles, and

---

[2] *People v Pickens*, 446 Mich 298, 338 (1994).

[3] *Pickens,* supra, 446 Mich at 312; *People v Poole*, 218 Mich App 702, 717 (1996).

[4] *Harrington v Richter*, 562 US ___; 131 S Ct 770; 178 L Ed 2d 624 (2011).

RECEIVED by MCOA 2/18/2016 12:43:54 PM

defendant was with his co-defendant 4 ½ hours later committing a home invasion.  The co-defendant never contested his presence at the gas station during the crime.  Testimony from defendant's grandmother or aunt that they heard defendant arrive home and never heard him leave during the night was not going to change the outcome of this case.

7. No evidentiary hearing is needed because even if his grandmother's testimony was presented, defendant could not overcome the strong presumption that his trial attorney provided effective assistance of counsel.

RECEIVED by MCOA 2/18/2016 12:43:54 PM

**RELIEF**

ACCORDINGLY, the People  respectfully request this Honorable Court to deny

defendant's second motion for remand.


Respectfully submitted,


KYM L. WORTHY
Prosecuting Attorney
County of Wayne

JASON W. WILLIAMS
Chief of Research,
Training, and Appeals


/s/  *Valerie M. Steer*

**VALERIE M. STEER  (P-38489)**
Assistant Prosecuting Attorney
11th Floor, 1441 St. Antoine
Detroit, Michigan  48226
Phone: (313) 224-0205

4

RECEIVED by MCOA 2/18/2016 12:43:54 PM

**STATE OF MICHIGAN**
**COURT OF APPEALS**

## Bundle Cover Sheet

| Lower Court: WAYNE CIRCUIT COURT | L Ct No.: 14-006199-FC | COA No.: 325195 |
|---|---|---|
| **Case Title:** PEOPLE OF MI V LAFAYETTE DESHAWN UPSHAW | | |
| **Priority:** NONE | | |

| *Filer Information* | |
|---|---|
| <u>Filer</u> Monica Smith | <u>Attorney</u> Valerie Steer, P38489 |
| , MI | , MI |
| | vsteer@waynecounty.com |

| *Filing Summary* | | |
|---|---|---|
| **Type** | **Description** | **Fee** |
| ANSWER | Answer Opposing Second Remand Motion | $0.00 |
| | **Total:** | **$0.00** |

Alternate Payment Reason: None

RECEIVED by MCOA 2/18/2016 12:43:54 PM

The document(s) listed above were electronically filed with the Michigan Court of Appeals.

325195-1568836

**STATE OF MICHIGAN**
MI Court of Appeals

## Proof of Service

| Case Title: | Case Number: |
|---|---|
| PEOPLE OF MI V LAFAYETTE DESHAWN UPSHAW | 325195 |

1. Title(s) of the document(s) served:

| Filing Type | Document Title |
|---|---|
| Answer | Answer Opposing Second Remand Motion |

2. On 2-18-2016, I served the document(s) described above on:

| Recipient | Address | Type |
|---|---|---|
| Monica Smith<br>Wayne County Prosecutor's Office | msmith@waynecounty.com | e-Service |
| Neil Leithauser<br>Neil Leithauser<br>P-33976 | nleithauserattorney@comcast.net | e-Service |
| Valerie Steer<br>Wayne County Prosecutor's Office<br>P38489 | vsteer@waynecounty.com | e-Service |

This proof of service was automatically created, submitted and signed on my behalf through my agreements with TrueFiling and its contents are true to the best of my information, knowledge, and belief.

2-18-2016
_____
Date

/s/ Monica Smith
_____
Signature

Wayne County Prosecutor's Office
_____

RECEIVED by MCOA 2/18/2016 12:43:57 PM

# Court of Appeals, State of Michigan

## ORDER

People of MI v Lafayette Deshawn Upshaw

Docket No.    325195

LC No.        14-006199-01-FC

Karen M. Fort Hood
  Presiding Judge

Michael J. Talbot

Cynthia Diane Stephens
  Judges

---

The Court orders that the motion to remand pursuant to MCR 7.211(C)(1) is DENIED. Defendant-appellant has not demonstrated that further factual development of the record or an initial decision by the trial court is necessary at this time in order for this Court to review the issues on appeal.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

MAY − 6 2015
_____
Date

_____
Chief Clerk

STATE OF MICHIGAN
IN THE COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

               Plaintiff-Appellee,

v                                           Docket No. 325195

LAFAYETTE DESHAWN UPSHAW,

               Defendant-Appellant.

_____/

Wayne Circuit Court No. 2014-006169-01-FC
_____

MOTION TO REMAND FOR <u>GINTHER</u> HEARING

     Defendant-Appellant Lafayette DeShawn Upshaw, by and through her attorney, Jonathan B.D. Simon, requests that this Honorable Court remand this matter pursuant to MCR 7.211(C)(1) and states that:

     1.  On October 16, 2014, following a jury trial, Appellant was convicted of armed robbery [MCL 750.529], carrying a dangerous weapon with unlawful intent [MCL 750.239] and felony firearm [MCL 750.227b].  On November 14, 2014 he was sentenced concurrent terms of 216-480 months for count 1 and 12-60 months for count 2, consecutive to 24 months for count 3.

     2.  On December 17, 2014, a claim of appeal was filed by the trial court pursuant to Appellant's request for the appointment of counsel dated December 12, 2014.

     3.  Appellant maintains that he was denied his sixth amendment right to the effective assistance of counsel where his trial attorney failed to investigate potential alibi witnesses, and failed to file the required notice of intent to present an alibi defense and present the alibi witnesses, which would have been consistent with the defense theory at trial that appellant was misidentified as the perpetrator of the offenses.  Further, that trial counsel's omission was so serious that he was not functioning as "counsel" guaranteed by the Sixth Amendment, and his performance fell below the objective standard of reasonableness and so prejudiced the Appellant that he was denied a fair trial, and a reasonable probability exists that, but for counsel's conduct, the result of the proceeding would

RECEIVED by MCOA 4/6/2015 8:57:23 AM

have been different. <u>Strickland</u> v <u>Washington</u>, 466 US 668, 687, 694; 104 SCt 2052; 80 L Ed 2d 674 (1984). <u>People</u> v <u>Pickens</u>, 446 Mich 298 (1994). See Arguemnt III of Appellant's Brief on Appeal, filed contemporaneously herewith pursuant to MCR 7.211(C)(1).

4. Because the facts concerning counsel's breach are not of record in the trial, a remand is necessary to allow the Appellant to develop a record and to move for a new trial on that basis. <u>People</u> v <u>Ginther</u>, 390 Mich 436; <u>People</u> v <u>Tranchida</u>, 131 Mich App 446 (1984).

5. The issue should be initially decided by the trial court. The development of a factual record is required for appellate consideration of the issue. MCR 7.211(C)(1)(a). This motion is timely filed, MCR 2.711(C)(1)(a). As an offer of proof, pursuant to MCR 7.211(C)(1), Appellant and co-defendant Walker have provided affidavits attached herewith.

WHEREFORE, Defendant-Appellant Lafayette DeShawn Upshaw respectfully requests that this Honorable Court remand this case to the trial court pursuant to MCR 7.211(C)(1) so that he may move for a new trial.

Respectfully submitted,


/s/ Jonathan B.D. Simon
JONATHAN B.D. SIMON (P35596)
Attorney for Defendant-Appellant
P.O. Box 2373
Birmingham, Michigan 48012-2373
(248) 433-1980

Dated: April 6, 2015

RECEIVED by MCOA 4/6/2015 8:57:23 AM

**GENERAL AFFIDAVIT**

STATE OF _Michigan_

COUNTY OF _Wanye_

PERSONALLY came and appeared before me, the undersigned Notary, the within named _Lafayette Upshaw_, who is a resident of _Gratiot_ County, State of _Michigan_, and makes this his/her statement and General Affidavit upon oath and affirmation of belief and personal knowledge that the following matters, facts and things set forth are true and correct to the best of his/her knowledge: I, LAFAYETTE UPSHAW, SWEAR THAT ON MAY 28, 2014, AT ABOUT 3:30 A.M., A CO-WORKER DROPPED ME OFF AT MY HOME, WHERE MY AUNT (CRYSTAL HOLLOWAY) LET ME IN, AND ALONG WITH MY GRANDMOTHER (JOANN HOLLOWAY), ALONG WITH MY SIGNIFICANT OTHER (DIAMOND WOODS), ALL HEARD ME PREPARING A MEAL IN THE KITCHEN OF THE HOME BEFORE I WENT TO BED.
I WAS NEVER AT, OR NEAR THE MOBIL GAS STATION LOCATED AT 1920 WEST FISHER SERVICE DRIVE. NEITHER WAS I WITH (DARRELL-WALKER) IN THAT EARLY MORNING, UNTIL AROUND 7:30-7:45 A.M., DUE TO THE FACT I CAUGHT THE BUS TO GO HELP SOMEONE MOVE, AND SAW HIM ALONG THE BUS RIDE AND WHICH WE DID A CRIMINAL ACT ALONG THE WAY. THE INFORMATION ABOVE IS TRUE, AND ARE FACTS THAT NEED TO BE ESTABLISHED, DUE TO MY ATTORNEY LACKING ADEQUATE INFORMATION AND TIME TO PREPARE MY DEFENSE. I HAD NOTHING TO DO WITH AN ARMED ROBBERY, NOR DID I HAVE ANY KNOWLEDGE OF ONE.   (See Attachment)

DATED this the _17_ day of _February_, 20_15_.

_Lafayette Upshaw_
**Signature of Affiant**

SWORN to and subscribed before me, this the _17th_ day of _February_, 20_15_.

_D. VanDeCasteele_
**NOTARY PUBLIC**

My Commission Expires:
_3/25/19_

D. VanDeCASTEELE
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF GRATIOT
My Commission Expires March 25, 2019
Acting in the County of _GRATIOT_

RECEIVED by MCOA 4/6/2015 8:57:23 AM

## GENERAL AFFIDAVIT

STATE OF _Michigan_

COUNTY OF _Wayne_

PERSONALLY came and appeared before me, the undersigned Notary, the within named _Darrell Walker_, who is a resident of _Wayne_ County, State of _Michigan_, and makes this his/her statement and General Affidavit upon oath and affirmation of belief and personal knowledge that the following matters, facts and things set forth are true and correct to the best of his/her knowledge: I, Darrell Walker Im writing this To Make to facts Known, and They are I was never with Lafayette upshaw on The date of May 28Th 2014 around The Time That The arm robbery Occured. also I walk to That gas Station bye my self to get thing for a friend and I. Thats when some body Tried to rob The gasstation. I left because of (how scared I was) and my previan experence with The Police. Im writing This to let The Courts Know These facts which I Somlelly swear apon. This is a sworn Affidavit I repent I was never with Mr. upshaw And I left and acted The way I did be cause of The circumstanes I was face with.

DATED this the 23 day of february, 2015

_Darrell Walker_
Signature of Affiant

SWORN to and subscribed before me, this the 23 day of february, 2015.

_D Van De Casteele_
NOTARY PUBLIC

My Commission Expires:
3/25/19

D. VanDeCASTEELE
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF GRATIOT
My Commission Expires March 25, 2019
Acting in the County of ____

RECEIVED by MCOA 4/6/2015 8:57:23 AM

## S T A T E   O F   M I C H I G A N
## I N   T H E   C O U R T   O F   A P P E A L S

_____

THE PEOPLE OF THE STATE OF MICHIGAN

                    Plaintiff-Appellee,

                                             Court of Appeals

v                                                   No. 325195

LAFAYETTE DESHAWN UPSHAW,

                     Defendant-Appellant.

_____

Third Circuit Court No.  14-006199

_____

### ANSWER OPPOSING REMAND

**KYM L. WORTHY**
Prosecuting Attorney
County of Wayne

**JASON W. WILLIAMS**
Chief of Research,
Training, and Appeals

**VALERIE M. STEER (P-38489)**
Assistant Prosecuting Attorney
11th Floor, 1441 St. Antoine
Detroit, MI 48226
Phone: (313) 224 - 0205

RECEIVED by MCOA 4/15/2015 9:53:56 AM

STATE OF MICHIGAN
IN THE COURT OF APPEALS
_____

THE PEOPLE OF THE STATE OF MICHIGAN,
                                   Plaintiff-Appellee,

                                                         Court of Appeals
v                                                        No. 325195

LAFAYETTE DESHAWN UPSHAW,

                          Defendant-Appellant.
_____

Third Circuit Court No.  14-006199
 _____


**ANSWER OPPOSING
REMAND**

        This Court should deny defendant's motion because he fails to make an offer of proof that

the witnesses not called would be willing to testify for defendant or that they could corroborate his

claims.

        1.  Defendant requests a remand to the circuit court so that the trial judge can decide a motion

for a new trial on the basis that his trial attorney failed to investigate potential alibi witnesses, failed

to file an alibi notice, and failed to present the other alibi witnesses.

        2. Defendant does not specify which witnesses were willing to testify for him or what they

could have testified.  In his own affidavit he lists the people that were at home when he arrived and

heard him making a meal, but he provides only his own affidavit and that of his co-defendant.  Since

the witnesses he names are his aunt, his grandmother, and his girlfriend it seems like getting

affidavits from the witnesses would  not be a daunting task.

RECEIVED by MCOA 4/15/2015 9:53:56 AM

1

3. The court rules require defendant to support a motion to remand with an "affidavit or offer of proof regarding the facts to be established at a hearing."[1] Defendant's own affidavit only informs the court about what his own testimony would be, not the testimony of his proposed witnesses. A Ginther hearing should not be conducted without a proper offer of proof.[2]

4. In addition, defendant fails to inform this court about his communications with his attorney. If defendant failed to tell his attorney that when he arrived home at 3:30 a.m. that he woke the three other adults in the home and those adults noted the time and were willing to testify for him, counsel cannot be faulted for failing to interview and call these proposed witnesses. A failure to call witnesses can constitute ineffective assistance of counsel if it deprives defendant of a substantial defense that *would* have affected the outcome of the trial.[3] But counsel must be told about the witnesses before he can be faulted for failing to call them. At trial, counsel called defendant's boss who testified that he dropped off defendant at his home about 15 minutes before the robbery. If defendant did not tell his attorney that he also had witnesses who could verify that he did not leave home again until morning, counsel cannot be found ineffective. Defendant's affidavit fails to address when or if he told his counsel this information.

5. Thus, defendant's offer of proof fails in several important aspects and does not show a need for an evidentiary hearing.

---

[1] MCR 7.211(C)(1)(a).

[2] *People v Simmons*, 140 Mich App 681, 685-686 (1985).

[3] *People v Daniel*, 207 Mich App 47, 58 (1994).

2

RECEIVED by MCOA 4/15/2015 9:53:56 AM

**RELIEF**


ACCORDINGLY, the People respectfully request this Honorable Court to deny defendant's motion for remand.


Respectfully submitted,


KYM L. WORTHY
Prosecuting Attorney
County of Wayne

JASON W. WILLIAMS
Chief of Research,
Training, and Appeals


/s/  *Valerie M. Steer*
**VALERIE M. STEER  (P-38489)**
Assistant Prosecuting Attorney
11th Floor, 1441 St. Antoine
Detroit, Michigan  48226
Phone: (313) 224-0205

RECEIVED by MCOA 4/15/2015 9:53:56 AM

**STATE OF MICHIGAN
COURT OF APPEALS**

# Bundle Cover Sheet

| Lower Court:<br>WAYNE CIRCUIT COURT | L Ct No.:<br>14-006199-FC | COA No.:<br>325195 |
|---|---|---|
| **Case Title:**<br>PEOPLE OF MI V LAFAYETTE DESHAWN UPSHAW | | |
| **Priority:**<br>NONE | | |

|  *Filer Information* |
|---|

| Filer<br>Monica  Smith | Attorney<br>Valerie  Steer, P38489 |
|---|---|
| , MI | , MI |
| | vsteer@waynecounty.com |

|  *Filing Summary* |
|---|

| Type | Description | Fee |
|---|---|---|
| ANSWER | Answer Opposing Remand | $0.00 |
| | **Total:** | **$0.00** |

Alternate Payment Reason: None

The document(s) listed above were electronically filed with the Michigan Court of Appeals.

325195-871687

RECEIVED by MCOA 4/15/2015 9:53:56 AM

**STATE OF MICHIGAN**
MI Court of Appeals

## Proof of Service

| Case Title: | Case Number: |
|---|---|
| PEOPLE OF MI V LAFAYETTE DESHAWN UPSHAW | 325195 |

1. Title(s) of the document(s) served:

| Filing Type | Document Title |
|---|---|
| Answer | Answer Opposing Remand |

2. On 4-15-2015, I served the document(s) described above on:

| Recipient | Address | Type |
|---|---|---|
| Jonathan Simon<br>Law Office of Jonathan B.D. Simon<br>35596 | jsimonlaw@msn.com | e-Service |
| Monica Smith<br>Wayne County Prosecutor's Office | msmith@waynecounty.com | e-Service |
| Valerie Steer<br>Wayne County Prosecutor's Office<br>P38489 | vsteer@waynecounty.com | e-Service |

This proof of service was automatically created, submitted and signed on my behalf through my agreements with TrueFiling and its contents are true to the best of my information, knowledge, and belief.

4-15-2015
Date

/s/ Monica Smith
Signature

Wayne County Prosecutor's Office

RECEIVED by MCOA 4/15/2015 9:53:58 AM

325195

| STATE OF MICHIGAN<br>3rd JUDICIAL CIRCUIT<br>WAYNE COUNTY | CLAIM OF APPEAL AND<br>ORDER APPOINTING COUNSEL | CASE NO. AND SUFFIX<br>14-6199          01 |
|---|---|---|

Court Address
1441 ST. ANTOINE, ROOM 917, DETROIT, MI 48226

Court Phone No.
(313) 224-6221

| People of THE STATE OF MICHIGAN | Date of Birth, Address, Inmate Number (if known)          11/30/1991 |
|---|---|
| V | CHARLES EGELER RECEPTION & GUIDANCE CENTER          949256 |

| Defendant Name, Last | First | Middle |
|---|---|---|
| UPSHAW | LAFAYETTE | DESHAWN |

3855 COOPER STREET

JACKSON, MI 49201-7518

| | | Terms of Incarceration | | | | | | | | | | | Intermediate Sanctions | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Offense Information | | Minimum | | | Maximum | | | | | | | Probation | | | | | |
| Description | PACC Code | H | C | A | S | Y | M | D | Y | M | D | K | P | J | Y | M | D | R | F | O |
| ROBBERY/ARMED | 750.529 | | | | | | 216 | | | 480 | | | X | | | | | | | |
| WEAPON/DANGEROUS/CARRYING UNLAW. INTENT | 750.226 | | | | | | 12 | | | 60 | | | X | | | | | | | |
| WEAPONS/FELONY FIREARM | 750.227B-A | | | | | 2 | | | 2 | | | X | X | | | | | | | |

H=Habitual C=Conspiracy A=Attempt S=Solicitation Y=Year M=Month D=Day K=Consecutive P=Prison J=Jail F=Fine O=Other

The defendant claims an appeal from a final judgment or order entered on 11/14/2014 in the 3rd Circuit Court, WAYNE COUNTY, Michigan by Judge MICHAEL J. CALLAHAN 25721. Copies of the final judgment or order being appealed and docket entries are attached for the Court of Appeals, appointed counsel, and Michigan Appellate Assigned Counsel System.

On 12/12/2014, the defendant filed a request for appointment of counsel and a declaration of indigency.

IT IS ORDERED:

JONATHAN B.D. SIMON

Name of Appellate Counsel

BIRMINGHAM, MI 48012

City, State, ZIP Code

P.O. BOX 2373

Address

248 433 1980

Telephone No.

35596

Bar No.

Is appointed counsel for the defendant in post-conviction proceedings. If appointed counsel can not or will not accept this appointment, he/she would notify the court immediately. Copies of the final judgment or order being appealed and docket entries are attached for appointed counsel and Michigan Appellate Assigned Counsel System (MAACS).

The court reporter(s)/recorder(s) shall file with the trial court clerk the transcripts checked below and any other transcripts requested by counsel in this case not previously transcribed. Transcripts shall be filed within 28 days for pleas or 91 days for trials from the date ordered or requested [MCR 7.20(B)]. Reporter(s)/recorder(s) shall be paid as provided by law.

| Transcripts Ordered | Reporter/Recorder Name | Other Description | Previously Ordered | Filed | Reporter Number | Date(s) of Proceeding |
|---|---|---|---|---|---|---|
| JURY TRIAL | JEFFREY GOLDSMITH | | | | | 10/09/2014 |
| JURY TRIAL | JEFFREY GOLDSMITH | | | | | 10/14/2014 |
| JURY TRIAL | JEFFREY GOLDSMITH | | | | | 10/15/2014 |
| JURY TRIAL | JEFFREY GOLDSMITH | | | | | 10/16/2014 |
| SENTENCE | JEFFREY GOLDSMITH | | | | | 11/14/2014 |

The clerk shall immediately send to counsel a copy of the transcripts ordered above or requested by counsel as they become available. The clerk shall forward documents upon request by counsel [MCR 6.433].

12/16/2014

Date

*Robert J. Colombo Jr.*

ROBERT J. COLOMBO, JR.
Judge

25806
Bar No.

## CERTIFICATE OF MAILING

I certify that on this date I mailed a copy of this claim of appeal to appointed counsel,defendant,court reporter(s)/recorder(s), prosecutor, Court of Appeals, and the Michiagn Appellate Assigned Cousel System (MAACS). I also mailed a copy of the final judgment or order being appealed and the docket entries to appointed counsel, the Court of Appeals, and MAACS. I also mailed a copy of the defendant's request for appointment of counsel to apppointed counsel, the prosecutor, and MAACS.

12/16/2014

Date

Signature

2014 DEC 17 PM 1:52
COURT OF APPEALS
DETROIT OFFICE
RECEIVED

Approved, SCAO

Original - Trial court
1st copy - Prosecutor
2nd copy - Defendant/Juvenile for return
3rd copy - Defendant/Juvenile

| STATE OF MICHIGAN<br>Third JUDICIAL CIRCUIT<br>Wayne COUNTY | NOTICE OF RIGHT TO APPELLATE REVIEW<br>AND REQUEST FOR<br>APPOINTMENT OF ATTORNEY | CASE NO.<br>14-006199-01-FC<br>Judge: Michael J. Callahan |
|---|---|---|

Court address 1441 St. Antoine, Detroit, Mi. 49226  Court Room 703  Court telephone no.
313-224-5237

| THE PEOPLE OF THE STATE OF MICHIGAN | v | Defendant/Juvenile name, address, telephone no., and date of birth<br>Lafayette Deshawn Upshaw<br>11-30-1991  3855 Coopers+<br>Jackson Mi. 49201 |
|---|---|---|

**NOTICE OF RIGHT TO APPELLATE REVIEW** Note to court: This notice must be given to the defendant/juvenile at sentencing.

1. You are entitled to appellate review of your conviction and sentence. This is done by filing a claim of appeal by right, or when you are not entitled to file a claim of appeal by right, an application for leave to appeal. If you pled guilty or nolo contendere, an appeal must be done by filing an application for leave to appeal.

2. Whether you appeal by right or apply for leave to appeal, if you cannot afford to hire an attorney to represent you on appeal and you request an attorney, the court will appoint an attorney and furnish the attorney with the portions of the transcript and record that the attorney needs.

3. A request for the appointment of an attorney must be made in writing and sent directly to the court at the address noted above within 42 days. The financial schedule on the back of this form must be completed.

**RECEIPT OF NOTICE OF APPEAL RIGHTS**

On this day I received this form and financial schedule. I understand that I must return the completed Request for Appointment of Attorney to the court within 42 days if I want an attorney appointed for my appeal.

12/03/2014
Date

Lafayette Upshaw
Signature of defendant/juvenile

**REQUEST FOR APPOINTMENT OF ATTORNEY AND AFFIDAVIT OF INDIGENCY**

I request appointment of an attorney to appeal my conviction. If applicable, conditions for my request are on the back of this form. The affidavit of indigency and financial schedule on the back of this form is submitted to show my financial condition.

12/03/2014
Date

Lafayette Upshaw
Signature of defendant/juvenile

NOTE TO DEFENDANT/JUVENILE: After completing the request for appointment of attorney and the affidavit of indigency and financial schedule, keep one copy for yourself and return the other copy to the court.

RECEIVED
DEC 12 2014
THIRD JUDICIAL CIRCUIT
APPELLATE DIVISION

MCR 6.425(F)

CC 265 (3/09) NOTICE OF RIGHT TO APPELLATE REVIEW AND REQUEST FOR APPOINTMENT OF ATTORNEY

THIRD JUDICIAL CIRCUIT OF MICHIGAN

# REGISTER OF ACTIONS
## CASE NO. 14-006199-01-FC

| | | |
|---|---|---|
| State of Michigan v Lafayette Deshawn Upshaw | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Location: **Criminal Division**<br>Judicial Officer: **Callahan, Michael J.**<br>Filed on: **07/18/2014**<br>Case Number History: **14060048-01**<br>**14711600-01**<br>Case Tracking Number: **14711600-01**<br>CRISNET/Incident No.: **1405280044** |

---

### CASE INFORMATION

**Offense**
1. Robbery - Armed
   Arrest:     05/28/2014          DPCIC - DPD CRIMINAL INVESTIGATION
                                   UNIT CENTRAL
2. Weapons - Dangerous Weapon - Carrying
   Withunlawful Intent
   Arrest:     05/28/2014          DPCIC - DPD CRIMINAL INVESTIGATION
                                   UNIT CENTRAL
3. Weapons Felony Firearm
   Arrest:     05/28/2014          DPCIC - DPD CRIMINAL INVESTIGATION
                                   UNIT CENTRAL

| **Deg** | **Date** | |
|---|---|---|
| . | 06/09/2014 | |
| . | 05/28/2014 | |
| . | 06/09/2014 | |

Case Type: **Capital Felonies**

Case Status: **11/14/2014  Final**

Case Flags: **Case has PDF PE Electronic Transcripts**

**Related Cases**
14-006199-02-FC   (Co Defendant)

**Statistical Closures**
10/16/2014     Jury Verdict

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **State of Michigan** | **Towns, Kam M.**<br>(313) 224-5777(W) |
| **Defendant** | **Upshaw, Lafayette Deshawn**<br>*Black Male*<br>*SID: MI2584672J* | **Blake, Wright W.**<br>*Retained*<br>(313) 964-2080(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 06/09/2014 | Recommendation for Warrant | |
| 06/12/2014 | Warrant Signed | |
| 06/17/2014 | **Arraignment on Warrant** (Judicial Officer: Echartea, Laura A)<br>*Defendant Stands Mute; Plea Of Not Guilty Entered By Court* | |
| 06/17/2014 | **Plea** (Judicial Officer: Echartea, Laura A)<br>    1. Robbery - Armed<br>        Defendant Stand Mute: Plea of Not Guilty Entered by Court | |
| 06/17/2014 | **Plea** (Judicial Officer: Echartea, Laura A)<br>    2. Weapons - Dangerous Weapon - Carrying Withunlawful Intent<br>        Defendant Stand Mute: Plea of Not Guilty Entered by Court | |
| 06/17/2014 | **Plea** (Judicial Officer: Echartea, Laura A)<br>    3. Weapons Felony Firearm<br>        Defendant Stand Mute: Plea of Not Guilty Entered by Court | |
| 06/30/2014 | **Preliminary Examination** (Judicial Officer: Baltimore, Joseph N)<br>*Adjourned at the Request of the Defense* | |

*Printed on 12/12/2014 at 10:50 AM*

THIRD JUDICIAL CIRCUIT OF MICHIGAN

# REGISTER OF ACTIONS
## CASE NO. 14-006199-01-FC

| | | |
|---|---|---|
| 10/16/2014 | | Order For DNA Sample (Judicial Officer: Callahan, Michael J. ) |
| 11/03/2014 | | *CANCELED* **Sentencing** |
| | | *Scheduling Error* |
| 11/14/2014 | | **Sentencing** (Judicial Officer: Callahan, Michael J.) |
| | | Resource: Court Rpt/Rec 37  Goldsmith, Jeffrey |
| | | Resource: Courtroom Clerk  C5948  Parsons, Patricia |
| | | *Held* |

| | |
|---|---|
| 11/14/2014 | **Sentence** (Judicial Officer: Callahan, Michael J.) |
| | 1. Robbery - Armed |
| | Prison Sentence |
| | State Confinement: |
| | Agency: Michigan Department of Corrections |
| | Effective 11/14/2014 |
| | Term: 216 Mo to 480 Mo |

| | |
|---|---|
| 11/14/2014 | **Sentence** (Judicial Officer: Callahan, Michael J.) |
| | 2. Weapons - Dangerous Weapon - Carrying Withunlawful Intent |
| | Prison Sentence |
| | State Confinement: |
| | Agency: Michigan Department of Corrections |
| | Effective 11/14/2014 |
| | Term: 12 Mo to 60 Mo |

| | | |
|---|---|---|
| 11/14/2014 | **Sentence** (Judicial Officer: Callahan, Michael J.) | |
| | 3. Weapons Felony Firearm | |
| | Prison Sentence | |
| | State Confinement: | |
| | Agency: Michigan Department of Corrections | |
| | Effective 11/14/2014 | |
| | Term: 24 Mo to 24 Mo | |
| | Credit for Time Served: 175 Days | |
| | Fee Totals: | |
| | - Standard FEL | |
| | Fees (CC, ATTY, | 198.00 |
| | SM, CVF) | |
| | Fee Totals $ | 198.00 |

| | |
|---|---|
| 11/14/2014 | Sentenced to Prison (Judicial Officer: Callahan, Michael J. ) |

| DATE | FINANCIAL INFORMATION | |
|---|---|---|
| | **Defendant**  Upshaw, Lafayette Deshawn | |
| | Total Charges | 198.00 |
| | Total Payments and Credits | 0.00 |
| | **Balance Due as of  12/12/2014** | **198.00** |
| 11/17/2014 | Charge | Defendant Upshaw, Lafayette |
| | | Deshawn |

(198.00)

1st copy – Corrections
2nd copy – Corrections (for return
3rd copy – Michigan State Police CJIC

4th copy – Defendant
5th copy – Prosecutor
6th copy – Cashier

Approved, SCAO      Original – Court

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | JUDGMENT OF SENTENCE COMMITMENT TO DEPARTMENT OF CORRECTIONS ☒ Amended | CASE NO. 14-006199-01-FC |
|---|---|---|

ORI MI – 821095J   Court Address   1441 St. Antoine, Detroit, MI 48226   Courtroom   703   Court Telephone No.   313-224-5237

Police Report No.

Defendant name, address, and telephone no.

THE PEOPLE OF THE STATE OF MICHIGAN

v

Lafayette Deshawn Upshaw
Alias(es) - Lafayette Upshaw
6390 Colfax

| CTN/TCN | SID | DOB |
|---|---|---|
| 14711600-01 | MI-2584672J | 11/30/1991 |

Prosecuting attorney name      Bar no.
Kam M. Towns      45518

Defendant attorney name      Bar no.
Wright W. Blake      37259

**THE COURT FINDS:**

1. The defendant was found guilty on 10/16/2014      of the crime(s) stated below:

| Count | CONVICTED BY | | | DISMISSED BY* | CRIME | CHARGE CODE (S) MCL citation/PACC Code |
|---|---|---|---|---|---|---|
| | Pleas* | Court | Jury | | | |
| 1 | | | G | | Robbery Armed | 750.529 |
| 2 | | | G | | Carrying Concealed Weapon w/unlawful int | 750.226 |
| 3 | | | G | | Felony Firearm | 750.227B-A |

*For plea: insert "G" for guilty plea, "NC" for nolo contendere, or "MI" for guilty but mentally ill, For dismissal; insert "D" for dismissed by court or "NP" for dismissed by prosecutor/plaintiff.

☐   2. The conviction is reportable to the Secretary of State under MCL 257.625(21)(b).      MI-U120488155913

☐   3. HIV testing and sex offender registration is completed.      Defendant's driver license number

☐   4. The defendant has been fingerprinted according to MCL 28.243.

**IT IS ORDERED:**

☐   5. Probation is revoked.

6. Participating in a special alternative incarceration unit is      ☐ prohibited.   ☐ permitted.

7. Defendant is sentenced to custody of Michigan Department of Corrections. This sentence shall be executed immediately.

| Count | SENTENCE DATE | MINIMUM | | | MAXIMUM | | DATE SENTENCE BEGINS | JAIL CREDIT | | OTHER INFORMATION |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Years | Mos. | Days | Years | Mos. | | Mos. | Days | |
| 1 | 11-14-2014 | ------- | 216 | ------- | ------- | 480 | | -0- | -0- | |
| 2 | 11-14-2014 | ------- | 12 | ------- | ------- | 60 | | -0- | -0- | |
| 3 | 11-14-2014 | ------- | 24 | ------- | ------- | 24 | 11-14-2014 | -0- | 175 | |

☒ 8. Sentence(s) to be served consecutively to: (if this item is not checked, the sentence is concurrent)

☐      each other.   ☐   case numbers   CTS. 1 & 2 CONCURRENT W/EACH OTHER & CONSECUTIVE TO CT. 3

9. Defendant shall pay as follows:

| State Minimum | Crime Victim | Restitution | Court Costs | Attorney Fees | Fine | Other Costs | Total |
|---|---|---|---|---|---|---|---|
| $ 68.00 x 3 | $ 130.00 | $ -0- | $ -0- | $ -0- | $ -0- | $ -0- | $ 334.00 |

The due date for payment is   **at sentencing**   . Fine, costs, and fees not paid within 56 days of the due date are subject to a 20% late penalty on the amount owed.

10. The concealed weapon board shall      suspend for _____ days      permanently revoke   the concealed weapon license, permit number _____      issued by _____      County.

☐ 11. The defendant is subject to lifetime monitoring pursuant to MCL 750.520n.

12. **Court recommendation**: SENTENCE TO RUN CONCURRENT TO CASE 14-004965-01-FH.

11-14-2014
Date

Judge   Michael J. Callahan      25721
Bar no.

I certify that this is a correct and complete abstract from the original court records. The sheriff shall, without needless delay, deliver defendant to the Michigan Department of Corrections at a place designated by the department.

(SEAL)

Patricia Simmons
Deputy court clerk

MCL 765.15(2), MCL 769.1k, MCL 769.16a, MCL 775.22,
MCL 780.766 MCR 6.427

CC 219b-3CC – (4/2009) JUDGMENT OF SENTENCE, COMMITMENT TO DEPARTMENT OF CORRECTIONS

# Court of Appeals, State of Michigan

## ORDER

**People of MI v Lafayette Deshawn Upshaw**

Docket No.      **325195**

LC No.      **14-006199-01-FC**

Christopher M. Murray, Chief Judge Pro Tem, acting under MCR 7.211(E)(2), orders:

The motion to file a supplemental brief is GRANTED. The brief that was received on January 26, 2016, is accepted for filing. The prosecutor may file a brief in response.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

**FEB 1 0 2016**

Date

Chief Clerk

**STATE OF MICHIGAN**
**IN THE COURT OF APPEALS**

**PEOPLE OF THE STATE OF MICHIGAN,**

**Plaintiff-Appellee,**

**v.**

**LAFAYETTE DESHAWN UPSHAW,**

**Defendant-Appellant.**
_____/

**Court of Appeals: 325195**

**Circuit Court**
**No.  14-006199-01-FC**

<u>**MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF**</u>

NOW COMES Lafayette Upshaw, by and through his attorney, Neil Leithauser, and moves this Honorable Court for leave to file a supplemental brief, and saying in support:

1.  Defendant-Appellant's brief on appeal was filed April 6, 2015.

2.  Subsequently, the undersigned was retained to raise additional issues, including issues relating to the trial court's denial of an adjournment, selection of the jury, effectiveness of trial counsel, and sentencing.  Additionally, after the filing of the initial brief on appeal the Michigan Supreme Court decided *People v Lockridge*, __ Mich __ ; __ NW2d __ (2015) (#149073, July 29, 2015), which has application to Mr. Upshaw's sentencing.

3.  The additional issues should be included in Mr. Upshaw's appeal of right for decision by this Court.

4.  A proposed supplemental brief raising several issues is attached; also, a motion to remand for an evidentiary is contemporaneously filed.

RECEIVED by MCOA 1/26/2016 1:27:00 PM

1

WHEREFORE, the undersigned requests this Honorable Court allow the filing of a supplemental brief, and accept as that supplemental brief the pleading filed with this motion.

/S/ NEIL LEITHAUSER
_____
NEIL J. LEITHAUSER P-33976
Attorney for Defendant-Appellant
101 W. Big Beaver Rd., 14th Flr.
Troy, MI 48084
(248) 687-1404

Dated:  January 25, 2016

2

RECEIVED by MCOA 1/26/2016 1:27:00 PM

STATE OF MICHIGAN

IN THE COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,                Court of Appeals: 325195

Plaintiff-Appellee,

Circuit Court
v.                                                              No.  14-006199-01-FC

LAFAYETTE DESHAWN UPSHAW,

Defendant-Appellant.
_____/


<u>**SUPPLEMENTAL BRIEF ON APPEAL**</u>

NEIL J. LEITHAUSER P-33976
Attorney for Defendant-Appellant
101 W. Big Beaver Rd., 14th Flr.
Troy, MI 48084
(248-687-1404

RECEIVED by MCOA 1/26/2016 1:27:04 PM

## TABLE OF CONTENTS

**Table of Contents**                                                          i

**Index of Authorities**                                                       iii

**Statement of Appellate Jurisdiction**                                        vi

**Questions Presented**                                                        vii

**Statement of Facts**                                                         1

**Argument I**                                                                 5

    **THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S REQUEST FOR A BRIEF ADJOURNMENT OF TRIAL SO THAT NEWLY-RETAINED TRIAL COUNSEL COULD BECOME PREPARED.**

**Argument II**                                                                 8

    **MR. UPSHAW WAS DENIED A FAIR TRIAL AND DUE PROCESS OF LAW WHERE THE PROSECUTOR IMPROPERLY DISMISSED MINORITY VENIRE MEMBERS; THE PROSECUTOR'S RACE-NEUTRAL REASONS WERE INSUFFICIENT TO AVOID A FINDING OF PURPOSEFUL DISCRIMINATION IN THE EXERCISE OF PEREMPTORY CHALLENGES. FURTHER, THE TRIAL COURT'S RULING ESSENTIALLY REQUIRED THAT THE DEFENSE SHOW A PATTERN OF PURPOSEFUL DISCRIMINATION, A STANDARD CONTRARY TO THE LAW, AND, WHERE THE DEFENSE DID SHOW A PATTERN, NEVERTHELESS DENIED THE *BATSON*-CHALLENGE.**

RECEIVED by MCOA 1/26/2016 1:27:04 PM

**Argument III**                                                                                          **15**

      THE TRIAL COURT'S SCORING OF TEN POINTS FOR OFFENSE VARIABLE 14 [OFFENDER'S ROLE] WAS ERROR WHICH PLACED MR. UPSHAW IN A HIGHER GRID THAN SUPPORTED BY THE RECORD.   FURTHER, THE RESULTING IMPOSED MINIMUM SENTENCE CONSTITUTED AN UNSUPPORTED DEPARTURE FROM THE GUIDELINES' RANGE, AN ABUSE OF DISCRETION, AND AN UNREASONABLE SENTENCE BASED IN PART ON INACCURATE INFORMATION, THEREBY NECESSITATING RESENTENCING.

**Relief Requested**                                                                                      **20**

RECEIVED by MCOA 1/26/2016 1:27:04 PM

# INDEX OF AUTHORITIES

**Federal Cases**

*Anderson v Bessemer City*, 470 US 564; 105 S Ct 1504; 84 L Ed 2d 518 (1985)        8

*Arizona v Fulminante*, 499 US 279; 111 S Ct 1246; 113 L Ed 2d 302 (1991)        14

*Ballard v United States*, 329 US 187 (1946)        14

*Batson v Kentucky*, 476 US 79; 106 S Ct 1712; 90 L Ed 2d 69 (1985)        8, 11, 12, 13, 14

*Brecht v Abrahamson*, 507 US 619; 113 S Ct 1710; 123 L Ed 2d 353 (1993)        14

*Chapman v California*, 386 US 18; 87 S Ct 824; 17 L Ed 2d 705 (1967)        14

*Gall v United States*, 552 US 38; 128 S Ct 586; 169 L Ed 2d 445 (2007)        16

*Hernandez v New York*, 500 US 352; 111 S Ct 1859; 114 L Ed 2d 395 (1991)        12

*J.E.B. v Alabama ex rel T.B.*, 511 US 127 (1994)        14

*Martin v Texas*, 200 US 316; 26 S Ct 338; 50 L Ed 497 (1906)        13

*Neder v United States*, 527 US 1; 119 S Ct 1827; 144 L Ed 2d 35 (1999)        14

*Norris v Alabama*, 294 US 587; 55 S Ct 579; 79 L Ed 1074 (1935)        12, 13

*North Carolina v Pearce*, 395 US 11; 89 S Ct 2072; 23 L Ed 2d 656 (1969)        15

*Powell v Alabama*, 287 US 45; 53 S Ct 55; 77 L Ed 158 (1932)        7

*Purkett v Elem*, 514 US 765; 131 L Ed 2d 834; 115 S Ct 1769 (1995)        11, 12

*Strauder v West Virginia*, 100 US 303; 25 L Ed 664 (1880)        14

*Swain v Alabama*, 380 US 202 (1965)        13

*Townsend v Burke*, 334 US 736; 68 S Ct 1252 (1948)        19

*United States v Booker*, 543 US 220; 125 S Ct 738; 160 LEd2d 621 (2004)        16

RECEIVED by MCOA 1/26/2016 1:27:04 PM

*United States v Horsley*, 864 F 2d 1543 (11th Cir 1989)          12, 13

*United States v Matha*, 915 F 2d 1220 (8th Cir 1990)          12

*Vasquez v Hillery*, 474 US 254; 106 S Ct 617; 88 L Ed 2d 598 (1986)          14

**Michigan Cases**

*People v Babcock*, 469 Mich 247; 666 NW2d 231 (2003)          15, 16

*People v Barbee*, 470 Mich 283; 681 NW2d 348 (2004)          15

*People v Francisco*, 474 Mich 82; 711 NW2d 44 (2006)          15, 18, 19

*People v Gibbs*, 299 Mich App 473; 830 NW2d 821(2013)          17

*People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973)          1, 4

*People v Hegwood*, 465 Mich 432; 636 NW2d 127 (2001)          15

*People v Howard*, 226 Mich App 528; 575 NW2d 16 (1997)          8

*People v Jackson*, 487 Mich 783; 790 NW2d (2010)          19

*People v Lockridge*, __ Mich __ ; __ NW2d __ (2015) (#149073, July 29, 2015)          15, 16, 17

*People v Lowery*, 258 Mich App 167; 673 NW2d 107 (2003)          16

*People v Miles*, 454 Mich 90; 559 NW2d 299 (1997)          19

*People v Morson*, 471 Mich 248; 685 NW2d 203 (2004)          15

*People v Rhodes*, 305 Mich App 85; 849 NW2d 417 (2014)          17, 18

*People v Smith*, 488 Mich 193; 793 NW2d 666 (2010)          15

*People v Stoeckl*, 347 Mich 1; 78 NW2d 640 (1956)          5

*People v Swint*, 225 Mich App 353; 572 NW2d 666 (1997)          8

*People v Triplett*, 407 Mich 510; 287 NW 2d 165 (1980)          20

RECEIVED by MCOA 1/26/2016 1:27:04 PM

*People v Whalen*, 412 Mich 166; 312 NW 2d 638 (1981)     20

*People v Williams*, 386 Mich 565; 194 NW2d 337 (1972)     5, 7

*People v Wilson*, 397 Mich 76; 243 NW2d 257 (1976)     5, 7

**Constitutional Provisions and Statutes**

US Const, AM XIV     8, 19

MCL 768.20     5

MCL 768.21     6

MCL 769.34     20

MCL 777.44     16

MCL 777.67     16

RECEIVED by MCOA 1/26/2016 1:27:04 PM

## STATEMENT OF APPELLATE JURISDICTION

Jurisdiction was conferred through Const 1963, art. 1, §20; MCL 600.308(1); MCL 770.3; MCR 7.203(A); MCR 7.204(A)(2)(a); and MCR 6.425(F)(3). The final judgment was November 14, 2014, petition for counsel was made on December 12, 2014, and pursuant to MCR 6.425(F)(3) the Claim of Appeal issued December 14, 2014.

RECEIVED by MCOA 1/26/2016 1:27:04 PM

## QUESTIONS PRESENTED

**I.  DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IT DENIED APPELLANT'S REQUEST FOR A BRIEF ADJOURNMENT OF TRIAL SO THAT NEWLY-RETAINED TRIAL COUNSEL COULD BECOME PREPARED?**

Defendant-Appellant answers            "yes"

Plaintiff-Appellee would answer        "no"


**II.  WAS MR. UPSHAW DENIED A FAIR TRIAL AND DUE PROCESS OF LAW WHERE THE PROSECUTOR IMPROPERLY DISMISSED MINORITY VENIRE MEMBERS, THE PROSECUTOR'S RACE-NEUTRAL REASONS WERE INSUFFICIENT TO AVOID A FINDING OF PURPOSEFUL DISCRIMINATION IN THE EXERCISE OF PEREMPTORY CHALLENGES, AND THE TRIAL COURT'S RULING ESSENTIALLY REQUIRED THAT THE DEFENSE SHOW A PATTERN OF PURPOSEFUL DISCRIMINATION -- A STANDARD CONTRARY TO THE LAW -- AND, WHERE THE DEFENSE DID SHOW A PATTERN, NEVERTHELESS DENIED THE *BATSON*-CHALLENGE?**

Defendant-Appellant answers            "yes"

Plaintiff-Appellee would answer        "no"

RECEIVED by MCOA 1/26/2016 1:27:04 PM

**III. WAS THE TRIAL COURT'S SCORING OF TEN POINTS FOR OFFENSE VARIABLE 14 [OFFENDER'S ROLE] ERROR WHICH PLACED MR. UPSHAW IN A HIGHER GRID THAN SUPPORTED BY THE RECORD? FURTHER, WAS THE RESULTING IMPOSED MINIMUM SENTENCE AN UNSUPPORTED DEPARTURE FROM THE GUIDELINES' RANGE, AN ABUSE OF DISCRETION, AND AN UNREASONABLE SENTENCE BASED IN PART ON INACCURATE INFORMATION, THEREBY NECESSITATING RESENTENCING?**

Defendant-Appellant answers          "yes" to all inquiries

Plaintiff-Appellee would answer       "no"

RECEIVED by MCOA 1/26/2016 1:27:04 PM

## STATEMENT OF FACTS

**Background.**

Lafayette Upshaw was convicted by jury in the Wayne County Circuit Court of the offenses of armed robbery, MCL 750.529, carrying a weapon with unlawful intent, MCL 750.239, and felony firearm, MCL 750.227b; he was acquitted of charged-counts of assault with intent to murder, MCL 750.83, and assault with intent to do great bodily harm less than murder, MCL 750.84 (Trial transcript, ("TT"), 10/16/2014, verdict, 66-67). A codefendant, Darrell Walker, was convicted of armed robbery.

Mr. Upshaw was sentenced by Circuit Judge Michael Callahan to the mandatory two-year prison term for the felony firearm conviction, followed by concurrent prison terms of 216 months to 480 months for the robbery conviction, and 12 months to 60 months for the other weapon conviction (Sentence transcript, 11/14/2014, 11).

Mr. Upshaw appealed by right to this Court, and predecessor appellate counsel filed a brief on appeal on April 6, 2015. A motion to remand for a *Ginther*-hearing [*People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973)], was also filed, but it was denied by the Court on May 6, 2015.

**Trial.**

The previously-filed brief on appeal contains a detailed recitation of the proceedings below and it is incorporated herein by reference. Additional facts follow below and in the body of the supplemental arguments where necessary.

1

RECEIVED by MCOA 1/26/2016 1:27:04 PM

The charges arose form events occurring May 28, 2014, at a gas station at 1920 W. Fisher Service Drive in Detroit.

Tina Williams testified at trial that on May 28, 2014, she was working alone as the cashier at the Mobil station at 1920 W. Fisher Service Drive.  The cashier-area at the station was enclosed with bulletproof glass (TT, 10/14/2014, 30-31).  Ms. Williams said a man, whom she identified at trial as codefendant Walker, entered, asked about coffee, and was then standing around (*Id*. at 34). Subsequently, Ms. Williams said, she heard someone say, "Give me your money."  She looked up and saw an armed male robbing one of the female customers in the store (*Id*. at 35-36).  The perpetrator then told Ms. Williams to give him money, and the perpetrator fired a gunshot at the glass.  The perpetrator wore a gray hoodie and had a t-shirt pulled up over the lower part of his face; Ms. Williams said she could see the person's nose, facial hair and eyes, but could not see his mouth and lips (*Id*. at 38-39).  She identified Mr. Upshaw as the gunman (*Id*. at 42).

The perpetrator then kicked at the door to the cashier-area, and then fired shots towards her from underneath the counter (*Id.* at 43). The codefendant yelled to Ms. Williams to open the door so he could get what he wanted and then get out (*Id*.).  Ms. Williams said the gunman bent down in front of the counter and then left the store.  A little while later the codefendant told her to call the police and he then left the store (*Id.* at 44).

Ms. Williams later viewed photo-arrays of suspects and made identifications of Walker's and Upshaw's photos (*Id*. at 49-53; TT, 10/15/2014, 81, testimony of Detective Roland Brown).

RECEIVED by MCOA 1/26/2016 1:27:04 PM

Ms. Williams reviewed the surveillance footage of the incident, and testified that Walker entered the store at 3:35 A.M., and Mr. Upshaw entered at 3:36 A.M. and left at 3:38 A.M.  Walker left at 3:39 A.M. (TT, 10/14/2014, 66-67).

Ms. Williams said she had not seen any communication between the gunman and Mr. Walker during the time they were in the store, nor did she see the gunman threaten Walker (*Id*. at 110-111, 64-65).

Three fired 9mm shell-casings were found inside the gas station (TT, 10/15/2014, 18, 23, 24, testimony of Detroit Police Officer Mary Gross).  The casings were dusted for fingerprints, but none were found (*Id*. at 26-27). Five bullet impacts were noted; there was one on the bulletproof glass, and four on the shelving below the counter (*Id*. at 29-30).

Mr. Upshaw and Mr. Walker were arrested together later that morning at about 8:00 A.M. when police responded to a dispatch of a home invasion at 19475 Washburn Street in Detroit; both men were arrested at the scene (*Id*. at 52, 54, 58, testimony of Detroit Police Officer Nathaniel Womack; *id*. at 60-62, testimony of Detroit Police Officer Shannon Bullock).  No weapons were found (*Id*. at 64).

Mr. Upshaw did not testify at trial (TT, 10/16/2014, waiver, 11), but the defense called Jeffrey Haugabook as a witness.  Mr. Haugabook testified that he was the manager at Tony's Bar & Grill on Schafer, and that Mr. Upshaw had worked there for about one year (*Id*. at 6).   Mr. Upshaw arrived for work at about 9:30 P.M. on May 27, 2014.  They quit working at about 3:00 A.M. May

3

RECEIVED by MCOA 1/26/2016 1:27:04 PM

28, 2014, and Haugabook then gave Mr. Upshaw a ride home, which was in the area of Warren and Colfax (*Id.* at 7-8, 9).  Mr. Haugabook said he dropped Mr. Upshaw at the residence at about 3:15 – 3:20 A.M. (*Id.* at 9).

**Prior Appellate Filings**

In the previously-filed brief on appeal three issues were raised on Mr. Upshaw's behalf.   The first issue addressed a trial court ruling relating to the late-endorsement of a prosecution witness; the second issue addressed the trial court's decision to allow evidence that Mr. Upshaw refused to participate in a physical lineup following his arrest; and the third issue addressed a claim of ineffective assistance of trial counsel through counsel's failure to investigate and present an alibi defense.  As noted above, a motion for remand to the trial court for an evidentiary hearing on the counsel issue was filed, but was denied by this Court.  However, at the time predecessor appellate counsel filed the motion he was not in possession of several affidavits of key potential alibi witnesses.  While that motion was pending, the witnesses sent copies directly to the Court; however the affidavits were not part of the record or offer of proof and presumably were not considered by the Court when the motion was decided.

A successive motion for remand for a *Ginther*-hearing is filed herewith, and attaches as part of the offer of proof the two affidavits from the potential witnesses, as well as an affidavit of Mr. Upshaw executed in December, 2015.

RECEIVED by MCOA 1/26/2016 1:27:04 PM

RECEIVED by MCOA 1/26/2016 1:27:04 PM

## ARGUMENT I

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S REQUEST FOR A BRIEF ADJOURNMENT OF TRIAL SO THAT NEWLY-RETAINED TRIAL COUNSEL COULD BECOME PREPARED.**

### Standard of Review and Preservation of Issue

A trial court's decision concerning whether to grant an adjournment is reviewed for an **abuse of discretion**.   *People v Williams*, 386 Mich 565, 571-572; 194 NW2d 337 (1972); *People v Stoeckl*, 347 Mich 1, 15; 78 NW2d 640 (1956)("This Court has repeatedly held that the granting or refusing of a continuance is within the sound discretion of the court, but has also guarded against an abuse of such discretion"); *People v Wilson*, 397 Mich 76, 80; 243 NW2d 257 (1976).

The request for adjournment was timely raised – by Mr. Upshaw -- at a motion hearing prior to trial (Motion transcript ["MT"], 10/02/2014, 3-4).

### Discussion

Trial counsel, Wright Blake, was retained a couple of, to several weeks prior to trial, and he first appeared on the record at the October 2, 2014, motion hearing; that hearing was one week before the October 9, 2014 commencement of trial.   A notice of alibi had not been filed on Mr. Upshaw's behalf by his prior counsel, and none was filed by Mr. Blake.  Indeed, pursuant to the requirements of the statute, MCL 768.20, Mr. Blake could not have – absent leave of the trial court – timely filed the requisite notice; the statute requires notice to be filed at least 10 days before trial, as seen in the following excerpt: the defendant shall at the time of arraignment on the information or within 15 days after that arraignment *but not less than 10 days before the trial* of the case, or at

5

such other time as the court directs, file and serve upon the prosecuting attorney a notice in writing of his intention to claim that defense.  MCL 768.20(1).  Further, a failure to comply with the 10-day notice mandate of the statute precludes the defendant from presenting the alibi defense:  "… if the defendant fails to file and serve the written notice prescribed in section 20 or 20a, *the court shall exclude evidence offered by the defendant for the purpose of establishing an alibi … "* MCL768.21(1) (emphasis supplied).

Mr. Upshaw does not here suggest that the trial court had an obligation to foresee the need for an alibi defense and the need for the timely filing of alibi notice; instead, that was the obligation of defense counsel.  Counsel's failure to investigate and secure that defense has previously been raised in the initial brief on appeal.   However, the trial court was made aware, by Mr. Upshaw, that the trial counsel would need some additional time, as follows:

MR. BLAKE: …  Mr. Upshaw wants an adjournment.  He doesn't feel that we're quite ready.  I told him that I would bring myself up to speed by the time for the trial date.  Is that correct, Mr. Upshaw?

MR. UPSHAW: Yes, but as you can see, your Honor, I have retained a new lawyer because of my insufficient counsel for not showing up and not coming and telling me the information. So I feel like my lawyer hasn't, my lawyer hasn't saw the DVD. He hasn't retained the transcript or anything and I feel like it's best grounds of adjournment right there, your Honor, just to get him caught up on what's going on with the case cause I just retained him like a week and a half ago, probably not even that.

6

RECEIVED by MCOA 1/26/2016 1:27:04 PM

THE COURT: Well, I'm not granting an adjournment at this point. We'll see what

happens (Motion transcript, 10/02/2014, 3-4).

What then happens, of course, is a trial without the alibi defense.

Mr. Haugabook was not an alibi witness, and no alibi witnesses were presented. Even a short

adjournment of several days would have allowed, vis-à-vis the October 2, 2014 motion date, trial

counsel to investigate into, and timely file notice of, the alibi defense. Instead, trial commenced

October 9, 2014, and, as Mr. Blake advised the trial court the day prior to Haugabook testifying,

"He will not be testifying to an alibi. He will be testifying that he dropped the Defendant Upshaw

off at some location at some time. Was not present when the shooting happened. Cannot testify

to where Mr. Upshaw was at the time that the shooting happened" (TT, 10/15/2014, 99).

'The prompt disposition of criminal cases is to be commended and encouraged. But in reaching

that result a defendant, charged with a serious crime, must not be stripped of his right to have

sufficient time to advise with counsel and prepare his defense. To do that is not to proceed

promptly in the calm spirit of regulated justice but to go forward with the haste of the mob.'

*Williams, supra*, 365 Mich at 576-577 (citing *Powell v Alabama*, 287 US 45; 53 S Ct 55; 77 L Ed

158 (1932)).

Further, "(T)he desire of the trial courts to expedite court dockets is not a sufficient reason to

deny an otherwise proper request for a continuance." *Williams, supra*, 386 Mich at 577; *Wilson,

supra*, 397 Mich at 81 (citing *Williams*).

RECEIVED by MCOA 1/26/2016 1:27:04 PM

The trial court's refusal to allow a reasonable adjournment. Requested one week before the scheduled start of trial, was an abuse of discretion which resulted in the preclusion of an alibi defense.

<u>ARGUMENT II</u>

**MR. UPSHAW WAS DENIED A FAIR TRIAL AND DUE PROCESS OF LAW WHERE THE PROSECUTOR IMPROPERLY DISMISSED MINORITY VENIRE MEMBERS; THE PROSECUTOR'S RACE-NEUTRAL REASONS WERE INSUFFICIENT TO AVOID A FINDING OF PURPOSEFUL DISCRIMINATION IN THE EXERCISE OF PEREMPTORY CHALLENGES. FURTHER, THE TRIAL COURT'S RULING ESSENTIALLY REQUIRED THAT THE DEFENSE SHOW A PATTERN OF PURPOSEFUL DISCRIMINATION, A STANDARD CONTRARY TO THE LAW, AND, WHERE THE DEFENSE DID SHOW A PATTERN, NEVERTHELESS DENIED THE *BATSON*-CHALLENGE.**

**Standard of Review and Preservation of Issue**

A trial court's finding of purposeful discrimination in jury selection is reviewed for **clear error**. *Anderson v Bessemer City*, 470 US 564, 575-576; 105 S Ct 1504; 84 L Ed 2d 518 (1985). However, the trial court's rejection of a claim of purposeful discrimination is reviewed for an **abuse of discretion**. *People v Howard*, 226 Mich App 528, 536; 575 NW2d 16 (1997). The constitutional legal questions inherent within the Fourteenth Amendment issue are reviewed **de novo**. *Batson v Kentucky*, 476 US 79; 106 S Ct 1712; 90 L Ed 2d 69 (1985), *supra*; *People v*

8

RECEIVED by MCOA 1/26/2016 1:27:04 PM

*Swint*, 225 Mich App 353; 572 NW2d 666 (1997), lv den 459 Mich 931 (1998).

The issue was addressed in the trial court (TT, 10/09/2014, 97-100).

## Discussion

The following transpired during jury selection:

> MR. BLAKE [defense counsel]: Your Honor, at this time we have a Batson motion on the Prosecution has elected to take off 8 perspective members of the jury. My count has 6 of them being African American and 2 of them white. Obviously, it's detrimental to my client to get a jury of his peers considering he's African American. Some of the individuals, there was absolutely no reason whatsoever for excluding them or for taking them such as, I believe, it was Kim Jones, the student. There was also previously Ms. Jones. All of them had neutral responses that they could be fair and impartial and yet the Prosecution elected within her first 1, 2, 3, 4, 5, 6, 7 peremptory's,(sic) out of the 7, 6 were African American, Judge.

> MR. GOZE (codefendant's counsel): I would so join that motion on behalf of Mr. Walker.

> MS. TOWNS (assistant prosecuting attorney): So, Judge, I believe the standards they have to show a pattern or proof that they were excused purely for race. I think that that burden has not been established to the Court pursuant to the Batson case.

> THE COURT: Do you have any response why they were challenged?

> MS. TOWNS: Well, do you want me to go specifically one by one, Judge?

> THE COURT: Go ahead.

> MS. TOWNS: Ms. Stinson, I dismissed recently because she seemed to have very

RECEIVED by MCOA 1/26/2016 1:27:04 PM

delayed responses to questions as if she really wasn't focused or paying attention and she's an older female.  As relates to Ms. Williams, Ms. Williams is convicted of a CCW.  Mr. Smith was in seat #6, I believe.

THE COURT: He was.  He's the jury with had the relatives in prison.

MS. TOWNS: Yes, thank you, Judge.  That is correct.  Ms. Jones, was a student, I believe.  I believe she was too young, in my opinion.  Too young for this particular case.  Not based on her race, but based on her age.  I also thought that when I watched her, her demeanor was very distracted.  You'd have to repeat questions to her as if she really wasn't listening.  That is seat #13.  I think that I've established.

THE COURT: Mr. Blake?

MR. BLAKE: Well, Judge, too young?  Apparently she's not too young, Ms. Jones, to be a juror.  So, that particular response is

THE COURT: Yes, but are you saying that's a pretext to get her off the jury because she's black?  MR. BLAKE: Yes, Judge.

THE COURT: Anything else?

MR. BLAKE: No, your Honor.

THE COURT: Mr. Goze?

MR. GOZE: Just joining what the Counsel said.

THE COURT: Well, the Prosecutor has given some explanation other than race being challenged.  I don't think the Batson motion can be sustained.  I don't have any further comments on whether it's good or bad.  That's the strategy of a trial.  The Batson challenge, well, see Batson would be to a specific juror.  Were you challenging her excusal of the last, of White and Stinson?

10

RECEIVED by MCOA 1/26/2016 1:27:04 PM

MR. BLAKE: Of both of the Jones'; Pamela Jones.

THE COURT: No, you can't do it that way.  Once you say there's a pattern, then you challenge a specific juror challenge.

MR. BLAKE: Well, Judge, with respect to Ms. Stinson, the fact that she's elderly. She gave direct responses, although they weren't rapid speed, but her answers were clear and concise and we'd ask the Court not to excuse her.

THE COURT: Denied (TT, 10/09/97-100).

As the above reflects, of the prosecutor's first seven peremptory challenges exercised, six were of African Americans.  The prosecutor erroneously argued that a pattern, or, seemingly explicit proof of prejudice need be shown ("So, Judge, I believe the standards they have to show a pattern or proof that they were excused purely for race").  It appears the trial court recognized a pattern, for the court directed defense counsel to raise specific, individual challenges for the various jurors: "Once you say there's a pattern, then you challenge a specific juror challenge."

In any event, the prosecutor purported reasons are reminiscent of Goldilocks; that is, a juror apparently cannot be too old, or too young, but must be just right, in order for the juror to partake in the juror's civic duty.

When a *Batson* issue is raised, the proponent of the challenge must articulate an adequate and race-neutral explanation. If such an explanation is provided, the opponent then must show it to be a pretext for purposeful discrimination. *Batson*, 476 US at 98; *Purkett v Elem*, 514 US 765, 768; 131 L Ed 2d 834; 115 S Ct 1769 (1995).   The persuasiveness and credibility of the prosecutor's

11

RECEIVED by MCOA 1/26/2016 1:27:04 PM

explanation is the essential question.  See *Purkett*, 514 US at 768; *Hernandez v New York*, 500 US 352, 364-365; 111 S Ct 1859; 114 L Ed 2d 395 (1991).

The primary focus of the requisite inquiry is thus upon the reason or reasons for the challenge; for example, the number of African-Americans struck may be relevant, but the number alone of those dismissed is not determinative.  See, for example, *United States v Matha*, 915 F 2d 1220, 1222 (8th Cir 1990) ("the movant cannot carry the burden of establishing a prima facie case with numbers alone"); *United States v Horsley*, 864 F 2d 1543, 1544 (11th Cir 1989).

The *Batson* Court set-forth the following factors for consideration:  (1) a defendant must make a *prima facie* showing that a peremptory challenge has been exercised on the basis of race; (2) when that showing has been made, the prosecution must offer a race-neutral basis for striking the juror in question; (3) the trial court then must determine whether the defendant has shown purposeful discrimination.  476 US at 97-98.

In *Horsley*, *supra*, the sole African-American in the thirty-two person venire was removed on the basis of the prosecutor's "feeling"; the 11th Circuit found such a "vague" explanation legally insufficient to rebut the prima facie showing.  Additionally, the *Horsley* court noted that if such "general assertions were accepted as rebutting a defendant's prima facie case, the Equal Protection Clause 'would be but a vain and illusory requirement.'" 864 F 2d at 1546, citing *Batson*, 476 US at 98, in turn quoting from *Norris v Alabama*,  294 US 587, 598; 55 S Ct 579, 584-584; 79 L Ed 1074 (1935).

RECEIVED by MCOA 1/26/2016 1:27:04 PM

Obviously, a person deliberately exercising a peremptory challenge for a race-based reason would not expressly state race as the reason.  Instead, racial discrimination will necessarily be hidden behind some expressed rationale, and will not otherwise be open and obvious to judicial scrutiny.  Accordingly, care must be taken to avoid acceptance of a feigned rationale, lest the requirement to rebut a prima facie showing "be but a vain and illusory requirement."  *Norris*, *supra*, 294 US at 598.

As Justice Marshall stated in *Batson*:

> "Any prosecutor can easily assert facially neutral reasons for striking a juror, and trial courts are ill-equipped to second-guess those reasons … Nor is outright prevarication by prosecutors the only danger here ... [It] is even possible that an attorney may lie to himself in an effort to convince himself that his motives are legal."  *Batson*, supra, 476 US at 106 (MARSHALL, J., concurring)(internal citations omitted).

A "pattern" of discrimination, as suggested by the prosecutor, might have been required prior to *Batson*, *e.g.*, *Swain v Alabama*, 380 US 202 (1965*)*, but the law does not require a fixed or minimum number of illegal dismissals before the conduct may be recognized for what it is. *Horsley*, *supra*.  One must ask: How many improper, illegal and unconstitutional dismissals would be allowed under such a standard?  Would the trial court's ruling allow the prosecution to get one free race-based challenge?   If so, which juror is subject to being illegally excused?

 The exclusion of even one juror for a prohibited reason is unconstitutional and violates an accused's due process and equal protection rights.  See, for example, *Martin v Texas*, 200 US 316,

RECEIVED by MCOA 1/26/2016 1:27:04 PM

321; 26 S Ct 338; 50 L Ed 497 (1906)(wherein the United States Supreme Court held that "[w]hat an accused is entitled to demand, under the Constitution of the United States, is that in organizing the grand jury as well as in the empaneling of the petit jury, there shall be no exclusion of his race, and no discrimination against them, because of their race or color").

There is also a broader social harm.  Such challenges also discriminate against the excused juror, who has both a right and obligation to sit.  See, for example, *Strauder v West Virginia*, 100 US 303, 308; 25 L Ed 664 (1880); and *J.E.B. v Alabama ex rel T.B.*, 511 US 127, 128 (1994)(wherein the United States Supreme Court held that gender, like race, is an "unconstitutional proxy for juror competence and impartiality").  "Exclusion of black citizens from service constitutes a primary example of the evil the Fourteenth Amendment was designed to cure," and the harm of such discrimination "extends beyond that inflicted upon the defendant and the excluded juror to touch the entire community," *Batson*, *supra*, 476 US at 87, and adversely impacts the integrity of the judiciary process, and "public confidence in the fairness of our system of justice." *Id.*, citing *Ballard v United States*, 329 US 187, 195 (1946).

The prosecutor's reasons were inadequate.  The trial court's response was erroneous. The harm being done, the remedy, the only practical and applicable remedy for the structural error, is clear: a new trial must be ordered.   Such purposeful exclusion is a structural error which defies harmless error analysis.  *Arizona v Fulminante*, 499 US 279, 309-310; 111 S Ct 1246; 113 L Ed 2d 302 (1991); *Vasquez v Hillery*, 474 US 254; 106 S Ct 617; 88 L Ed 2d 598 (1986); *Neder v United States*, 527 US 1, 8; 119 S Ct 1827; 144 L Ed 2d 35 (1999); *Chapman v California*, 386 US 18; 87 S Ct 824; 17 L Ed 2d 705 (1967); *Brecht v Abrahamson*, 507 US 619, 630; 113 S Ct 1710; 123

RECEIVED by MCOA 1/26/2016 1:27:04 PM

L Ed 2d 353 (1993).  The proceedings below were tainted from the start; the verdict cannot be allowed to stand.

### ARGUMENT III

**THE TRIAL COURT'S SCORING OF TEN POINTS FOR OFFENSE VARIABLE 14 [OFFENDER'S ROLE] WAS ERROR WHICH PLACED MR. UPSHAW IN A HIGHER GRID THAN SUPPORTED BY THE RECORD.  FURTHER, THE RESULTING IMPOSED CONSTITUTED AN UNSUPPORTED DEPARTURE FROM THE GUIDELINES' RANGE, AN ABUSE OF DISCRETION, AND AN UNREASONABLE SENTENCE ON INACCURATE INFORMATION NECESSITATING RESENTENCING.**

**Standard of Review and Preservation of Issue**

A trial court's sentencing decision is generally reviewed for an **abuse of discretion**; questions of law, statutory interpretation, and the implication of constitutional rights are reviewed **de novo**. See *People v Barbee*, 470 Mich 283, 285; 681 NW2d 348 (2004); *People v Babcock*, 469 Mich 247, 253; 666 NW2d 231 (2003); *People v Hegwood*, 465 Mich 432, 436; 636 NW2d 127 (2001); *People v Francisco*, 474 Mich 82, 85; 711 NW2d 44 (2006); *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004); *People v Smith*, 488 Mich 193, 198; 793 NW2d 666 (2010); *People v Lockridge*, __ Mich __ ; __ NW2d __ (2015) (#149073, July 29, 2015), slip op at 11; *North Carolina v Pearce*, 395 US 11; 89 S Ct 2072; 23 L Ed 2d 656 (1969).

Additionally, the trial court's factual findings are reviewed for **clear error**; the trial court's determination that a factor is objective and verifiable, so as to support a departure, is reviewed **de**

RECEIVED by MCOA 1/26/2016 1:27:04 PM

**novo**; and the trial court's determination that the objective and verifiable factor(s) constitute a substantial and compelling reason for a departure is reviewed for an **abuse of discretion**. *Babcock, supra*; *People v Lowery*, 258 Mich App 167; 673 NW2d 107 (2003).

Further, because the Sentencing Guidelines are now advisory, *Lockridge, supra*, appellate review of sentencing decisions is to determine whether a sentence is "**reasonable**," e.g., *United States v Booker*, 543 US 220; 125 S Ct 738; 160 LEd2d 621 (2004), which ultimately is an **abuse of discretion** standard. *Gall v United States*, 552 US 38, 46; 128 S Ct 586, 590; 169 L Ed 2d 445 (2007).

The reasonableness standard was not addressed below; the *Lockridge* decision did not issue until July 29, 2015, after Mr. Upshaw had been sentenced.   A timely objection was raised to the scoring of Offense Variable 14 (Sentence transcript, 11/14/2014, 8).

**Discussion**

Under the statutory guidelines, which were required when Mr. Upshaw was sentenced, 10 points should be scored under offense variable [OV] 14 when the "offender was a leader in a multiple offender situation." MCL 777.44(1)(a).  The trial court, over objection, scored 10 points for OV 14; the result was that Mr. Upshaw had a total OV score of 61 points, which, pursuant to 777.62, placed him in the IV-grid-range with a minimum of between 135 to 225 months [a copy of the Sentencing Information report is attached as Appendix A].  Without the 10 points, Mr. Upshaw would score within the III-grid-range of 126 to 210 months.  The minimum sentence imposed for the armed robbery conviction was 216 months (Sentence transcript, 11-12).

16

RECEIVED by MCOA 1/26/2016 1:27:04 PM

Key to the resolution of the instant case is the fact that Judge Callahan's stated basis, e.g., "The defendant fired multiple shots at her …" (Sentence Transcript, 9), does not establish by a preponderance of the evidence that Mr. Upshaw was a leader in the offense.

"[A] 'leader' is defined in relevant part as 'a person or thing that leads' or 'a guiding or directing head, as of an army or political group.' To 'lead' is defined in relevant part as, in general, guiding, preceding, showing the way, directing, or conducting." *People v Rhodes*, 305 Mich App 85, 90; 849 NW2d 417 (2014). The *Rhodes* Court also noted that while the "evidence unequivocally supports the trial court's factual determination that defendant possessed a gun and the only other person involved in the criminal transaction did not …, the evidence does not show that defendant acted first, gave any directions or orders to Adams, displayed any greater amount of initiative beyond employing a more dangerous instrumentality of harm, played a precipitating role in Adams's participation in the criminal transaction, or was otherwise a primary causal or coordinating agent." *Id*. The Court concluded "that defendant's exclusive possession of a gun during the criminal transaction is some evidence of leadership, however it does not meet the preponderance of the evidence standard found in Hardy." *Id*. Accordingly, the Court reversed the trial court's scoring of OV 14. *Id*. at 90-91.

In contrast, the case of *People v Gibbs*, 299 Mich App 473; 830 NW2d 821(2013), is helpful. In *Gibbs*, the Court upheld the scoring for OV 14 for the codefendant, Henderson, in the consolidated appeal. The Court held that "there was evidence that Henderson was the only

17

RECEIVED by MCOA 1/26/2016 1:27:04 PM

perpetrator with a gun, did most of the talking, gave orders to Gibbs, and checked to make sure Gibbs took everything of value. Kassing [one of the victims] specifically testified that he believed Henderson was the leader." *Id*. at 494.

The evidence at trial showed that *codefendant Walker was first* into the store.  There was no communication between the two men, according to Ms. Williams, nor any threat [or other direction given] from the gunman to Walker (TT, 10/14/2014, 44).  Also, *the codefendant* yelled to Ms. Williams to open the door so the gunman could get what he wanted and then get out (*Id*.).  Assuming, for purposes of argument, "that defendant's exclusive possession of a gun during the criminal transaction is some evidence of leadership … it does not meet the preponderance of the evidence standard found in *Hardy.*" *Rhodes, supra*, 305 Mich App at 90.

The trial court erred in scoring OV 14 at 10 points.  As a result, Mr. Upshaw was placed into a higher grid-range than supported by the record and the additional 6 months in the sentence imposed constituted an unwarranted upward departure.  Because of the change in sentencing-grids, resentencing is required.  *Francisco*, *supra*, 474 Mich at 88-89.

Additionally, in *Lockridge, supra*, the Michigan Supreme Court noted that a trial court has an obligation to "justify" a sentence to facilitate appellate review.  Slip op at 29. The Court further set forth a "reasonableness" standard for sentences, without limiting that standard to sentences imposed only outside of the now-advisory sentencing guidelines range.  The Court held that "[r]esentencing will be required when a sentence is determined to be unreasonable." *Id.*  As noted

18

RECEIVED by MCOA 1/26/2016 1:27:04 PM

above, the trial court apparently scored the offender's role variable because of a finding that Mr. Upshaw fired gunshots during the robbery.  Notably, Mr. Upshaw was acquitted of both the assault with intent to murder and assault with intent to do great bodily harm less than murder charges (TT, 10/16/2014, 66-67).

Mr. Upshaw, twenty-two years-old at sentencing, had no prior adult felony convictions – he was convicted of the home invasion case arising on May 28, 2014 [a copy of the Presentence Investigation Report is filed herewith] – and it appears the trial court imposed the high minimum sentence on the armed robbery conviction in part due to the erroneous determination that Mr. Upshaw had a leader-role in the events, and for the acquitted conduct.  Those bases are not reasonable, are based – at least in part -- on error and inaccurate information -- and the resulting sentence is unreasonable and an abuse of discretion.

Every criminal defendant has a basic fundamental due process right to be sentenced only upon accurate information.  US Const, AM XIV; *Townsend v Burke*, 334 US 736; 68 S Ct 1252 (1948); and see, for example, *Francisco*, *supra*, 474 Mich at 88-89 ("if a minimum sentence falls within the appropriate guidelines range, a defendant is not entitled to be resentenced unless there has been a scoring error or inaccurate information has been relied upon ... It would be in derogation of the law, and fundamentally unfair, to deny a defendant in the instant circumstance the opportunity to be resentenced on the basis of accurate information"); *People v Miles*, 454 Mich 90, 96 (1997)(a "sentence is invalid if based upon inaccurate information"); *People v Jackson*, 487 Mich 783, 793-794; 790 NW2d (2010)("the Legislature intended to have defendants sentenced according to accurately scored guidelines and in reliance on accurate information ... when "appellate correction

19

RECEIVED by MCOA 1/26/2016 1:27:04 PM

of an erroneously calculated guidelines range" results in a sentence that "stands differently in relationship to the correct guidelines range," a defendant is "entitled to be resentenced" (internal footnotes omitted); MCL 769.34(10); *People v Triplett*, 407 Mich 510, 515; 287 NW 2d 165 (1980); *People v Whalen*, 412 Mich 166, 169-170; 312 NW 2d 638 (1981).

Resentencing on the armed robbery count is required.

## **RELIEF REQUESTED**

WHEREFORE, Mr. Upshaw respectfully requests this Honorable Court reverse the convictions and remand for a new trial; alternatively, should the robbery conviction be affirmed, he requests this Honorable Court vacate the armed robbery sentence and remand for a resentencing on that conviction.

Respectfully submitted,

/S/  NEIL J. LEITHAUSER

_____
NEIL J. LEITHAUSER P-33976
Attorney for Defendant-Appellant
101 W. Big Beaver Rd., 14th Flr.
Troy, MI 48084
(248) 687-1404

Dated: January 16, 2016

RECEIVED by MCOA 1/26/2016 1:27:04 PM

STATE OF MICHIGAN

IN THE COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

               Plaintiff-Appellee,

v.

LAFAYETTE DESHAWN UPSHAW,

               Defendant-Appellant.

_____/

Court of Appeals: 325195

Circuit Court
No.  14-006199-01-FC

# APPENDIX A

RECEIVED by MCOA 1/26/2016 1:27:05 PM

| Offender: | Upshaw, Lafayette Deshawn | SSN: 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 | Workload: 1932 | Docket Number: 14006199-01-FC |
|---|---|---|---|---|
| Judge: | The Honorable Michael J Callahan | Bar No.: P25721 | Circuit No.: 03 | County: 82 |

## Conviction Information

Conviction PACC: 750.529

Offense Title: Robbery Armed

Crime Group: Person

Offense Date: 05/28/2014

Crime Class: Class A

Conviction Count: 1 of 3

Scored as of: 05/28/2014

Statutory Max: Life

Habitual: No

Attempted: No

## Prior Record Variable Score

| PRV1: 0 | PRV2: 0 | PRV3: 25 | PRV4: 50 | PRV5: 10 | PRV6: 5 | PRV7: 10 |
|---|---|---|---|---|---|---|

*MJC*  *MJC*  *MJC*

Total PRV: 50

PRV Level: E

## Offense Variable

| OV1: 25 | OV2: 5 | OV3: 0 | OV4: 10 | OV5: 0 | OV6: 0 | OV7: 0 |
|---|---|---|---|---|---|---|
| OV8: 0 | OV9: 10 | OV10: 0 | OV11: 0 | OV12: 1 | OV13: 0 | OV14: 10 *MJC* |
| OV16: 0 | OV17: 0 | OV18: 0 | OV19: 0 | OV20: 0 | | |

Total OV: ~~51~~ 61

OV Level: ~~III~~ IV

## Sentencing Guideline Range

Guideline Minimum Range : 126 to 210

*135 to 225*

## Minimum Sentence

| | Months | Life |
|---|---|---|
| Probation: | | ☐ |
| Jail: | | |
| Prison: | | ☐ |

Sentence Date: _____

Guideline Departure: _____

Consecutive Sentence: _____

Concurrent Sentence: Yes

Sentencing Judge: _____   Date: _____

Prepared By: HARRISON, WARREN K

Upshaw, Lafayette Dushawn - 949256

RECEIVED by MCOA 1/26/2016 1:27:05 PM

**STATE OF MICHIGAN**
**COURT OF APPEALS**

# Bundle Cover Sheet

| Lower Court: | | L Ct No.: | COA No.: |
|---|---|---|---|
| WAYNE CIRCUIT COURT | | 14-006199-FC | 325195 |

**Case Title:**
PEOPLE OF MI V LAFAYETTE DESHAWN UPSHAW

**Priority:**
NONE

## Filer Information

| Filer | Attorney |
|---|---|
| Neil  Leithauser | Neil  Leithauser, P-33976 |
| 101 W. Big Beaver Rd., 14th Floor | 101 W. Big Beaver Rd., 14th Floor |
| Troy, MI 48084 | Troy, MI 48084 |
| 248-687-1404 | 248-687-1404 |
| | nleithauserattorney@comcast.net |

## Filing Summary

| Type | Description | Fee |
|---|---|---|
| MOTION - REGULAR | Motion for Leave to File Supplemental Brief | $100.00 |
| OTHER | Supplemental Brief | $0.00 |
| ATTACHMENT | Appendix to Supplemental Brief | $0.00 |
| PRESENCE INVESTIGATION | Presentence Invstigation Report | $0.00 |
| MOTION - REGULAR | Motion to Remand | $100.00 |
| ATTACHMENT | Appendices to Motion | $0.00 |
| | **Total:** | **$200.00** |

Alternate Payment Reason: None

The document(s) listed above were electronically filed with the Michigan Court of Appeals.

325195-1507610

RECEIVED by MCOA 1/26/2016 1:27:00 PM

**STATE OF MICHIGAN**
MI Court of Appeals

## Proof of Service

| Case Title: | Case Number: |
|---|---|
| PEOPLE OF MI V LAFAYETTE DESHAWN UPSHAW | 325195 |

1. Title(s) of the document(s) served:

| Filing Type | Document Title |
|---|---|
| Motion - Regular | Motion for Leave to File Supplemental Brief |
| Other | Supplemental Brief |
| Attachment | Appendix to Supplemental Brief |
| Presentence Investigation Report (PSIR) | Presentence Invstigation Report |
| Motion - Regular | Motion to Remand |
| Attachment | Appendices to Motion |

2. On 1-26-2016, I served the document(s) described above on:

| Recipient | Address | Type |
|---|---|---|
| Monica Smith<br>Wayne County Prosecutor's Office | msmith@waynecounty.com | e-Service |
| Neil Leithauser<br>Neil Leithauser<br>P-33976 | nleithauserattorney@comcast.net | e-Service |
| Valerie Steer<br>Wayne County Prosecutor's Office<br>P38489 | vsteer@waynecounty.com | e-Service |
| WCPO Appeals<br>Wayne County Prosecutor's Office | WCPAAppeals@waynecounty.com | e-Service |

This proof of service was automatically created, submitted and signed on my behalf through my agreements with TrueFiling and its contents are true to the best of my information, knowledge, and belief.

1-26-2016
_____
Date

/s/ Neil Leithauser
_____
Signature

Neil Leithauser
_____

RECEIVED by MCOA 1/26/2016 1:27:13 PM

MICHAEL J. TALBOT
CHIEF JUDGE
CHRISTOPHER M. MURRAY
CHIEF JUDGE PRO TEM
DAVID H. SAWYER
WILLIAM B. MURPHY
MARK J. CAVANAGH
KATHLEEN JANSEN
HENRY WILLIAM SAAD
JOEL P. HOEKSTRA
JANE E. MARKEY
PETER D. O'CONNELL
KURTIS T. WILDER
PATRICK M. METER
DONALD S. OWENS
KIRSTEN FRANK KELLY

PAT M. DONOFRIO
KAREN FORT HOOD
STEPHEN L. BORRELLO
DEBORAH A. SERVITTO
JANE M. BECKERING
ELIZABETH L. GLEICHER
CYNTHIA DIANE STEPHENS
MICHAEL J. KELLY
DOUGLAS B. SHAPIRO
AMY RONAYNE KRAUSE
MARK T. BOONSTRA
MICHAEL J. RIORDAN
MICHAEL F. GADOLA
JUDGES

JEROME W. ZIMMER JR.
CHIEF CLERK



State of Michigan

# Court of Appeals
**Detroit Office**

January 16, 2015

JONATHAN B D SIMON
PO BOX 2373
BIRMINGHAM  MI  48012


RE:   PEOPLE OF MI V LAFAYETTE DESHAWN UPSHAW
      Court of Appeals No.  325195
      Lower Court No.  14-006199 FC

Dear Appellant:

      Our records indicate that you filed an appeal in this matter but you have failed to perfect the appeal by filing the stenographer's certificate.  The appeal is now eligible for INVOLUNTARY DISMISSAL or other action under MCR 7.217.  You must perfect the appeal within 21 days from the date of this letter to avoid the assessment of $250 costs and the possible dismissal of the appeal.  Filings received after day 21 may be accepted if the matter has not yet been submitted to the Court for dismissal, but costs will be assessed.

      OUR RECORDS INDICATE THE FOLLOWING STENOGRAPHER'S CERTIFICATE(S) ARE OUTSTANDING:

| **TRANSCRIPT ORDER DATE** | **FROM COURT REPORTER(S)** | |
|---|---|---|
| **Tuesday, December 23, 2014** | **SKINNER MARY E** | **Hearing Date 7/25/14** |

              Yours very truly,

              John P. Lowe
              District Clerk

/CNAGEY
CC:  WAYNE COUNTY PROSECUTOR
     SKINNER MARY E

DETROIT OFFICE
CADILLAC PLACE
3020 W. GRAND BLVD. SUITE 14-300
DETROIT, MICHIGAN  48202-6020
(313) 972-5678

TROY OFFICE
COLUMBIA CENTER
201 W. BIG BEAVER RD. SUITE 800
TROY, MICHIGAN  48084-4127
(248) 524-8700

GRAND RAPIDS OFFICE
STATE OF MICHIGAN OFFICE BUILDING
350 OTTAWA, N.W.
GRAND RAPIDS, MICHIGAN  49503-2349
(616) 456-1167

LANSING OFFICE
925 W. OTTAWA ST.
P.O. BOX 30022
LANSING, MICHIGAN  48909-7522
(517) 373-0786

COURT OF APPEALS WEB SITE ~ http://courts.mi.gov/courts/coa/

STATE OF MICHIGAN
IN THE COURT OF APPEALS

**PEOPLE OF THE STATE OF MICHIGAN,**
**Plaintiff-Appellee,**

Court of Appeals No. 325195

**vs**

**LAFEYETTE DESHAWN UPSHAW,**

**Defendant-Appellant.**

**Third Judicial Circuit No. 14-006199-01-FC**
**Hon. David A. Groner**

---

**STIPULATION EXTENDING TIME**
**IN WHICH TO FILE APPELLEE'S BRIEF**

It is stipulated and agreed by and between the parties hereto that the time within which to file the

Appellee's Brief in the above cause be extended from **May 11, 2015 to June 8, 2015.**

Respectfully submitted,

KYM L. WORTHY
Prosecuting Attorney
County of Wayne

TIMOTHY A. BAUGHMAN
Chief of Research, Training and Appeals

Date: _April 7, 2015_
**VALERIE M. STEER (P-38489)**
Assistant Prosecuting Attorney, Appeals
1441 St. Antoine, Suite 1102
Detroit, Michigan 48226-2302
Phone: (313) 224-0205

Date: _April 7, 2015_
/s/ *Jonathan B.D. Simon* (w/permission)
**JONATHAN B.D. SIMON (P-35596)**
Attorney at Law
P.O. Box 2373
Birmingham, Michigan, 48012-2373
(248) 433-1980

cc: Jonathan B.D. Simon

11-30-14

To whom it may concern; my name is JoAnn Green, I'm 65 yr of age, I lived at 6390 Colfax, Detroit Mich, with my children and grandson. I'm the grandmother of Lafayette Shawn Upshaw Jr. On the 28th of May 2014 he was arrested, and beat by Detroit police (he was taken to the hospital and Charged with a crime. His mother (my 2nd oldest daughter) had to get him a Lawyer (Mr. Page) I'd talked to him once, then he end up with another lawyer, this lawyer I talk to over the phone, I throught he would call me as a witness, because I know Shawn as I call him could not have been anywhere else, because at between 3:20 and 3:30 he was getting blessed out by me he'd woke me again. I'd been watching one of my programs and fell asleep I woke up from the knock on the door look at the TV set the time on the cable box thats why I know he couldn't be intwo places at a time I was mad after seeing what time it was and I let (Shawn) Lafayette Upshaw know it to; later when he left at around 7:45 I was still upset, sitting on my front pouch didn't want a kiss or to say love you.

JoAnn Green 11-30-14

TYRAH MCDUFFY
Notary Public, State of Michigan
County of Wayne
Acting in the County of Wayne D.
My Commission Expires Mar. 26, 2021
Tyrah McDuffy 11-30-14

State of Michigan
Attorney Grievance Commission
Buhl Building LLC, 535 Griswold St #1700
Detroit, MI 48226
(313) 961-6585

To Whom It May Concern:

I am writing this letter on behalf of my son Lafayette Upshaw because I do not feel my son was afforded a fair trial. I retained Ray Paige (P41848) as my son's lawyer. Mr. Paige did not keep four required court hearings on four different days. Additionally, Mr. Paige admitted he was busy in other court hearings, which resulted in my son being left with no assistance of counsel. Further, Mr. Paige did not even have the decency to notify the court or myself of his inability to keep the scheduled court hearings.

Moreover, as a single parent, it is a borderline travesty to sacrifice my family's sole income for inadequate legal representation. Consequently, I felt it was in my son's best interest to retain another attorney although his trial was a few weeks away. I hoped the court would be empathetic to my son's ineffective assistance of counsel moving forward.

Subsequently, I retained Attorney Blake Wright. I emphasized to Mr. Wright that the court should show deference to my son's plight with having ineffective assistance of counsel with Mr. Paige. I also asked Mr. Wright to ask the court for an adjournment so that he could adequately prepare for trial. Mr. Wright assured me he would ask the court for an adjournment. However, the judge told my son "no matter what the trial is still going on." Additionally, a witness list was supplied to Mr. Wright and he refused to allow the witnesses to testify.

At this point I have exhausted all efforts to assure my son's constitutional right to a fair trial is upheld.  Therefore, I humbly request that you look into the handling of my son's case and make a fair decision viewing a totality of the circumstances.

Respectfully Submitted,

TYRAH MCDUFFY
Notary Public, State of Michigan
County of Wayne
My Commission Expires Mar. 26, 2021
Acting in the County of Wayne

To Whom it may concern.

My name is Crystal Holloway. I am writing this letter in a plea for my nephew Upshaw. I was a alibi witness to some events that happened on May . His Lawyer knew about me being a witness but he choose not to call on me to give my testimony. That is why I am writing this letter in hopes that he will be granted a new trial in which he will be able to have his witness called to the stand to testify on his behalf.

Crystal Holloway

TYRAH MCDUFFY
Notary Public, State of Michigan
County of Wayne
My Commission Expires Mar. 26, 2021
Acting in the County of Wayne

Tyrah McDuffy    2-15-15

MICHAEL J. TALBOT
CHIEF JUDGE
CHRISTOPHER M. MURRAY
CHIEF JUDGE PRO TEM
DAVID H. SAWYER
WILLIAM B. MURPHY
MARK J. CAVANAGH
KATHLEEN JANSEN
HENRY WILLIAM SAAD
JOEL P. HOEKSTRA
JANE E. MARKEY
PETER D. O'CONNELL
KURTIS T. WILDER
PATRICK M. METER
DONALD S. OWENS
KIRSTEN FRANK KELLY



**State of Michigan**
**Court of Appeals**
**Detroit Office**

PAT M. DONOFRIO
KAREN FORT HOOD
STEPHEN L. BORRELLO
DEBORAH A. SERVITTO
JANE M. BECKERING
ELIZABETH L. GLEICHER
CYNTHIA DIANE STEPHENS
MICHAEL J. KELLY
DOUGLAS B. SHAPIRO
AMY RONAYNE KRAUSE
MARK T. BOONSTRA
MICHAEL J. RIORDAN
MICHAEL F. GADOLA
JUDGES

JEROME W. ZIMMER JR.
CHIEF CLERK

April 21, 2015

JoAnn Green, Toya D. Green,
and Crystal Holloway
5000 Town Center, Suite 806
Southfield, MI 48075

Re: **People of MI v Lafayette Deshawn Upshaw**
Court of Appeals No. **325195**
Lower Court No. **14-006199-01-FC**

Dear Mses. Green and Holloway:

We have received your recent correspondence regarding an alibi for the defendant-appellant in the above-referenced appeal and we have placed the correspondence in the file for this appeal. However, your correspondence cannot be submitted to the judges of this Court. Only formal pleadings filed pursuant to the court rules may be submitted to the judges of this court and defendant-appellant's attorney, Jonathan B. D. Simon, is responsible for filing pleadings on the defendant-appellant's behalf.

If you have any questions about this matter, please contact this office.

Sincerely,

John P. Lowe
Assistant Clerk

cc: Jonathan B. D. Simon
    Valerie M. Steer

DETROIT OFFICE
CADILLAC PLACE
3020 W. GRAND BLVD. SUITE 14-300
DETROIT, MICHIGAN  48202-6020
(313) 972-5678

TROY OFFICE
COLUMBIA CENTER
201 W. BIG BEAVER RD. SUITE 800
TROY, MICHIGAN  48084-4127
(248) 524-8700

GRAND RAPIDS OFFICE
STATE OF MICHIGAN OFFICE BUILDING
350 OTTAWA, N.W.
GRAND RAPIDS, MICHIGAN 49503-2349
(616) 456-1167

LANSING OFFICE
925 W. OTTAWA ST.
P.O. BOX 30022
LANSING, MICHIGAN 48909-7522
(517) 373-0786

COURT OF APPEALS WEB SITE ~ http://courts.mi.gov/courts/coa/

Approved, SCAO

| Distribution of Form: | Original - Appellate court | |
|---|---|---|
| | 1st copy - Trial court | 3rd copy - Appellant/Attorney |
| | 2nd copy - Appellee/Attorney | 4th copy - Reporter/Recorder |
| | | JIS Code: RRC |

| STATE OF MICHIGAN | REPORTER/RECORDER CERTIFICATE | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT | OF ORDERING | |
| JUDICIAL CIRCUIT | TRANSCRIPT ON APPEAL | *14-6199-02* |
| COUNTY PROBATE | Appeal to: ☒ Court of Appeals   ☐ Circuit | |

Court Address _____   Court telephone _____

Plaintiff/Petitioner name(s) and address(es)   ☐ Appellant  ☒ Appellee

PEOPLE OF THE STATE OF MICHIGAN

v

Defendant/Respondent names(s) and address(es)   ☒ Appellant  ☐ Appellee

*LAFAYETTE DESHAWN UPSHAW*

Attorney, bar no. address, and telephone no.

Prosecuting Attorney
1441 St. Antoine
Detroit, MI  48226

Attorney, bar no., address, and telephone no.

*JONATHAN B.D. SIMON P35596*
*P.O. BOX 2373*
*BIRMINGHAM, MI 48012*

☐ Probate  In the matter of _____

This certificate must be filed by appellant or reporter/recorder within 7 days on appeals to the Court of Appeals.
This certificate must be filed by appellant within 7 days on appeal to the circuit court.

I am a certified court reporter/recorder for the court designated above and I certify that:

1. On *12-16-14*   ☐ A portion of the   ☒ The complete   transcript of proceedings taken before
   Date

   *10-9-14, 10-14-14, 10-15-14*

   Judge *MICHAEL J. CALLAHAN*   on *10-16-14, 11-14-14*   was orde
   Date(s)

   ☐ a. _____, attorney for _____
      Attorney name (type or print)         Name (type or print)

   ☐ b.  the appellant, _____
         Name (type or print)

   ☒ c.  the court.

☒ 2. Payment has been secured and the transcript will be furnished by me   *MAR 12, 2015*
      Estimated number of pages is _____*700*_____   Estimated date of completion

☐ 3. The transcript as been filed with the court and furnished as requested.  Date filed: _____

☐ 4. There is no record to be transcribed.   ☐ 5. Not the designated reporter.

I declare that the statements above are true to the best of my information, knowledge, and belief.

*12-16-14*
Date

Reporter/Recorder signature

JEFFREY B. GOLDSMITH
Name (print or type)

CSMR-0037
Certification designation and number
703 FRANK MURPHY HALL OF JUSTICE
1441 ST. ANTOINE ST.
Business address

DETROIT, MI, 48226         313-224-5237
City, state, zip              Telephone no.

List names, certification designations and numbers, and dates of each proceeding of each reporter

*325195*

| STATE OF MICHIGAN<br>3rd JUDICIAL CIRCUIT<br>WAYNE COUNTY | CLAIM OF APPEAL AND<br>ORDER APPOINTING COUNSEL<br>☒ Order Amended | CASE NO. AND SUFFIX<br>14-6199          01 |
|---|---|---|

Amended Reason: ADDITIONAL TRANSCRIPTS

Court Address
1441 ST. ANTOINE, ROOM 917, DETROIT, MI 48226

Court Phone No.
(313) 224-6221

| People of THE STATE OF MICHIGAN | Date of Birth, Address, Inmate Number (if known)          11/30/1991 |
|---|---|
| V | CHARLES EGELER RECEPTION & GUIDANCE          949256<br>CENTER<br>3855 COOPER STREET<br><br>JACKSON, MI 49201-7518 |

| Defendant Name, Last | First | Middle |
|---|---|---|
| UPSHAW | LAFAYETTE | DESHAWN |

| Offense Information | | | | | | | Terms of Incarceration | | | | | | | | | | Intermediate Sanctions | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | Minimum | | | Maximum | | | | | | | Probation | | | | | |
| Description | PACC Code | H | C | A | S | Y | M | D | Y | M | D | K | P | J | Y | M | D | R | F | O |
| ROBBERY/ARMED | 750.529 | | | | | | 216 | | | 480 | | | X | | | | | | | |
| WEAPON/DANGEROUS/CARRYING UNLAW. INTENT | 750.226 | | | | | | 12 | | | 60 | | | X | | | | | | | |
| WEAPONS/FELONY FIREARM | 750.227B-A | | | | | 2 | | | 2 | | | X | X | | | | | | | |

H=Habitual C=Conspiracy A=Attempt S=Solicitation Y=Year M=Month D=Day K=Consecutive P=Prison J=Jail F=Fine O=Other

The defendant claims an appeal from a final judgment or order entered on 11/14/2014 in the 3rd Circuit Court, WAYNE County, Michigan by Judge MICHAEL J. CALLAHAN 25721. Copies of the final judgment or order being appealed and docket entries are attached for the Court of Appeals, appointed counsel, and Michigan Appellate Assigned Counsel System.

On 12/12/2014, the defendant filed a request for appointment of counsel and a declaration of indigency.

IT IS ORDERED:

JONATHAN B.D. SIMON                          P.O. BOX 2373

Name of Appellate Counsel                          Address

BIRMINGHAM, MI 48012                          248 433 1980                          35596

City, State, ZIP Code                          Telephone No.                          Bar No.

Is appointed counsel for the defendant in post-conviction proceedings. If appointed counsel can not or will not accept this appointment, he/she shall notify the court immediately. Copies of the final judgment or order being appealed and docket entries are attached for appointed counsel and Michigan Appellate Assigned Counsel System (MAACS).

The court reporter(s)/recorder(s) shall file with the trial court clerk the transcripts checked below and any other transcripts requested by counsel in this case not previously transcribed. Transcripts shall be filed within 28 days for pleas or 91 days for trials from the date ordered or requested [MCR 7.20(B)]. Reporter(s)/recorder(s) shall be paid as provided by law.

| Transcripts Ordered | Reporter/Recorder Name | Other Description | Previously Ordered | Filed | Reporter Number | Date(s) of Proceeding |
|---|---|---|---|---|---|---|
| ARRAIGNMENT | MARY SKINNER | | | | | 07/25/2014 |
| CALENDAR CONFERENCE | JEFFREY GOLDSMITH | | | | | 08/05/2014 |
| PRETRIAL | JEFFREY GOLDSMITH | | | | | 10/02/2014 |
| PRETRIAL | JEFFREY GOLDSMITH | | | | | 10/08/2014 |
| JURY TRIAL | JEFFREY GOLDSMITH | | X | | | 10/09/2014 |
| JURY TRIAL | JEFFREY GOLDSMITH | | X | | | 10/14/2014 |
| JURY TRIAL | JEFFREY GOLDSMITH | | X | | | 10/15/2014 |
| JURY TRIAL | JEFFREY GOLDSMITH | | X | | | 10/16/2014 |
| SENTENCE | JEFFREY GOLDSMITH | | X | | | 11/14/2014 |

The clerk shall immediately send to counsel a copy of the transcripts ordered above or requested by counsel as they become available. The clerk shall forward documents upon request by counsel [MCR 6.433].

12/23/2014

Date

ROBERT J. COLOMBO, JR.

Judge

25806

Bar No.

## CERTIFICATE OF MAILING

I certify that on this date I mailed a copy of this claim of appeal to appointed counsel,defendant,court reporter(s)/recorder(s), prosecutor, Court of Appeals, and the Michiagn Appellate Assigned Cousel System (MAACS).  I also mailed a copy of the final judgment  or order being appealed and the docket entries to appointed counsel, the Court of Appeals, and MAACS.  I also mailed a copy of the defendant's request for appointment of counsel to apppointed counsel, the prosecutor, and MAACS.

12/23/2014

Date

Signature

RECEIVED
2015 JAN -5  PM 12: 17
COURT OF APPEALS
DETROIT OFFICE

*325195*

| STATE OF MICHIGAN<br>3rd JUDICIAL CIRCUIT<br>WAYNE COUNTY | CLAIM OF APPEAL AND<br>ORDER APPOINTING COUNSEL<br>☒ Order Amended | CASE NO. AND SUFFIX<br>14-6199　　01 |
|---|---|---|

Amended Reason: ADDITIONAL TRANSCRIPTS

Court Address
1441 ST. ANTOINE, ROOM 917, DETROIT, MI 48226

Court Phone No.
(313) 224-6221

| **People of THE STATE OF MICHIGAN** | Date of Birth, Address, Inmate Number (if known)　　11/30/1991 |
|---|---|
| **v** | CHARLES EGELER RECEPTION & GUIDANCE　　949256<br>CENTER<br>3855 COOPER STREET<br>JACKSON, MI 49201-7518 |

| Defendant Name, Last | First | Middle |
|---|---|---|
| UPSHAW | LAFAYETTE | DESHAWN |

| Offense Information | | | | | | Terms of Incarceration | | | | | | | | | Intermediate Sanctions | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Minimum | | | Maximum | | | | | | Probation | | | | | | |
| Description | PACC Code | H | C | A | S | Y | M | D | Y | M | D | K | P | J | Y | M | D | R | F | O |
| ROBBERY/ARMED | 750.529 | | | | | | 216 | | | 480 | | | X | | | | | | | |
| WEAPON/DANGEROUS/CARRYING UNLAW. INTENT | 750.226 | | | | | | 12 | | | 60 | | | X | | | | | | | |
| WEAPONS/FELONY FIREARM | 750.227B-A | | | | | 2 | | | 2 | | | X | X | | | | | | | |

H=Habitual C=Conspiracy A=Attempt S=Solicitation Y=Year M=Month D=Day K=Consecutive P=Prison J=Jail F=Fine O=Other

The defendant claims an appeal from a final judgment or order entered on 11/14/2014 in the 3rd Circuit Court, WAYNE County, Michigan by Judge MICHAEL J. CALLAHAN 25721. Copies of the final judgment or order being appealed and docket entries are attached for the Court of Appeals, appointed counsel, and Michigan Appellate Assigned Counsel System.

On 12/12/2014, the defendant filed a request for appointment of counsel and a declaration of indigency.

IT IS ORDERED:

JONATHAN B.D. SIMON

Name of Appellate Counsel

BIRMINGHAM, MI 48012

City, State, ZIP Code

P.O. BOX 2373

Address

248 433 1980　　　　35596

Telephone No.　　　　　Bar No.

Is appointed counsel for the defendant in post-conviction proceedings. If appointed counsel can not or will not accept this appointment, he/she shall notify the court immediately. Copies of the final judgment or order being appealed and docket entries are attached for appointed counsel and Michigan Appellate Assigned Counsel System (MAACS).

The court reporter(s)/recorder(s) shall file with the trial court clerk the transcripts checked below and any other transcripts requested by counsel in this case not previously transcribed. Transcripts shall be filed within 28 days for pleas or 91 days for trials from the date ordered or requested [MCR 7.20(B)]. Reporter(s)/recorder(s) shall be paid as provided by law.

| Transcripts Ordered | Reporter/Recorder Name | Other Description | Previously Ordered | Filed | Reporter Number | Date(s) of Proceeding |
|---|---|---|---|---|---|---|
| ARRAIGNMENT | MARY SKINNER | | | | | 07/25/2014 |
| CALENDAR CONFERENCE | JEFFREY GOLDSMITH | | | | | 08/05/2014 |
| PRETRIAL | JEFFREY GOLDSMITH | | | | | 10/02/2014 |
| PRETRIAL | JEFFREY GOLDSMITH | | | | | 10/08/2014 |
| JURY TRIAL | JEFFREY GOLDSMITH | | X | | | 10/09/2014 |
| JURY TRIAL | JEFFREY GOLDSMITH | | X | | | 10/14/2014 |
| JURY TRIAL | JEFFREY GOLDSMITH | | X | | | 10/15/2014 |
| JURY TRIAL | JEFFREY GOLDSMITH | | X | | | 10/16/2014 |
| SENTENCE | JEFFREY GOLDSMITH | | X | | | 11/14/2014 |

The clerk shall immediately send to counsel a copy of the transcripts ordered above or requested by counsel as they become available. The clerk shall forward documents upon request by counsel [MCR 6.433].

12/23/2014

Date

*Robert J. Colombo Jr.*

ROBERT J. COLOMBO, JR.
Judge

25806
Bar No.

## CERTIFICATE OF MAILING

I certify that on this date I mailed a copy of this claim of appeal to appointed counsel,defendant,court reporter(s)/recorder(s), prosecutor, Court of Appeals, and the Michiagn Appellate Assigned Cousel System (MAACS). I also mailed a copy of the final judgment or order being appealed and the docket entries to appointed counsel, the Court of Appeals, and MAACS. I also mailed a copy of the defendant's request for appointment of counsel to apppointed counsel, the prosecutor, and MAACS.

12/23/2014

Date

Signature

RECEIVED
2015 JAN -5 PM 12: 17
COURT OF APPEALS
DETROIT OFFICE

| | Distribution of Form: Original - Appellate court | 3rd copy - Appellant/Attorney |
|---|---|---|
| | 1st copy - Trial court | 4th copy - Reporter/Recorder |
| Approved, SCAO | 2nd copy - Appellee/Attorney | JIS Code: RRC |

| STATE OF MICHIGAN | REPORTER/RECORDER CERTIFICATE | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT | OF ORDERING OF | *14-6199-01* |
| JUDICIAL CIRCUIT | TRANSCRIPT ON APPEAL | |
| COUNTY PROBATE | Appeal to: ☒ Court of Appeals ☐ Circuit | |

**Court Address** _____ **Court telephone** _____

| Plaintiff/Petitioner name(s) and address(es) ☐ Appellant ☒ Appellee | | Defendant/Respondent names(s) and address(es) ☒ Appellant ☐ Appellee |
|---|---|---|
| PEOPLE OF THE STATE OF MICHIGAN | V | *LAFAYETTE DESHAWN UPSHAW* |

| Attorney, bar no. address, and telephone no. | Attorney, bar no., address, and telephone no. |
|---|---|
| Prosecuting Attorney<br>1441 St. Antoine<br>Detroit, MI 48226 | *JONATHAN B. D. SIMON*<br>*P.O. BOX 2373*<br>*BIRMINGHAM, MI 48012* |

☐ Probate In the matter of _____

---

This certificate must be filed by appellant or reporter/recorder within 7 days on appeals to the Court of Appeals.
This certificate must be filed by appellant within 7 days on appeal to the circuit court.

---

I am a certified court reporter/recorder for the court designated above and I certify that:

1. On ___*12-23-14*___ ☐ A portion of the ☒ The complete transcript of proceedings taken before

Judge *MICHAEL J. CALLAHAN* on *8-5-14, 10-02-14, 10-8-14* was orde

   ☐ a. _____, attorney for _____
         Attorney name (type or print)           Name (type or print)

   ☐ b. the appellant, _____
               Name (type or print)

   ☒ c. the court.

☒ 2. Payment has been secured and the transcript will be furnished by me *MAR 17 2015*
     Estimated number of pages is ___*60*___     Estimated date of completion

☐ 3. The transcript as been filed with the court and furnished as requested. Date filed: _____

*COURT OF APPEALS DETROIT OFFICE 2015 JAN -7 PM 2:17 RECEIVED*

STATE OF MICHIGAN

13 FEB -5 AM 8: 59

THIRD JUDICIAL CIRCUIT OF MICHIGAN

THE PEOPLE OF THE STATE OF MICHIGAN,

COURT REPORTING

Case No: _14-6199-01_

v.

*Lafayette Deshawn Upshaw*
Defendant(s).

<u>NOTICE OF FILING TRANSCRIPT **ON APPEAL** WITH THE WAYNE COUNTY CLERK</u>

Please take notice that the undersigned court reporter has this date, 2-5-2015 filed with the Wayne County Clerk _____ volume(s) of certified transcript of proceedings had in the above-entitled cause for appellate review, an original and _____ copies have been prepared.

(Type of proceedings – indicate with initial)
Jury Trial      Waiver Trial           Plea      Sentence      AOI      Other_____

| Date(s) Filed | Type | Pages | Date(s) Filed | Type | Pages |
|---|---|---|---|---|---|
| 7-25-2014 | A | 5 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

MARY E. SKINNER, CSR 0031

Further, the undersigned did mail or deliver a copy of this document, Notice of Filing Transcript on Appeal with the Wayne County Clerk on the date indicated below to the following:

| Wayne County Clerk's Office | Clerk of the Court | Wayne County Prosecutor |
|---|---|---|
| Frank Murphy Hall of Justice | Michigan Court of Appeals | Appeals Division |
| 1441 St. Antoine | 3020 W. Grand Blvd., #14-300 | 1441 St. Antoine |
| Detroit, Michigan 48226 | Detroit, Michigan 48202 | Detroit, Michigan 48226 |

Attorney for Defendant(s) (name and address):
Jonathan Simon
P.O. Box 2373
Birmingham, MI
48012

Processed
Notice of Filing Sent  2-5-15

Clerk

Transcript Processing Unit

RECEIVED BY MCOA 02/11/2015

325195 NFT Goldsmith

STATE OF MICHIGAN

THIRD JUDICIAL CIRCUIT COURT (WAYNE COUNTY)

THE PEOPLE OF THE STATE OF MICHIGAN,

v

Case No. _14-6199-01_

LAFAYETTE DESHAWN UPSHAW

Defendant(s).

_____ /

## NOTICE OF FILING TRANSCRIPT ON APPEAL WITH CLERK

Please take notice that the undersigned Court Reporter has this date, _FEB 20, 2015_
filed with the Clerk of the Court _____4_____ Volume(s) of Certified Transcript of proceedings, had
in the above-entitled cause for Appellate Review, an original and _____8_____ copies have been prepared.

ORIGINALS FILED FOR 10-9-14, 10-14-14,
10-15-14, 10-16-14

(Type of proceedings -- indicate with initial)

Jury Trial        Waiver Trial        Plea        Sentence        AOI        Motion        Other WITH 14-6199-02

| | Date(s) Filed | Type | Pages | Date(s) Filed | Type | Pages | Date(s) Filed | Type | Pages |
|---|---|---|---|---|---|---|---|---|---|
| COPY ONLY | 10-9-14 | JT | 123 | 10-9-14 | M | 5 | | | |
| | 10-14-14 | JT | 120 | | | | | | |
| | 10-15-14 | JT | 103 | | | | | | |
| | 10-16-14 | JT | 71 | | | | | | |
| | 1-14-14 | S | 14 | | | | | | |
| | 8-5-14 | M | 7 | | | | | | |
| | 10-2-14 | M | 5 | | | | | | |

_Jeffrey B. Goldsmith_   Jeffrey B. Goldsmith  CSMR-0037

Further, the undersigned did mail or deliver a copy of this document, Notice of Filing Transcript on Appeal with Clerk, on the date
indicated below to the following:

Clerk of the Court
Frank Murphy Hall of Justice
1441 St. Antoine
Detroit, MI 48226

Clerk of the Court
Michigan Court of Appeals
3020 West Grand Blvd., Suite 14-300
Detroit, MI 48202

Wayne County Prosecuting Attorney
Appellate Section
1441 St. Antoine
Detroit, MI 48226

Attorney(s) for Defendant(s) (Name & Address):
_JONATHAN B. D. SIMON_
_P.O. BOX 2373_
_BIRMINGHAM, MI 48012_

Processed
Notice of Filing Sent
_2/26/15_
Clerk

Transcript Processing Unit

09/24/01

p.2

RECEIVED BY MCOA ON 02/27/15

Feb 25 15 10:26a

STATE OF MICHIGAN
IN THE COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

                Plaintiff-Appellee,

v                                                                Docket No. 325195

LAFAYETTE DESHAWN UPSHAW,

                Defendant-Appellant.
_____/

Wayne Circuit Court No. 2014-006169-01-FC
_____

DEFENDANT-APPELLANT'S BRIEF ON APPEAL
* * * ORAL ARGUMENT REQUESTED * * *

CERTIFICATION OF SERVICE

JONATHAN B.D. SIMON  (P35596)
Attorney for Defendant-Appellant
P.O. Box 2373
Birmingham, Michigan  48012-2373
(248) 433-1980

RECEIVED by MCOA 4/6/2015 8:57:21 AM

TABLE OF CONTENTS

Page

STATEMENT OF APPELLATE JURISDICTION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF QUESTIONS PRESENTED.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT I:

   THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE
   PROSECUTOR'S MOTION TO ENDORSE A KEY WITNESSES ON THE
   SECOND DAY OF TRIAL OVER APPELLANT'S TIMELY OBJECTION. . . . . . . . . 4

ARGUMENT II:

   THE TRIAL COURT DENIED APPELLANT A FAIR TRIAL BY ADMITTING
   IRRELEVANT AND UNDULY PREJUDICIAL TESTIMONY THAT HE
   REFUSED TO PARTICIPATE IN A LINEUP. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT III:

   APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE
   EFFECTIVE ASSISTANCE OF COUNSEL WHERE HIS TRIAL ATTORNEY
   FAILED TO INVESTIGATE POTENTIAL ALIBI WITNESSES, AND FAILED TO
   FILE THE REQUIRED NOTICE OF INTENT TO PRESENT AN ALIBI DEFENSE
   AND PRESENT THE ALIBI WITNESSES, WHICH WOULD HAVE BEEN
   CONSISTENT WITH THE DEFENSE THEORY AT TRIAL THAT APPELLANT
   WAS MISIDENTIFIED AS THE PERPETRATOR OF THE OFFENSES. . . . . . . . . . . 9

RELIEF REQUESTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

STATEMENT OF APPELLATE JURISDICTION

   Appellant was convicted in the Wayne County Circuit Court by jury trial.  A judgment of

sentence was entered November 14, 2014.  A claim of appeal was filed December 17, 2014 by the

trial court pursuant to his request for appointment of appellate counsel, received December 12, 2014,

as authorized by MCR 6.425(F)(3).  This Court has jurisdiction in this appeal of right provided for

by Mich Const 1963, art 1, §20; MCL 600.308(1), MCL 770.3, MCR 7.203(A), MCR 7.204(A)(2).

RECEIVED by MCOA 4/6/2015 8:57:21 AM

INDEX OF AUTHORITIES

CASES                                                                                         Page

Avery v Prelesnik, 548 F 3d 434 (CA6, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Blackburn v Foltz, 828 F.2d 1177 (CA6, 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12,13

Brown v Smith, 551 F 3d 424 (CA6, 2008).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

English v Romanowski, 602 F 3d 714 (CA6, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Horton v Zant, 941 F.2d 1449 (CA11, 1991).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Lisenba v California, 314 US 219; 62 S Ct 280; 86 L Ed 166 (1941). . . . . . . . . . . . . . . . . 8

People v Armstrong, 490 Mich 281 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

People v Bass, 247 Mich App 385 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

People v Burwick, 450 Mich 281 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

People v Carbin, 463 Mich 590 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

People v Duke, 136 Mich App 798 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

People v Ginther, 390 Mich 436 (1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11,13

People v Gonzalez, 468 Mich 636 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

People v Grant, 470 Mich 477 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

People v Harrison, 44 Mich App 578 (1973).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

People v Hayden, 132 Mich. App. 273 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

People v Hayes, 64 Mich App 203 (1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8

People v Heard, 178 Mich App 692 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

People v Iaconnelli, 112 Mich App 725 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

People v Mitchell, 454 Mich 145 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,10

People v Pickens, 446 Mich 298 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

People v Reeder, 370 Mich 378 (1963). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

People v Rodgers, 248 Mich App 702 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

People v Starr, 457 Mich 490 (1998).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

People v Stratton, 148 Mich App 70 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

iii

RECEIVED by MCOA 4/6/2015 8:57:21 AM

People v Travis, 443 Mich 668 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6

People v Vaughn, 447 Mich 217 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Robinson v United States, 744 F Supp 2d 684 (E D Mich, 2010). . . . . . . . . . . . . . . . . . . . . 12

Sitz v Dept. of State Police, 443 Mich 744 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

State v Wilson, 632 NE 2d 1384 (Ohio App, 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6

Strickland v Washington, 466 US 668;104 S Ct 2052; 80 L Ed 2d 674 (1984). . . . . . . . . 10,11,12

Towns v Smith, 395 F.3d 251, 258 (CA6, 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

United States v Ailstock, 546 F2d 1285 (CA 6, 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

United States v Myers, 550 F. 2d 1036 (CA5, 1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Von Moltke v Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948). . . . . . . . . . . . . . . . 12

Williams v Florida, 399 US 78; 90 S Ct 1893; 26 L Ed 2d 446 (1970). . . . . . . . . . . . . . . . . . 6

Wong Sun v United States, 371 US 471; 83 SCt 407; 9 L Ed 2d 441 (1963). . . . . . . . . . . . . . . 8

Workman v Tate, 957 F.2d 1339 (CA6, 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

STATUTES

MCL 750.83. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MCL 750.84. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MCL 750.227b. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MCL 750.239. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MCL 750.529. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MCL 767.40a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,6

MCL 768.20. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONSTITUTIONS

Mich Const art I, § 17. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,8

Mich Const 1963, art 1, § 20. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

US Const, Am VI. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,9,10,11,12

US Const Am XIV. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,8

RECEIVED by MCOA 4/6/2015 8:57:21 AM

OTHER AUTHORITIES

Fed R Crim P 12.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

MCR 6.201. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

MCR 7.211. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

MRE 404(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STATEMENT OF QUESTIONS PRESENTED

I

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE PROSECUTOR'S MOTION TO ENDORSE A KEY WITNESSES ON THE SECOND DAY OF TRIAL OVER APPELLANT'S TIMELY OBJECTION.

Defendant-Appellant answers this question "Yes".
Plaintiff-Appellee answered this question "No".
The court below answered this question "No".

II

WHETHER THE TRIAL COURT DENIED APPELLANT A FAIR TRIAL BY ADMITTING IRRELEVANT AND UNDULY PREJUDICIAL TESTIMONY THAT HE REFUSED TO PARTICIPATE IN A LINEUP.

Defendant-Appellant answers this question "Yes".
Plaintiff-Appellee answered this question "No".
The court below answered this question "No".

III

WAS APPELLANT DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE HIS TRIAL ATTORNEY FAILED TO INVESTIGATE POTENTIAL ALIBI WITNESSES, AND FAILED TO FILE THE REQUIRED NOTICE OF INTENT TO PRESENT AN ALIBI DEFENSE AND PRESENT THE ALIBI WITNESSES, WHICH WOULD HAVE BEEN CONSISTENT WITH THE DEFENSE THEORY AT TRIAL THAT APPELLANT WAS MISIDENTIFIED AS THE PERPETRATOR OF THE OFFENSES.

Defendant-Appellant answers this question "Yes".
Plaintiff-Appellee answered this question "No".
The court below answered this question "No".

v

RECEIVED by MCOA 4/6/2015 8:57:21 AM

## STATEMENT OF FACTS

"T1"-"T4" and "S" refer to transcripts of the October 9, 14, 15, 16,  2014 jury trial and November 14, 2014 sentencing, held in the Wayne Circuit Court before the Hon. Michael J. Callahan.  Numbers following transcript references cite transcript pages.

Defendant-Appellant Lafayette DeShawn Upshaw ("Appellant") and co-defendant Darrell Miles Walker ("Walker") were charged with armed robbery [MCL 750.529] as to complainant Tina Williams.  Appellant was also charged with carrying a dangerous weapon with unlawful intent [MCL 750.239], felony firearm [MCL 750.227b], assault with intent to murder [MCL 750.83] and assault with intent to do great bodily harm [MCL 750.84] also as to Williams.  The offenses were alleged to have occurred at 1920 West Fisher Service Drive in the City of Detroit.  On October 9, 2014, they appeared for trial.  After jury selection, (T1 121, T2 3, 6), preliminary matters, (T2 4-5), preliminary jury instructions  (T2 6-16) and opening statements, (T2 16-29), the witnesses testified as follows:

After stipulating to the admission of surveillance video and photographs, (T2 30), Tina Williams stated that she is a cashier at the Mobil gas station located at 1920 West Fischer Service Drive in Detroit.  At about 3:30 a.m. May 28, 2014, she was on duty alone.  (T2 30-31, 48).  According to Williams, a person she identified as Walker entered and began to mill about the store as she watched from behind a bulletproof enclosure.  (T2 32-34).  As she was attending to a customer she heard "give me your money."  She looked up and saw the customer being robbed by an armed man wearing a grey hoodie and a t-shirt pulled up over his nose and mouth.  As he moved about, the hood would reveal his forehead and the shirt would reveal his nose.  The man, whom she identified as Appellant,  fired shots in her direction, kicked on the door to the cash register area and told her to open the door or he would kill her.  After he emptied the gun, both men left the store.  (T2 36-44).

When the police arrived forty-five minutes later, the two female customers had already departed.  On June 3, 2014 she gave a written statement describing the men and their clothing.  She also viewed photographic arrays and the surveillance video, from which she identified Appellant as the person who tried to rob her and Walker as the other man who was in the store at the time.  (T2 45-53, 55-67, 87-101).  She noted that the shooter wore shorts and royal blue shoes.  (T2 77-78, 93).

1

RECEIVED by MCOA 4/6/2015 8:57:21 AM

Corporal Mario Hill is a deputy sheriff assigned to the Division One Support Unit at the Wayne County Jail. When notified that a lineup has been requested involving a prisoner, he assembles other prisoners who are physically similar to the subject to participate in the array. (T3 4-5, 10). According to Hill, on June 3, 2014 Detroit Police Officer Brown requested a lineup involving Appellant. Hill informed Appellant of the lineup request. Appellant refused participate in a lineup and signed a refusal form provided to him by Hill. (T3 5-9. 12). Hill did not know whether the lineup request pertained to the armed robbery case or the home invasion case. (T3 11).

Detroit Police Officer Mary Gross is an evidence technician. She arrived at 5:40 a.m. with her partner, Officer Raymond Diaz. She took photographs and Diaz prepared a diagram, both depicting the location of evidence collected and damaged attributed to firearm projectile impact. They collected a 9 mm shell casing from in front of the door and two others in the shelving area just below the plastic in front of the counter, which were placed on evidence. (T3 13-26, 29-31). Diaz dusted the door to the clerk's area and packages in the lobby but found no fingerprints. (T3 26-27). She viewed the surveillance video and saw the person apparently picking up casings. (T3 29, 33).

Detroit Police Officer Khary Mason stated he viewed the video and recognized Walker, with whom he had numerous contacts. Mason had contact with Walker a week before the gas station robbery and recognized Walker in the video from the shirt and a splint on his left hand. (T3 46-51).

Detroit Police Officer Nathaniel Womack stated that at 8:10 a.m. May 28, 2014 he and his partner, Officer Bullock, were called to 19475 Washburn to investigate a report of a home invasion. In the backyard he met with a neighbor, which caused him to notice two persons inside the house. He arrested Walker who was exiting a window and wearing a hoodie and blue jeans. (T3 51-57).

Detroit Police Officer Shannon Bullock stated she too responded to the home invasion report, where she observed a broken rear window and heard sounds inside. She identified both Walker and Appellant as person she saw inside the house. He exited the window and was arrested by her after a brief chase. Bullock reported that he was wearing a grey hooded sweater with a zipper, but no shirt underneath. Also black thermal pants with black shorts over them and brown boots. (T3 59-63, 65-

2

RECEIVED by MCOA 4/6/2015 8:57:21 AM

67).  She did not recover any weapon or spent casings from him or smell gun powder.  (T3 64, 67).

Detroit Police Officer Rhonda Lewis lives at 19475 Washburn.  At about 8:10 a.m. May 28, 2014 she received a call from the alarm company, relayed the information to Officer Womack and went there herself. She arrived ten to fifteen minutes later and saw her rear sun porch window broken out, her rear door kicked in, her bedroom window open, her living room blinds and screen disturbed and two men in custody.  She identified jewelry taken from Walker by Officer Womack. (T3 68-71).

Detroit Police Detective Roland Brown is the officer in charge.  (T3 73).  When he arrived at the gas station, Tina Williams was no longer present.  He viewed the surveillance video and was later contacted by Officer Mason, who reported that he saw the video and identified Walker.  (T3 73-75).  Brown learned that Mason and Appellant had been arrested later that morning for a home invasion.  On June 3, 2014 he took a statement from Williams and had her attend photo lineups from which she identified both Appellant and Walker.  He was unable to determine the identify of the two women who were present at the time of the gas station robbery or recover any weapons.  (T3 76-82). He recovered and photographed the grey hoodie and Nike t-shirt worn by Walker, who had a bandaged finger. The only clothing found in Appellant's property was a pair of tan boots. (T3 82-85).

The remaining prosecution witnesses were waived, (T3 97-98), the People rested, (T3 102), and jury instructions were discussed.  (T4 3-5).  For the defense, Jeffrey Haugabuck stated that he is the manager of Tony's Bar and Grill, located at 14906 Schaeffer, and that Appellant is an employee. (T4 6).  On May 27, 2014 Appellant arrived at work at 9:00 p.m. and remained at the bar until 3:00 a.m. May 28, 2014.  At 3:15 or 3:20 a.m. he dropped Appellant off at home at Warren and Colfax.  (T4 7-8).  He recalled Appellant wore wheat colored Timberland boots; he has never seen Appellant wear purple gym shoes; and opined that Appellant was not the man in the video. (T4 8-9).

Appellant and Walker waived their right to testify, (T4 11) and the defense rested.  (T4 10). After closing arguments, (T4 12-45) and final jury instructions (T4 45-61), Appellant was found guilty of counts 1, 2 and 3 only.  (T4 66-69).  From concurrent terms of 216-480 months for count 1 and 12-60 months for count 2, consecutive to 24 months for count 3, (S 11), he appeals as of right.

RECEIVED by MCOA 4/6/2015 8:57:21 AM

ARGUMENT I

THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE PROSECUTOR'S MOTION TO ENDORSE A KEY WITNESSES ON THE SECOND DAY OF TRIAL OVER APPELLANT'S TIMELY OBJECTION.

Issue Preservation and Standard of Review

The issue was preserved by a timely objection by counsel. (T2 4). The late endorsement of witnesses is reviewed for an abuse of discretion. <u>People</u> v <u>Heard</u>, 178 Mich App 692 (1989).

Discussion

On the second day of trial, the prosecutor sought to amend it's witness list to add Officer Rhonda Lewis. Officer Lewis was the owner of the house from which Appellant and Walker fled hours after the gas station robbery. (T2 4). The witness was known to the prosecution far in advance of the date it's initial witness list was filed. She is the complainant in the home invasion case Appellant and Walker were also charged with committing. The prosecutor certainly cannot claim that the late endorsement was due to any lack of knowledge. The trial court denied Appellant his constitutional right to a fair trial when it granted the motion. US Const, Am VI and Mich Const 1963, art 1, § 20 both provide that a criminal defendant has the right, among other things, "to be confronted with the witnesses against him . . . ." US Const, Am VI also provides, in part, that a defendant has the right "to be informed of the nature and cause of the accusation". Const 1963, art 1, § 20 similarly provides for the right "to be informed of the nature of the accusation". Also implicated is the right to present a defense. US Const Ams VI; XIV; Mich Const art I, §§ 17, 20.

To implement these constitutional rights, MCL 767.40a provides, in pertinent part;

(1) The prosecuting attorney shall attach to the filed information a list of all witnesses known to the prosecuting attorney who might be called at trial and all res gestae witnesses known to the prosecuting attorney or investigating law enforcement officers.

(2) The prosecuting attorney shall be under a continuing duty to disclose the names of any further res gestae witnesses as they become known.

(3) Not less than 30 days before the trial, the prosecuting attorney shall send to the defendant or his or her attorney a list of the witnesses the prosecuting attorney intends to produce at trial.

4

RECEIVED by MCOA 4/6/2015 8:57:21 AM

(4) The prosecuting attorney may add or delete from the list of witnesses he or she intends to call at trial at any time upon leave of the court and for good cause shown or by stipulation of the parties.

People v Harrison, 44 Mich App 578, 585-586 (1973) held that the discretion entrusted to the trial judge is not unfettered; it must be exercised with due regard for the defendant's right to a fair trial.  Although the trial court may authorize the late endorsement of witnesses by a prosecutor, a continuance should be granted so as to obviate any prejudice to the defendant arising from surprise or lack of time for cross-examination.  People v Hayden, 132 Mich. App. 273 (1984); People v Iaconnelli, 112 Mich App 725 (1982). Here, the lack of prior notice caught the defense off guard and impaired the defense.  United States v Myers, 550 F. 2d 1036, 1043 (CA5, 1977) identified considerations to be weighed in reviewing a trial court's exercise of its discretion under Fed R Crim P 12.1.  In People v Travis, 443 Mich 668, 682  (1983), the Michigan Supreme Court, quoting Myers, set forth the following factors for the trial court's analogous exercise of discretion in allowing the prosecutor to present untimely alibi rebuttal evidence pursuant to MCL 768.20:

> In determining how to exercise its discretionary power to exclude the testimony of undisclosed witnesses . . . a district court should consider (1) the amount of prejudice that resulted from the failure to disclose, (2) the reason for nondisclosure, (3) the extent to which the harm caused by nondisclosure was mitigated by subsequent events, (4) the weight of the properly admitted evidence supporting the defendant's guilt, and (5) other relevant factors arising out of the circumstances of the case.

Applying factor (3), the Travis Court found that defense counsel's opportunity to interview a previously unidentified alibi rebuttal witness did not cure the prejudice resulting from the defense having irrevocably committed itself, in the presence of the jury, to an alibi defense.

Similarly, in State v Wilson, 632 NE 2d 1384 (Ohio App, 1993), the Ohio Court of Appeals remanded for a new trial, finding prejudice to the defendant from the prosecutor's late endorsement of a witness the day before trial.  In Wilson, the late witness corroborated the complainant's claim that the defendant beat the complainant, testifying that the complainant and the defendant arrived together at the residence of the witness, that the complainant appeared to have been beaten and that the defendant had  threatened the witness.  At trial the defendant denied any responsibility for the complainant's injuries. The complainant had absconded before trial. The Wilson Court observed:

5

RECEIVED by MCOA 4/6/2015 8:57:21 AM

"The state's failure to timely disclose a witness usually presents the defense with a shorter time to prepare and therefore may often put the defense at a substantial tactical disadvantage." 632 NE2d at 1386.

In People v Burwick, 450 Mich 281 (1995), the Supreme Court excused the late endorsement of a witness who was "not know to the prosecutor, or to the police." Id. at 289. In the case at bar, the prosecution cannot make the same claim, as in Burwick, that they had good cause not to know of the witness until just prior to the motion to endorse. Officer Lewis was known to the People from the vary day of the incident, as she was the complainant in the companion case brought by the same prosecutor's office involving the home invasion which occurred later the same morning. Clearly the prosecution knew of Lewis long prior to the belated motion to endorse her, and no claim of good cause for late endorsement was shown. Moreover, her the testimony was introduced to establish that Appellant was nearby committing another crime in the hours following the robbery. Yet the prosecutor gave no notice of intent to present other acts evidence as required under MRE 404(b)(2).

It is also appropriate to note that both the Michigan Supreme Court and the Michigan legislature have acted to greatly expand the rules of reciprocal discovery in criminal cases beyond disclosure where a defendant intends to rely on a defense of alibi, insanity or diminished capacity. These reflect the overriding policy that both the People and defendants have the right to a fair trial, free of unfair surprise – a trial which is not a "poker game in which players enjoy an absolute right to always conceal their cards until they are played." People v Travis, supra, 443 Mich 679, quoting from Williams v Florida, 399 US 78, 82; 90 S Ct 1893; 26 L Ed 2d 446 (1970).

These rules were not created to be arbitrarily applied and discarded at will. They were created to protect the integrity and fairness of the adversarial process. They are not meaningless. Failure to hold the prosecutor and the defense equally to compliance with these rules violates the very principals they were created to protect. Here, the prosecutor breached his obligation to comply with the rules of discovery, and the judge abused her obligation to honor and enforce the rules. See MCR 6.201; MCL 767.40a. There was no good cause for the late endorsement of this witness. Appellant was irreparable prejudiced, denied due process of law and denied his right to a fair trial.

6

RECEIVED by MCOA 4/6/2015 8:57:21 AM

ARGUMENT II

THE TRIAL COURT DENIED APPELLANT A FAIR TRIAL BY ADMITTING IRRELEVANT AND UNDULY PREJUDICIAL TESTIMONY THAT HE REFUSED TO PARTICIPATE IN A LINEUP.

Issue Preservation and Standard of Review

Before trial, the trial court denied defense counsel's motion in limine to suppress evidence of the refusal.  (T2 4-5). While decisions to admit evidence are generally reviewed for abuse of discretion, see People v Starr, 457 Mich 490, 494 (1998), in this case the standard should be de novo because the error infringed upon Appellant's Constitutional right to a fair trial. Sitz v Dept. of State Police, 443 Mich 744 (1993); People v Vaughn, 447 Mich 217 (1994).

Discussion

Michigan Courts have long held that the admission of evidence of the defendant's refusal to submit to testing is reversibly harmful. In People v Reeder, 370 Mich 378 (1963), the Supreme Court held that admission of evidence of the defendant's refusal to submit to an alcohol test warranted reversal of his conviction.  The Court held in People v Hayes, 64 Mich App 203, 208 (1975) that admission of evidence of the defendant's refusal of a Breathlyzer was reversibly erroneous. The Hayes Court specifically held that there was "no evidentiary basis" for the admission of such evidence, and that "the probative value of such evidence [was] too low in comparison to its prejudicial effect." Id. at 209. Moreover, the Court stated that such evidence is harmful because of its "inference of guilt," and its "de facto shifting of the burden of proof to the defendant." Id. at 209-210. The Court further stated that "[p]lacing a defendant in such a dilemma is abhorrent to our basis principles of fundamental fairness." Id. at 210.  The Court in People v Duke, 136 Mich App 798, 803 (1984) reiterated the long-standing position that "evidence of refusal to take the tests provided by the statute should not be admitted in the case in chief as it is not evidence of guilt or innocence or an essential element of the prosecutor's case."  The identical result was reached in People v Stratton, 148 Mich App 70 (1986), where the Court reversed based on the introduction of evidence that the defendant had refused to take a Breathalyzer test.

7

RECEIVED by MCOA 4/6/2015 8:57:21 AM

In the present case, Wayne County Deputy Sheriff  Mario Hill stated that he works at the Wayne County Jail, where he acts on lineup requests by assembling prisoners who are physically similar to the subject to  participate in the array.  (T3 4-5, 10).  The court denied Appellant's motion in limine, (T2 4-5), and admitted evidence that on June 3, 2014 Hill was requested to assemble a lineup involving Appellant, and that Appellant refused participate in the lineup.  (T3 5-9. 12).  Hill did not know whether it pertained to the robbery case or the home invasion case.  (T3 11).

Here, reversal of Appellant's conviction is mandated by the admission of irrelevant evidence of his refusal to participate in a lineup which may or may not have involved this case.  This evidence was harmful because it insinuated that Appellant was guilty and was trying to evade prosecution. Such evidence is reminiscent of evidence of flight, which the Courts have recognized is frequently offered for impermissible purpose of suggesting the defendant has a consciousness of guilt whereas in fact people may flee from police for a variety of reasons unrelated to guilt or innocence. Wong Sun v United States, 371 US 471, 483-484 n 10; 83 SCt 407; 9 L Ed 2d 441 (1963).

The evidence was further harmful because, as was noted by the Court in Hayes, it resulted in a "de facto shifting of the burden of proof to the defendant." Hayes, supra, 64 Mich App at 209-210. It was the prosecution's burden to prove Appellant's guilt, and he had no duty or responsibility to assist the prosecution is sustaining that burden.

Both the due process guarantees of the Michigan and United States constitutions require fundamental fairness in the use of evidence against a criminal defendant. Const 1963, art 1, § 17; US Const, Am XIV. See generally, Lisenba v California, 314 US 219; 62 S Ct 280; 86 L Ed 166 (1941). Accordingly, the improper reference to a defendant's prior acts also violates Federal law. See, e.g., United States v Ailstock, 546 F2d 1285 (CA 6, 1976) (accomplice improperly questioned by prosecutor about conversation in defendant's presence that defendant had been in prison twice).

The admission of irrelevant and unduly prejudicial evidence of Appellant's refusal to participate in a lineup, which may not have even pertained to this case, unfairly implied that he had something to hide.  Because the evidence contaminated his trial, Appellant is entitled to a reversal.

8

RECEIVED by MCOA 4/6/2015 8:57:21 AM

ARGUMENT III

APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE HIS TRIAL ATTORNEY FAILED TO INVESTIGATE POTENTIAL ALIBI WITNESSES, AND FAILED TO FILE THE REQUIRED NOTICE OF INTENT TO PRESENT AN ALIBI DEFENSE AND PRESENT THE ALIBI WITNESSES, WHICH WOULD HAVE BEEN CONSISTENT WITH THE DEFENSE THEORY AT TRIAL THAT APPELLANT WAS MISIDENTIFIED AS THE PERPETRATOR OF THE OFFENSES.

Issue Preservation and Standard of Review:

There is no requirement that this issue be preserved by an objection at trial, but there is a need to raise the issue initially in the trial court if there are facts not of record. People v Mitchell, 454 Mich 145 (1997). A Motion to Remand is being filed simultaneously herewith. Appellant contends that defense counsel performed deficiently in failing to investigate and present an alibi defense, and that counsel's deficient performance prejudiced him.  Claims of ineffective assistance of counsel are reviewed de novo. People v Pickens, 446 Mich 298, 359 (1994).

Discussion

The defense theory in this case was that Appellant was not involved in the gas station robbery, that he was not the person seen in the surveillance video; and that he was misidentified as being in the station at the time of the offense.  The only defense testimony presented at the trial was from his boss, who dropped him off at home shortly before the robbery.  There was no evidence presented to establish where he was at the time of the robbery.

A review of the proceedings in this matter indicate that attorney Jamil Khuja was appointed to represent Appellant, and but was replaced by retained counsel Ray A. Paige, who conducted the July 18, 2014 preliminary examination.  Khuja still represented Appellant on the home invasion case, and stood in for Paige at the July 25, 2014 arraignment when Paige failed to appear.  Khuja again stood in for Paige, who again failed to appear at the August 5, 2014 motion hearing.  Wright Blake first appeared at the October 2, 2014 motion hearing, exactly one week before trial.  He informed the court that "He [Appellant] doesn't feel that we're quite ready.  I told him that I would bring myself up to speed by the time for the trial date.  Is that correct Mr. Upshaw?".  Appellant replied:

9

MR. UPSHAW: Yes, but as you can see, your Honor, I have retained a new lawyer because of my insufficient counsel for not showing up and not coming and telling me the information.  So I feel like my lawyer hasn't, my lawyer hasn't saw (sic) the DVD.  He hasn't retained the transcript or anything and I feel like it's best grounds of adjournment eight there, your Honor, just to get him caught up on what's going on with the case cause I just retained him like a week and a half ago, probably not even that."  (10/2/14 motion hearing at page 4)

Counsel did not file a witness list.  Nor did he file a notice of intent to present an alibi defense, pursuant to MCL 768.20. .  Nevertheless, he was permitted to call Appellant's employer, Jeffrey Haugabook who "will not be testifying to an alibi.  He will be testifying that he dropped the Defendant Upshaw off at some location at some time.  Was not present when the shooting happened.  Cannot testify to where Mr. Upshaw was at the time that the shooting happened." (T3 99).

Appellant has advised current appellate counsel that after being dropped off at home at about 3:30 a.m. May 28, 2014 by Haugabook, he remained at home with his aunt Crystal Holloway, his grandmother Joann Holloway and his significant other Diamond Woods until about 7:30 a.m.  At which time he became left home to perform an errand, when he ran into Walker and became involved in the home invasion.  Walker acknowledges being merely present at the gas station, adding that Appellant was not with him at the time.  See Affidavits attached.

Appellant contends that trial counsel's representation of Appellant in this matter failed to satisfy the Sixth Amendment standard of Strickland v Washington, 466 US 668;104 S Ct 2052; 80 L Ed 2d 674 (1984), because counsel's error fell below an objective standard of reasonableness, and counsel's deficient performance so prejudiced Appellant as to deny him a fair trial. Id. at 687-88; see also People v Carbin, 463 Mich 590, 600 (2001); US Const, Am VI.

Michigan courts apply a strong presumption that a defense counsel's actions constitute sound trial strategy. See, e.g., People v Gonzalez, 468 Mich 636, 645 (2003) (failure to request cautionary instruction was reasonable trial strategy); People v Mitchell, 454 Mich 145, 166 (1997) (failure to call witnesses was reasonable trial strategy); People v Rodgers, 248 Mich App 702, 714 (2001) (failure to object to evidence of prior crimes was reasonable trial strategy). The conduct of defense counsel here, however, cannot possibly be labeled a reasonable or competent "strategic choice."

10

RECEIVED by MCOA 4/6/2015 8:57:21 AM

In reversing a trial conviction for criminal sexual conduct due to the constitutionally ineffective assistance of trial counsel, a unanimous Michigan Supreme Court in People v Armstrong, 490 Mich 281, 289-290 (2011), first discussed the two-prong standard for a Sixth Amendment claim:

> A defendant must meet two requirements to warrant a new trial because of the ineffective assistance of trial counsel. First, the defendant must show that counsel's performance fell below an objective standard of reasonableness. In doing so, the defendant must overcome the strong presumption that counsel's assistance constituted sound trial strategy. Second, the defendant must show that, but for counsel's deficient performance, a different result would have been reasonably probable. (Footnotes omitted).

Armstrong held that the defendant's trial counsel was ineffective for failing to have phone records introduced into evidence that would have seriously impeached the credibility of the complainant's testimonial assertion that she never spoke on the phone or called the accused after the date of the second alleged assault. At a Ginther[1] hearing on remand, the trial attorney testified he believed the telephone records were crucial to the defense case, in light of the one-on-one credibility scenario of the trial, and that his failure to have those records admitted was not a strategic decision. The Court held that failure fell below the objective standard of reasonable assistance of counsel, and that the error was sufficiently prejudicial, in the context of the case, to revere and grant a new trial.

Numerous cases have found that a failure to adequately investigate prior to trial negates an asserted reasonable strategy at the trial. See, for example, English v Romanowski, 602 F 3d 714 (CA6, 2010); Avery v Prelesnik, 548 F 3d 434 (CA6, 2008); Brown v Smith, 551 F 3d 424 (CA6, 2008); People v Grant, 470 Mich 477 (2004); People v Bass, 247 Mich App 385 (2001). In Grant, supra, 470 Mich at 485, 486, 493, the Supreme Court wrote at length on where a failure to make a reasonable investigation of the facts prior to trial can constitute constitutionally ineffective counsel:

> `[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.... [C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.' Strickland, supra at 690–691, 104 S.Ct. 2052.

\* \* \*

---

[1] People v Ginther, 390 Mich 436 (1973).

11

RECEIVED by MCOA 4/6/2015 8:57:21 AM

A sound trial strategy is one that is developed in concert with an investigation that is adequately supported by reasonable professional judgments. Counsel must make `an independent examination of the facts, circumstances, pleadings and laws involved....' <u>Von Moltke</u> v <u>Gillies</u>, 332 U.S. 708, 721, 68 S.Ct. 316, 92 L.Ed. 309 (1948). This includes pursuing `all leads relevant to the merits of the case.` <u>Blackburn</u> v <u>Foltz</u>, 828 F.2d 1177, 1183 (C.A.6, 1987).

* * *

The failure to make an adequate investigation is ineffective assistance of counsel if it undermines confidence in the trial's outcome. Carbin at 590, 623 N.W.2d 884. Counsel's failure to investigate his primary defense prejudiced defendant. It adversely affected the outcome, depriving defendant of a fair trial. In light of the evidence presented at trial, there is a reasonable probability that the outcome would have been different.

In <u>Robinson</u> v <u>United States</u>, 744 F Supp 2d 684, 693-694 (E D Mich, 2010), the District Court granted the defendant's request for habeas corpus relief in part based on a ruling that he was denied his Sixth Amendment right to effective assistance of counsel where the defense trial counsel failed to adequately investigate potential defense witnesses, and thus did not present any testimony from those witnesses to corroborate the defense theory of the case:

The Sixth Circuit declared in 2005 that "[i]t is well-established that 'counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.' " <u>Towns</u> v <u>Smith</u>, 395 F.3d 251, 258 (6th Cir.2005) (quoting <u>Strickland</u>, 466 U.S. at 691, 104 S.Ct. 2052). "This duty includes the obligation to investigate all witnesses who may have information concerning his or her client's guilt or innocence." <u>Id</u>. (citations omitted). In any case where the defendant alleges ineffective assistance of counsel, the trial court must assess a defense attorney's decision not to investigate for reasonableness under the circumstances, while "applying a heavy measure of deference to counsel's judgments." <u>Id</u>. Further, "[a] purportedly strategic decision is not objectionably reasonable 'when the attorney has failed to investigate his options and make a reasonable choice between them.' " <u>Id</u>. (quoting <u>Horton</u> v <u>Zant</u>, 941 F.2d 1449, 1462 (11th Cir.1991)).

The strategic choices of counsel, including a determination that an investigation is not necessary, are accorded great deference. <u>Workman</u> v <u>Tate</u>, 957 F.2d 1339, 1345 (6th Cir.1992). However, "[w]here counsel fails to investigate and interview promising witnesses, and therefore has no reason to believe they would not be valuable in securing the defendant's release, counsel's inaction constitutes negligence, not trial strategy." <u>Id</u>. (citations omitted). Indeed, the Sixth Circuit has found that such a failure constitutes ineffective assistance of counsel. See, e.g., <u>Workman</u>, 957 F.2d at 1345 (ineffective assistance of counsel where attorney failed to interview and call the only two witnesses aside from defendant whose account contradicted officers' versions); <u>Towns</u>, 395 F.3d at 259–60 (counsel's decision to refrain from calling witness unreasonable because he had not contacted witness who would have

12

RECEIVED by MCOA 4/6/2015 8:57:21 AM

exonerated defendant); <u>Blackburn</u> v <u>Foltz</u>, 828 F.2d 1177, 1183 (6th Cir.1987) (attorney's failure to locate and question alibi witness was ineffective representation).

Because this claim depends on matter not currently on the record, the Court of Appeals has remanded the case to the trial court for an evidentiary hearing, pursuant to <u>People</u> v <u>Ginther</u>, <u>supra</u>, so that Appellant can present testimony from the alibi witnesses and testimony from Mr. Blake nad Mr. Paige as to their actions or inactions as Appellant's retained trial counsel. MCR 7.211(C)(1)(a)(ii).   The hearing is necessary to have a sufficient record upon which to determine whether trial counsel adequately investigated the possible alibi defense prior to electing not to file the requisite notice in the trial court, or to present any alibi theory at trial, which would have been fully consistent with the defense position that Appellant was not involved in the robbery of the gas station, and was falsely or erroneously identified by complainant as the person allegedly seen in possession of a gun at the scene.  This Court should thereafter grant Appellant a new trial.

### RELIEF REQUESTED

WHEREFORE, Defendant-Appellant Lafayette DeShawn Upshaw prays this Honorable Court vacate his conviction.  Further that it remand his cause to the Wayne Circuit Court for a new trial.

/s/ Jonathan B.D. Simon<br>
JONATHAN B.D. SIMON  (P35596)<br>
Attorney for Defendant-Appellant<br>
P.O. Box 2373<br>
Birmingham, Michigan  48012-2373<br>
(248) 433-1980

Dated: April 6, 2015

13

RECEIVED by MCOA 4/6/2015 8:57:21 AM

# GENERAL AFFIDAVIT

STATE OF _Michigan_

COUNTY OF _Wanye_

PERSONALLY came and appeared before me, the undersigned Notary, the within named _Lafayette Upshaw_, who is a resident of _Gratiot_ County, State of _Michigan_, and makes this his/her statement and General Affidavit upon oath and affirmation of belief and personal knowledge that the following matters, facts and things set forth are true and correct to the best of his/her knowledge: I, LAFAYETTE UPSHAW, SWEAR THAT ON MAY 28, 2014, AT ABOUT 3:30 A.M., A CO-WORKER DROPPED ME OFF AT MY HOME, WHERE MY AUNT (CRYSTAL HOLLOWAY) LET ME IN, AND ALONG WITH MY GRANDMOTHER (JOANN HOLLOWAY), ALONG WITH MY SIGNIFICANT OTHER (DIAMOND WOODS), ALL HEARD ME PREPARING A MEAL IN THE KITCHEN OF THE HOME BEFORE I WENT TO BED.

I WAS NEVER AT, OR NEAR THE MOBIL GAS STATION LOCATED AT 1920 WEST FISHER SERVICE DRIVE. NEITHER WAS I WITH (DARRELL-WALKER) IN THAT EARLY MORNING, UNTIL AROUND 7:30 - 7:45 A.M., DUE TO THE FACT I CAUGHT THE BUS TO GO HELP SOMEONE MOVE, AND SAW HIM ALONG THE BUS RIDE AND WHICH WE DID A CRIMINAL ACT ALONG THE WAY. THE INFORMATION ABOVE IS TRUE, AND ARE FACTS THAT NEED TO BE ESTABLISHED, DUE TO MY ATTORNEY LACKING ADEQUATE INFORMATION AND TIME TO PREPARE MY DEFENSE. I HAD NOTHING TO DO WITH AN ARMED ROBBERY, NOR DID I HAVE ANY KNOWLEDGE OF ONE.

(See Attachment)

DATED this the _17_ day of _February_, 20_15_.

_Lafayette Upshaw_
**Signature of Affiant**

SWORN to and subscribed before me, this the _17th_ day of _February_, 20_15_.

_D. VanDeCasteele_
**NOTARY PUBLIC**

My Commission Expires:
_3/25/19_

D. VanDeCASTEELE
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF GRATIOT
My Commission Expires March 25, 2019
Acting in the County of _GRATIOT_

RECEIVED by MCOA 4/6/2015 8:57:28 AM

### GENERAL AFFIDAVIT

STATE OF _Michigan_

COUNTY OF _Wayne_


PERSONALLY came and appeared before me, the undersigned Notary, the within named

_Darrell Walker_ , who is a resident of _Wayne_ County, State

of _Michigan_ , and makes this his/her statement and General Affidavit upon oath

and affirmation of belief and personal knowledge that the following matters, facts and things set

forth are true and correct to the best of his/her knowledge:   I, Darrell Walker, I'm writing this
To make to facts known, and They are I was never with Lafayette upshaw on
The date of May 28th 2014 around The time That the arm robbery occured.
also I walk to That gas station bye my self to get thing for a friend and
I. Thats when some body tried to rob The gas station. I left because of
(how scared I was) and my previan experence with the Police. I'm writing
This to let The Courts know These facts which I somely swear apon.
This is a sworn Affidavit I repent I was never with Mr. upshaw
And I left and acted The way I did be cause of The circumstances
I was face with.


DATED this the _23_ day of _february_, 20_15_

_Darrell Walker_
**Signature of Affiant**

SWORN to and subscribed before me, this the _23_ day of _february_, 20_15_

_D VanDeCasteele_
**NOTARY PUBLIC**

My Commission Expires:
_3/25/19_

D. VanDeCASTEELE
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF GRATIOT
My Commission Expires March 25, 2019
Acting in the County of _____

RECEIVED by MCOA 4/6/2015 8:57:28 AM

**STATE OF MICHIGAN**
**COURT OF APPEALS**

# Bundle Cover Sheet

| Lower Court: | L Ct No.: | COA No.: |
| --- | --- | --- |
| WAYNE CIRCUIT COURT | 14-006199-FC | 325195 |

**Case Title:**
PEOPLE OF MI V LAFAYETTE DESHAWN UPSHAW

**Priority:**
NONE

| *Filer Information* | |
| --- | --- |

Filer
Jonathan Simon
P.O. Box 2373
Birmingham, MI 48012-2373
248-433-1980

Attorney
Jonathan Simon, 35596
P.O. Box 2373
Birmingham, MI 48012-2373
248-433-1980
jsimonlaw@msn.com

| *Filing Summary* | | |
| --- | --- | --- |

| Type | Description | Fee |
| --- | --- | --- |
| BRIEF | Brief on Appeal | $0.00 |
| ATTACHMENT | Brief Appendix | $0.00 |
| MOTION - REGULAR | Motion to Remand | $0.00 |
| | **Total:** | **$0.00** |

Alternate Payment Reason: Appointed Counsel

RECEIVED by MCOA 4/6/2015 8:57:28 AM

The document(s) listed above were electronically filed with the Michigan Court of Appeals.

325195-853117

**STATE OF MICHIGAN**
MI Court of Appeals

## Proof of Service

| Case Title: | Case Number: |
|---|---|
| PEOPLE OF MI V LAFAYETTE DESHAWN UPSHAW | 325195 |

1. Title(s) of the document(s) served:

| Filing Type | Document Title |
|---|---|
| Brief | Brief on Appeal |
| Attachment | Brief Appendix |
| Motion - Regular | Motion to Remand |

2. On 4-6-2015, I served the document(s) described above on:

| Recipient | Address | Type |
|---|---|---|
| Jonathan Simon<br>Law Office of Jonathan B.D. Simon<br>35596 | jsimonlaw@msn.com | e-Service |
| WCPO Appeals<br>Wayne County Prosecutor's Office | WCPAAppeals@waynecounty.com | e-Service |

This proof of service was automatically created, submitted and signed on my behalf through my agreements with TrueFiling and its contents are true to the best of my information, knowledge, and belief.

4-6-2015
_____
Date

/s/ Jonathan Simon
_____
Signature

Law Office of Jonathan B.D. Simon
_____

RECEIVED by MCOA 4/6/2015 8:57:29 AM

**STATE OF MICHIGAN**

**IN THE COURT OF APPEALS**

**PEOPLE OF THE STATE OF MICHIGAN,**                    **Court of Appeals: 325195**

                    **Plaintiff-Appellee,**

                                                                   **Circuit Court**
**v.**                                                           **No.  14-006199-01-FC**

**LAFAYETTE DESHAWN UPSHAW,**

                    **Defendant-Appellant.**
_____/

<u>**APPEARANCE AND STIPULATION FOR SUBSTITUTION OF ATTORNEYS**</u>

        IT IS STIPULATED AND AGREED by the undersigned that Neil Leithauser be substituted

for Jonathan Simon as counsel of record, and Neil Leithauser hereby enters his appearance as

retained counsel on behalf of Defendant-Appellant Upshaw.


Dated: July 24, 2015

/s/ NEIL J. LEITHAUSER                              /S/ JONATHAN SIMON (with permission)


_____              _____
NEIL J. LEITHAUSER P-33976                     JONATHAN B D SIMON P-35596
101 W. Big Beaver Rd., 14th Flr.                P.O. Box 2373
Troy, MI 48084                                       Birmingham, MI 48012
(248) 687-1404                                       (248) 433-1980

RECEIVED by MCOA 7/25/2015 12:01:29 PM

**STATE OF MICHIGAN**
**COURT OF APPEALS**

# Bundle Cover Sheet

| Lower Court: | | L Ct No.: | COA No.: |
|---|---|---|---|
| WAYNE CIRCUIT COURT | | 14-006199-FC | 325195 |
| **Case Title:** | | | |
| PEOPLE OF MI V LAFAYETTE DESHAWN UPSHAW | | | |
| **Priority:** | | | |
| NONE | | | |

| *Filer Information* |
|---|

| Filer | Attorney |
|---|---|
| Neil  Leithauser | Neil  Leithauser, P-33976 |
| 101 W. Big Beaver Rd., 14th Floor | 101 W. Big Beaver Rd., 14th Floor |
| Troy, MI 48084 | Troy, MI 48084 |
| 248-687-1404 | 248-687-1404 |
| | nleithauserattorney@comcast.net |

| *Filing Summary* |
|---|

| Type | Description | Fee |
|---|---|---|
| APPEARANCE | Appearance of Substitute Counsel | $0.00 |
| | **Total:** | **$0.00** |

Alternate Payment Reason: None

RECEIVED by MCOA 7/25/2015 12:01:29 PM

The document(s) listed above were electronically filed with the Michigan Court of Appeals.

**STATE OF MICHIGAN**
MI Court of Appeals

## Proof of Service

| Case Title: | Case Number: |
|---|---|
| PEOPLE OF MI V LAFAYETTE DESHAWN UPSHAW | 325195 |

1. Title(s) of the document(s) served:

| Filing Type | Document Title |
|---|---|
| Appearance | Appearance of Substitute Counsel |

2. On 7-25-2015, I served the document(s) described above on:

| Recipient | Address | Type |
|---|---|---|
| Jonathan Simon<br>Law Office of Jonathan B.D. Simon<br>35596 | jsimonlaw@msn.com | e-Service |
| Monica Smith<br>Wayne County Prosecutor's Office | msmith@waynecounty.com | e-Service |
| Neil Leithauser<br>Neil Leithauser<br>P-33976 | nleithauserattorney@comcast.net | e-Service |
| Valerie Steer<br>Wayne County Prosecutor's Office<br>P38489 | vsteer@waynecounty.com | e-Service |
| WCPO Appeals<br>Wayne County Prosecutor's Office | WCPAAppeals@waynecounty.com | e-Service |

This proof of service was automatically created, submitted and signed on my behalf through my agreements with TrueFiling and its contents are true to the best of my information, knowledge, and belief.

7-25-2015
_____
Date

/s/ Neil Leithauser
_____
Signature

Neil Leithauser
_____

# S T A T E   O F   M I C H I G A N
## I N   T H E   C O U R T   O F   A P P E A L S

_____

THE PEOPLE OF THE STATE OF MICHIGAN

                   Plaintiff-Appellee,

v

LAFAYETTE UPSHAW

                   Defendant-Appellant.

Court of Appeals
No. 325195

_____

Third Circuit Court No. 14-006199

_____


## BRIEF ON APPEAL

## NO ORAL ARGUMENT REQUESTED


**KYM L. WORTHY**
Prosecuting Attorney
County of Wayne

**JASON W. WILLIAMS**
Chief of Research,
Training, and Appeals

**VALERIE M. STEER (P-38489)**
Assistant Prosecuting Attorney
11th Floor, 1441 St. Antoine
Detroit, MI 48226
Phone: (313) 224 - 0205

RECEIVED by MCOA 7/30/2015 4:37:51 PM

# TABLE OF CONTENTS

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Statement of Appellate Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

Counter-statement of Questions Presented  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

Counter-statement of Facts  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     I.    A defendant complaining about the late endorsement of a witness must show that he was unfairly prejudiced. There were already two police witnesses who were going to testify about arresting the defendants during a home invasion, adding the homeowner to verify that the defendants had no permission to break her windows and pocket her jewelry did not unfairly prejudice the defendant. The trial judge did not abuse his discretion in allowing the prosecutor to add the homeowner to the witness list. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

                 Standard of review and Discussion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     II.    Compelling an accused to stand in a line-up does not violate his right against self-incrimination. The prosecutor presented evidence that defendant chose not to participate in a lineup. The evidence was not an impermissible comment on his right not to incriminate himself . . . . . . . . . . 5

                 Standard of review and Discussion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     III.    A failure to investigate constitutes ineffective assistance of counsel if it deprives defendant of a substantial defense and it affected the outcome of the trial. There is no evidence on the record that counsel failed to investigate or that defendant was prevented from presenting a substantial defense. Neither serious mistake nor prejudice are apparent from the record  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

                 Standard of review and Discussion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

RECEIVED by MCOA 7/30/2015 4:37:51 PM

i

# INDEX OF AUTHORITIES

## FEDERAL CASES

*Harrington v Richter*, 562 US ___; 131 S Ct 770; 178 L Ed 2d 624 (2011) . . . . . . . . . . . . . . . . 9

*US v Wade*, 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967) . . . . . . . . . . . . . . . . . . . . . . . . 6

## STATE CASES

*People v Bowman*, 254 Mich App 142 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*People v Burwick*, 450 Mich 281 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*People v Callon*, 256 Mich App 312 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*People v Compeau*, 244 Mich App 595 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*People v Daniel*, 207 Mich App 47 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*People v Duke*, 136 Mich App 798 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*People v Horn*, 279 Mich App 31 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*People v Pickens*, 446 Mich 298 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*People v Poole*, 218 Mich App 702 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*People v Reeder*, 370 Mich 378 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*People v Snider*, 239 Mich App 393 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## STATUTES

MCL 257.625a(9) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

MCL 767.40a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

RECEIVED by MCOA 7/30/2015 4:37:51 PM

**Counterstatement of Jurisdiction**

The People accept defendant's statement of jurisdiction.

RECEIVED by MCOA 7/30/2015 4:37:51 PM

**Counterstatement of Questions Presented**

I.  **A defendant complaining about the late endorsement of a witness must show that he was unfairly prejudiced. There were already two police witnesses who were going to testify about arresting the  defendants during a home invasion, adding the homeowner to verify that defendants had no permission to break her windows and pocket her jewelry did not unfairly prejudice defendant.  Did the trial judge  abuse his discretion in allowing the prosecutor to add the homeowner to the witness list?**

The People answer: No
The Defendant answers: Yes
The Trial Court was not asked.

II. **Compelling an accused to stand in a line-up does not violate his right against self-incrimination. The prosecutor presented evidence that defendant chose not to participate in a lineup.  Was the evidence an impermissible comment on his right not to incriminate himself?**

The People answer: No
The Defendant answers: Yes
The Trial court answered: No

III. **A failure to investigate constitutes ineffective assistance of counsel if it deprives defendant of a substantial defense and it affected the outcome of the trial. There is no evidence on the record that counsel failed to investigate or that defendant was prevented from presenting a substantial defense. Is there evidence on the record of a  serious mistake or prejudice?**

The People answer: No
The Defendant answers: Yes
The Trial Court was not asked.

RECEIVED by MCOA 7/30/2015 4:37:51 PM

**Counterstatement of Facts**

The People accept and adopt defendant's statement of facts except where it conflicts with the facts stated in the following arguments.[1]

RECEIVED by MCOA 7/30/2015 4:37:51 PM

---

[1] Transcripts are cited throughout this brief in the following form: month/day of proceedings, page numbers.

1

# ARGUMENT

## I.

**A defendant complaining about the late endorsement of a witness must show that he was unfairly prejudiced. There were already two police witnesses who were going to testify about arresting the defendants during a home invasion, adding the homeowner to verify that defendants had no permission to break her windows and pocket her jewelry did not unfairly prejudice defendant. The trial judge did not abuse his discretion in allowing the prosecutor to add the homeowner to the witness list.**

**Standard of Review**

A trial court's decision to allow an amendment to the witness list or grant an adjournment is reviewed for an abuse of discretion.[2]

**Discussion**

Defendant argues that he was unfairly prejudiced by the trial court's decision to allow the prosecutor to endorse a witness on the second day of trial. This trial began with jury selection on a Thursday and was scheduled to continue the following Tuesday, but on Friday the prosecutor let the attorneys and court know that she intended to add the homeowner. On Tuesday when trial resumed, defendant objected to the addition but gave no indication of prejudice nor did he request an adjournment. 10/14, 4.

"The prosecuting attorney may add or delete from the list of witnesses he or she intends to call at trial at any time upon leave of the court and for good cause shown or by stipulation of the parties."[3] The witness added was the homeowner of the breaking and entering that defendant and his co-defendant committed four and a half hours after the two robbed the gas station. The

---

[2] *People v Callon*, 256 Mich App 312, 326 (2003).

[3] MCL 767.40a.

RECEIVED by MCOA 7/30/2015 4:37:51 PM

witness would always have been known to defendant because the homeowner's name was listed in the police reports and the evidence of the home invasion was already going to be introduced through the testimony of the officers who caught defendants in the act of the home invasion. The evidence against defendant was not changed in any drastic way by the addition of the homeowner's testimony. The testimony only prevented defendant from arguing that there was no proof that the owner had not given them permission to be in the house and in possession of the diamond necklaces. Since two windows in the back of the house were broken, defendants did not immediately exit the house when ordered to do so, and defendant Upshaw ran to a different window in the house, pushed out the screen and attempted to flee from the police, there was ample evidence from which to argue that defendant was not in the house or possession of women's jewelry with the permission of the owner. 10/15, 51-63.

A defendant complaining about the late endorsement of a witness must show that he was unfairly prejudiced.[4] Defendant failed at trial to point to any prejudice or ask for an adjournment and defendant had been given several days notice to prepare to cross-examine the witness. On appeal, defendant claims "irreparable prejudice" but he does not indicate how his defense was harmed. Defendant has not shown that he was prejudiced in anyway by the late endorsement of the homeowner.

Defendant also mentions that he was not given advance notice that the People would introduce this other acts evidence, but that simply is not true. Not only did the prosecution notify defendants, as evidenced by the on-record acknowledgment in the co-defendant's motion hearing on October 2, 2014, and the trial court's decision to allow evidence of the subsequent home

---

[4] *People v Burwick*, 450 Mich 281 (1995).

RECEIVED by MCOA 7/30/2015 4:37:51 PM

invasion, but also there were two officers listed on the witness list which had handled only the home invasion, their inclusion on the witness list would have alerted defendant, even if he had somehow not noticed the prosecution's motion to introduce the circumstances surrounding the arrest.  10/2, 10.

RECEIVED by MCOA 7/30/2015 4:37:51 PM

**ARGUMENT**

**II**.

**Compelling an accused to stand in a line-up does not violate his right against self-incrimination. The prosecutor presented evidence that defendant chose not to participate in a lineup.  The evidence was not an impermissible comment on his right not to incriminate himself.**

**Standard of Review**

A trial court's ruling on the admissibility of evidence is reviewed for an abuse of discretion.[5]

**Discussion**

Defendant also complains that he was unfairly prejudiced when the trial judge allowed the jury to hear that he refused to participate in a live line-up.  Defendant contends that evidence was irrelevant and unduly prejudicial. He relies on  cases which have held that introduction of a refusal to submit to alcohol testing is inadmissable in drunk driving trials. Because the admission of alcohol testing and refusal is statute driven, the cases are inapposite. The first case defendant cites, *People v Reeder*,[6] was decided when the drunk driving statute specifically prohibited the introduction of the refusal. The second case came after that prohibition was removed, and *People v Hayes* held that though neither the constitution nor the new statute prohibited the introduction, the panel thought that introducing the refusal seemed unfair.  The statute was again changed to add a jury instruction about refusal and in *People v Duke*,[7]  held that the refusal could come into evidence under certain circumstances. Eventually the drunk driving statute was

---

[5] *People v Bowman*, 254 Mich App 142, 145 (2002).

[6] *People v Reeder*, 370 Mich 378 (1963).

[7] *People v Duke*, 136 Mich App 798 (1984).

RECEIVED by MCOA 7/30/2015 4:37:51 PM

changed to specifically allow for admission of the refusal to show that a defendant was offered a test but refused it.[8] Thus, the cases cited by defendant track various changes in a specific drunk driving statute and were not based on any constitutional right.

The United States Supreme Court, on the other hand has held that compelling an accused to stand in a line-up does not violate his right against self-incrimination.[9] Conversely, then, presenting evidence that he chose not to participate in a lineup is not an impermissible comment on his right not to incriminate himself. Admission of defendant's refusal to participate in a line-up does not contravene either statute or constitution.

Defendant argues that general due process principles should apply and that refusal is not necessarily consciousness of guilt, just as fleeing the scene of a crime is not necessarily consciousness of guilt. Evidence that a defendant fled the scene of a crime is, however, admissible in Michigan.[10] As with evidence of flight, defendant was free to argue that his refusal was not indicative of guilt.

In addition, the prosecutor never argued to the jury about how they should use the evidence and defendant never asked for an instruction that they should use the evidence in a certain way. Although the people would argue that the choice not to participate is more akin to hiding evidence or fleeing and should be allowed to show consciousness of guilt, no such argument was made here.

---

[8] MCL 257.625a(9).

[9] *US v Wade*, 388 US 218, 87 S Ct 1926, 18 L Ed 2d 1149 (1967).

[10] *People v Compeau*, 244 Mich App 595, 598 (2001).

RECEIVED by MCOA 7/30/2015 4:37:51 PM

In addition, any error was harmless.  Defendant was identified in a photo array, the jury saw him in the crime scene video, and he was arrested with his co-defendant hours later.

RECEIVED by MCOA 7/30/2015 4:37:51 PM

**ARGUMENT**

**III**.

**A failure to investigate constitutes ineffective assistance of counsel if it deprives defendant of a substantial defense and it affected the outcome of the trial. There is no evidence on the record that counsel failed to investigate or that defendant was prevented from presenting a substantial defense. Neither serious mistake or prejudice are apparent from the record.**

**Standard of Review**

Appellate review is limited to mistakes apparent on the record because remand was denied and no *Ginther* hearing was conducted.[11]

**Discussion**

Defendant claims that his trial attorney was ineffective for failing to prepare and present his alibi witnesses.  Defendant moved this Court to remand the case so that a *Ginther* hearing could be held, but failed to include the affidavits of his proposed witnesses. Although the Court of Appeals docket entries show some items were eventually received from defendant's family, the proposed statements had not been submitted by the attorney of record and have not been received by the prosecutor's office. This Court denied defendant's motion.

Effective assistance of counsel claims are reviewed to determine whether counsel's performance fell below an objective standard of reasonableness, prejudiced the defendant, and as a result, denied him a fair trial.[12]  To prevail on the prejudice prong a court must determine that there is a reasonable probability that absent the error, the fact finder would have had a reasonable

---

[11] *People v Horn*, 279 Mich App 31, 38 (2008).

[12] *People v Pickens*, 446 Mich 298, 338 (1994).

8

RECEIVED by MCOA 7/30/2015 4:37:51 PM

doubt respecting guilt.[13]  At the very least, the likelihood of a different result must be substantial, not just conceivable.[14]  Absent a *Ginther* hearing, review is limited  to plain error on the existing record affecting defendant's substantial rights. [15]

There is no evidence on the record that trial counsel failed to investigate defendant's claim of alibi.  Counsel did present one witness, unrelated to defendant, that could testify that defendant had a job and was dropped off at his home after work, about 15 or 20 minutes before the crime. Failure to present the testimony of defendant's relatives who were home at the time was not fatal to his defense. A failure to call witnesses can constitute ineffective assistance of counsel if it deprives defendant of a substantial defense that *would* have affected the outcome of the trial. [16]

In addition, the evidence against defendant was very strong.  The victim picked him out of a photo array, the jury saw video of the crime from cameras at several different angles, and defendant was with his co-defendant 4 ½ hours later committing a home invasion.  The co-defendant never contested his presence at the gas station during the crime.  Testimony from defendant's grandmother or aunt that they heard him arrive home and never heard him leave during the night was not going to change the outcome of this case.  Thus, even if counsel did not investigate the alibi, and the People do not concede this issue, defendant could not overcome the prejudice prong of the analysis.

---

[13] *Pickens,* supra, 446 Mich at 312; *People v Poole*, 218 Mich App 702, 717 (1996).

[14] *Harrington v Richter*, 562 US ___; 131 S Ct 770; 178 L Ed 2d 624 (2011).

[15] *People v Snider*, 239 Mich App 393, 423 (2000).

[16] *People v Daniel*, 207 Mich App 47, 58 (1994).

RECEIVED by MCOA 7/30/2015 4:37:51 PM

**Relief**


ACCORDINGLY, the People respectfully request this Honorable Court to affirm defendant's

convictions.



Respectfully submitted,

KYM L. WORTHY
Prosecuting Attorney
County of Wayne

JASON W. WILLIAMS
Chief of Research,
Training, and Appeals

*Valerie M. Steer*


VALERIE M. STEER  (P-38489)
Assistant Prosecuting Attorney
11th Floor, 1441 St. Antoine
Detroit, Michigan  48226
Phone: (313) 224 - 0205

RECEIVED by MCOA 7/30/2015 4:37:51 PM

**STATE OF MICHIGAN**
**COURT OF APPEALS**

# Bundle Cover Sheet

| Lower Court: | L Ct No.: | COA No.: |
| --- | --- | --- |
| WAYNE CIRCUIT COURT | 14-006199-FC | 325195 |

| **Case Title:** |
| --- |
| PEOPLE OF MI V LAFAYETTE DESHAWN UPSHAW |

| **Priority:** |
| --- |
| NONE |

| *Filer Information* | |
| --- | --- |
| <u>Filer</u><br>Monica  Smith | <u>Attorney</u><br>Valerie  Steer, P38489 |
| , MI | , MI |
| | vsteer@waynecounty.com |

| *Filing Summary* | | |
| --- | --- | --- |
| **Type** | **Description** | **Fee** |
| BRIEF | Brief on Appeal No Oral Argument Requested | $0.00 |
| | **Total:** | **$0.00** |

Alternate Payment Reason: None

The document(s) listed above were electronically filed with the Michigan Court of Appeals.

325195-1089407

RECEIVED by MCOA 7/30/2015 4:37:51 PM

**STATE OF MICHIGAN**
MI Court of Appeals

## Proof of Service

| Case Title: | Case Number: |
|---|---|
| PEOPLE OF MI V LAFAYETTE DESHAWN UPSHAW | 325195 |

1. Title(s) of the document(s) served:

| Filing Type | Document Title |
|---|---|
| Brief | Brief on Appeal No Oral Argument Requested |

2. On 7-30-2015, I served the document(s) described above on:

| Recipient | Address | Type |
|---|---|---|
| Jonathan Simon<br>Law Office of Jonathan B.D. Simon<br>35596 | jsimonlaw@msn.com | e-Service |
| Monica Smith<br>Wayne County Prosecutor's Office | msmith@waynecounty.com | e-Service |
| Neil Leithauser<br>Neil Leithauser<br>P-33976 | nleithauserattorney@comcast.net | e-Service |
| Valerie Steer<br>Wayne County Prosecutor's Office<br>P38489 | vsteer@waynecounty.com | e-Service |

This proof of service was automatically created, submitted and signed on my behalf through my agreements with TrueFiling and its contents are true to the best of my information, knowledge, and belief.

7-30-2015
Date

/s/ Monica Smith
Signature

Wayne County Prosecutor's Office

RECEIVED by MCOA 7/30/2015 4:37:56 PM

**STATE OF MICHIGAN**

**IN THE COURT OF APPEALS**

**PEOPLE OF THE STATE OF MICHIGAN,**                    **Court of Appeals: 325195**

                    **Plaintiff-Appellee,**

                                       **Circuit Court**
**v.**                                                                                    **No.  14-006199-01-FC**

**LAFAYETTE DESHAWN UPSHAW,**

                    **Defendant-Appellant.**
_____/

**<u>SUPPLEMENTAL BRIEF ON APPEAL</u>**

NEIL J. LEITHAUSER P-33976
Attorney for Defendant-Appellant
101 W. Big Beaver Rd., 14th Flr.
Troy, MI 48084
(248-687-1404

RECEIVED by MCOA 1/26/2016 1:27:04 PM

## <u>TABLE OF CONTENTS</u>

**Table of Contents**     i

**Index of Authorities**     iii

**Statement of Appellate Jurisdiction**     vi

**Questions Presented**     vii

**Statement of Facts**     1

**Argument I**     5

    **THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S REQUEST FOR A BRIEF ADJOURNMENT OF TRIAL SO THAT NEWLY-RETAINED TRIAL COUNSEL COULD BECOME PREPARED.**

**Argument II**     8

    **MR. UPSHAW WAS DENIED A FAIR TRIAL AND DUE PROCESS OF LAW WHERE THE PROSECUTOR IMPROPERLY DISMISSED MINORITY VENIRE MEMBERS; THE PROSECUTOR'S RACE-NEUTRAL REASONS WERE INSUFFICIENT TO AVOID A FINDING OF PURPOSEFUL DISCRIMINATION IN THE EXERCISE OF PEREMPTORY CHALLENGES. FURTHER, THE TRIAL COURT'S RULING ESSENTIALLY REQUIRED THAT THE DEFENSE SHOW A PATTERN OF PURPOSEFUL DISCRIMINATION, A STANDARD CONTRARY TO THE LAW, AND, WHERE THE DEFENSE DID SHOW A PATTERN, NEVERTHELESS DENIED THE *BATSON*-CHALLENGE.**

RECEIVED by MCOA 1/26/2016 1:27:04 PM

**Argument III**                                                                 **15**

> THE TRIAL COURT'S SCORING OF TEN POINTS FOR OFFENSE
> VARIABLE 14 [OFFENDER'S ROLE] WAS ERROR WHICH PLACED
> MR. UPSHAW IN A HIGHER GRID THAN SUPPORTED BY THE
> RECORD.   FURTHER, THE RESULTING IMPOSED MINIMUM
> SENTENCE CONSTITUTED AN UNSUPPORTED DEPARTURE
> FROM THE GUIDELINES' RANGE, AN ABUSE OF DISCRETION,
> AND AN UNREASONABLE SENTENCE BASED IN PART ON
> INACCURATE INFORMATION, THEREBY NECESSITATING
> RESENTENCING.

**Relief Requested**                                                            **20**

RECEIVED by MCOA 1/26/2016 1:27:04 PM

## INDEX OF AUTHORITIES

**Federal Cases**

*Anderson v Bessemer City*, 470 US 564; 105 S Ct 1504; 84 L Ed 2d 518 (1985)   8

*Arizona v Fulminante*, 499 US 279; 111 S Ct 1246; 113 L Ed 2d 302 (1991)   14

*Ballard v United States*, 329 US 187 (1946)   14

*Batson v Kentucky*, 476 US 79; 106 S Ct 1712; 90 L Ed 2d 69 (1985)   8, 11, 12, 13, 14

*Brecht v Abrahamson*, 507 US 619; 113 S Ct 1710; 123 L Ed 2d 353 (1993)   14

*Chapman v California*, 386 US 18; 87 S Ct 824; 17 L Ed 2d 705 (1967)   14

*Gall v United States*, 552 US 38; 128 S Ct 586; 169 L Ed 2d 445 (2007)   16

*Hernandez v New York*, 500 US 352; 111 S Ct 1859; 114 L Ed 2d 395 (1991)   12

*J.E.B. v Alabama ex rel T.B.*, 511 US 127 (1994)   14

*Martin v Texas*, 200 US 316; 26 S Ct 338; 50 L Ed 497 (1906)   13

*Neder v United States*, 527 US 1; 119 S Ct 1827; 144 L Ed 2d 35 (1999)   14

*Norris v Alabama*, 294 US 587; 55 S Ct 579; 79 L Ed 1074 (1935)   12, 13

*North Carolina v Pearce*, 395 US 11; 89 S Ct 2072; 23 L Ed 2d 656 (1969)   15

*Powell v Alabama*, 287 US 45; 53 S Ct 55; 77 L Ed 158 (1932)   7

*Purkett v Elem*, 514 US 765; 131 L Ed 2d 834; 115 S Ct 1769 (1995)   11, 12

*Strauder v West Virginia*, 100 US 303; 25 L Ed 664 (1880)   14

*Swain v Alabama*, 380 US 202 (1965)   13

*Townsend v Burke*, 334 US 736; 68 S Ct 1252 (1948)   19

*United States v Booker*, 543 US 220; 125 S Ct 738; 160 LEd2d 621 (2004)   16

RECEIVED by MCOA 1/26/2016 1:27:04 PM

*United States v Horsley*, 864 F 2d 1543 (11th Cir 1989)      12, 13

*United States v Matha*, 915 F 2d 1220 (8th Cir 1990)      12

*Vasquez v Hillery*, 474 US 254; 106 S Ct 617; 88 L Ed 2d 598 (1986)      14

**Michigan Cases**

*People v Babcock*, 469 Mich 247; 666 NW2d 231 (2003)      15, 16

*People v Barbee*, 470 Mich 283; 681 NW2d 348 (2004)      15

*People v Francisco*, 474 Mich 82; 711 NW2d 44 (2006)      15, 18, 19

*People v Gibbs*, 299 Mich App 473; 830 NW2d 821(2013)      17

*People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973)      1, 4

*People v Hegwood*, 465 Mich 432; 636 NW2d 127 (2001)      15

*People v Howard*, 226 Mich App 528; 575 NW2d 16 (1997)      8

*People v Jackson*, 487 Mich 783; 790 NW2d (2010)      19

*People v Lockridge*, __ Mich __ ; __ NW2d __ (2015) (#149073, July 29, 2015)      15, 16, 17

*People v Lowery*, 258 Mich App 167; 673 NW2d 107 (2003)      16

*People v Miles*, 454 Mich 90; 559 NW2d 299 (1997)      19

*People v Morson*, 471 Mich 248; 685 NW2d 203 (2004)      15

*People v Rhodes*, 305 Mich App 85; 849 NW2d 417 (2014)      17, 18

*People v Smith*, 488 Mich 193; 793 NW2d 666 (2010)      15

*People v Stoeckl*, 347 Mich 1; 78 NW2d 640 (1956)      5

*People v Swint*, 225 Mich App 353; 572 NW2d 666 (1997)      8

*People v Triplett*, 407 Mich 510; 287 NW 2d 165 (1980)      20

RECEIVED by MCOA 1/26/2016 1:27:04 PM

*People v Whalen*, 412 Mich 166; 312 NW 2d 638 (1981)                          20

*People v Williams*, 386 Mich 565; 194 NW2d 337 (1972)                        5, 7

*People v Wilson*, 397 Mich 76; 243 NW2d 257 (1976)                           5, 7

**Constitutional Provisions and Statutes**

US Const, AM XIV                                                              8, 19

MCL 768.20                                                                    5

MCL 768.21                                                                    6

MCL 769.34                                                                    20

MCL 777.44                                                                    16

MCL 777.67                                                                    16

RECEIVED by MCOA 1/26/2016 1:27:04 PM

## <u>STATEMENT OF APPELLATE JURISDICTION</u>

Jurisdiction was conferred through Const 1963, art. 1, §20; MCL 600.308(1); MCL 770.3; MCR 7.203(A); MCR 7.204(A)(2)(a); and MCR 6.425(F)(3). The final judgment was November 14, 2014, petition for counsel was made on December 12, 2014, and pursuant to MCR 6.425(F)(3) the Claim of Appeal issued December 14, 2014.

RECEIVED by MCOA 1/26/2016 1:27:04 PM

## QUESTIONS PRESENTED

**I.  DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IT DENIED APPELLANT'S REQUEST FOR A BRIEF ADJOURNMENT OF TRIAL SO THAT NEWLY-RETAINED TRIAL COUNSEL COULD BECOME PREPARED?**

Defendant-Appellant answers          "yes"

Plaintiff-Appellee would answer          "no"

**II.  WAS MR. UPSHAW DENIED A FAIR TRIAL AND DUE PROCESS OF LAW WHERE THE PROSECUTOR IMPROPERLY DISMISSED MINORITY VENIRE MEMBERS, THE PROSECUTOR'S RACE-NEUTRAL REASONS WERE INSUFFICIENT TO AVOID A FINDING OF PURPOSEFUL DISCRIMINATION IN THE EXERCISE OF PEREMPTORY CHALLENGES, AND THE TRIAL COURT'S RULING ESSENTIALLY REQUIRED THAT THE DEFENSE SHOW A PATTERN OF PURPOSEFUL DISCRIMINATION -- A STANDARD CONTRARY TO THE LAW -- AND, WHERE THE DEFENSE DID SHOW A PATTERN, NEVERTHELESS DENIED THE *BATSON*-CHALLENGE?**

Defendant-Appellant answers          "yes"

Plaintiff-Appellee would answer          "no"

RECEIVED by MCOA 1/26/2016 1:27:04 PM

**III. WAS THE TRIAL COURT'S SCORING OF TEN POINTS FOR OFFENSE VARIABLE 14 [OFFENDER'S ROLE] ERROR WHICH PLACED MR. UPSHAW IN A HIGHER GRID THAN SUPPORTED BY THE RECORD? FURTHER, WAS THE RESULTING IMPOSED MINIMUM SENTENCE AN UNSUPPORTED DEPARTURE FROM THE GUIDELINES' RANGE, AN ABUSE OF DISCRETION, AND AN UNREASONABLE SENTENCE BASED IN PART ON INACCURATE INFORMATION, THEREBY NECESSITATING RESENTENCING?**

Defendant-Appellant answers       "yes" to all inquiries

Plaintiff-Appellee would answer      "no"

RECEIVED by MCOA 1/26/2016 1:27:04 PM

## <u>STATEMENT OF FACTS</u>

**Background.**

   Lafayette Upshaw was convicted by jury in the Wayne County Circuit Court of the offenses of armed robbery, MCL 750.529, carrying a weapon with unlawful intent, MCL 750.239, and felony firearm, MCL 750.227b; he was acquitted of charged-counts of assault with intent to murder, MCL 750.83, and assault with intent to do great bodily harm less than murder, MCL 750.84 (Trial transcript, ("TT"), 10/16/2014, verdict, 66-67).  A codefendant, Darrell Walker, was convicted of armed robbery.

   Mr. Upshaw was sentenced by Circuit Judge Michael Callahan to the mandatory two-year prison term for the felony firearm conviction, followed by concurrent prison terms of 216 months to 480 months for the robbery conviction, and 12 months to 60 months for the other weapon conviction (Sentence transcript, 11/14/2014, 11).

   Mr. Upshaw appealed by right to this Court, and predecessor appellate counsel filed a brief on appeal on April 6, 2015.  A motion to remand for a *Ginther*-hearing [*People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973)], was also filed, but it was denied by the Court on May 6, 2015.

**Trial.**

   The previously-filed brief on appeal contains a detailed recitation of the proceedings below and it is incorporated herein by reference.  Additional facts follow below and in the body of the supplemental arguments where necessary.

RECEIVED by MCOA 1/26/2016 1:27:04 PM

The charges arose form events occurring May 28, 2014, at a gas station at 1920 W. Fisher Service Drive in Detroit.

Tina Williams testified at trial that on May 28, 2014, she was working alone as the cashier at the Mobil station at 1920 W. Fisher Service Drive.  The cashier-area at the station was enclosed with bulletproof glass (TT, 10/14/2014, 30-31).  Ms. Williams said a man, whom she identified at trial as codefendant Walker, entered, asked about coffee, and was then standing around (*Id*. at 34). Subsequently, Ms. Williams said, she heard someone say, "Give me your money."  She looked up and saw an armed male robbing one of the female customers in the store (*Id*. at 35-36).  The perpetrator then told Ms. Williams to give him money, and the perpetrator fired a gunshot at the glass.  The perpetrator wore a gray hoodie and had a t-shirt pulled up over the lower part of his face; Ms. Williams said she could see the person's nose, facial hair and eyes, but could not see his mouth and lips (*Id*. at 38-39).  She identified Mr. Upshaw as the gunman (*Id*. at 42).

The perpetrator then kicked at the door to the cashier-area, and then fired shots towards her from underneath the counter (*Id.* at 43). The codefendant yelled to Ms. Williams to open the door so he could get what he wanted and then get out (*Id*.).  Ms. Williams said the gunman bent down in front of the counter and then left the store.  A little while later the codefendant told her to call the police and he then left the store (*Id.* at 44).

Ms. Williams later viewed photo-arrays of suspects and made identifications of Walker's and Upshaw's photos (*Id*. at 49-53; TT, 10/15/2014, 81, testimony of Detective Roland Brown).

RECEIVED by MCOA 1/26/2016 1:27:04 PM

Ms. Williams reviewed the surveillance footage of the incident, and testified that Walker entered the store at 3:35 A.M., and Mr. Upshaw entered at 3:36 A.M. and left at 3:38 A.M. Walker left at 3:39 A.M. (TT, 10/14/2014, 66-67).

Ms. Williams said she had not seen any communication between the gunman and Mr. Walker during the time they were in the store, nor did she see the gunman threaten Walker (*Id*. at 110-111, 64-65).

Three fired 9mm shell-casings were found inside the gas station (TT, 10/15/2014, 18, 23, 24, testimony of Detroit Police Officer Mary Gross). The casings were dusted for fingerprints, but none were found (*Id*. at 26-27). Five bullet impacts were noted; there was one on the bulletproof glass, and four on the shelving below the counter (*Id*. at 29-30).

Mr. Upshaw and Mr. Walker were arrested together later that morning at about 8:00 A.M. when police responded to a dispatch of a home invasion at 19475 Washburn Street in Detroit; both men were arrested at the scene (*Id*. at 52, 54, 58, testimony of Detroit Police Officer Nathaniel Womack; *id*. at 60-62, testimony of Detroit Police Officer Shannon Bullock). No weapons were found (*Id*. at 64).

Mr. Upshaw did not testify at trial (TT, 10/16/2014, waiver, 11), but the defense called Jeffrey Haugabook as a witness. Mr. Haugabook testified that he was the manager at Tony's Bar & Grill on Schafer, and that Mr. Upshaw had worked there for about one year (*Id*. at 6). Mr. Upshaw arrived for work at about 9:30 P.M. on May 27, 2014. They quit working at about 3:00 A.M. May

RECEIVED by MCOA 1/26/2016 1:27:04 PM

28, 2014, and Haugabook then gave Mr. Upshaw a ride home, which was in the area of Warren and Colfax (*Id*. at 7-8, 9).  Mr. Haugabook said he dropped Mr. Upshaw at the residence at about 3:15 – 3:20 A.M. (*Id*. at 9).

**Prior Appellate Filings**

In the previously-filed brief on appeal three issues were raised on Mr. Upshaw's behalf.   The first issue addressed a trial court ruling relating to the late-endorsement of a prosecution witness; the second issue addressed the trial court's decision to allow evidence that Mr. Upshaw refused to participate in a physical lineup following his arrest; and the third issue addressed a claim of ineffective assistance of trial counsel through counsel's failure to investigate and present an alibi defense.  As noted above, a motion for remand to the trial court for an evidentiary hearing on the counsel issue was filed, but was denied by this Court.  However, at the time predecessor appellate counsel filed the motion he was not in possession of several affidavits of key potential alibi witnesses.  While that motion was pending, the witnesses sent copies directly to the Court; however the affidavits were not part of the record or offer of proof and presumably were not considered by the Court when the motion was decided.

A successive motion for remand for a *Ginther*-hearing is filed herewith, and attaches as part of the offer of proof the two affidavits from the potential witnesses, as well as an affidavit of Mr. Upshaw executed in December, 2015.

RECEIVED by MCOA 1/26/2016 1:27:04 PM

## ARGUMENT I

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S REQUEST FOR A BRIEF ADJOURNMENT OF TRIAL SO THAT NEWLY-RETAINED TRIAL COUNSEL COULD BECOME PREPARED.**

### Standard of Review and Preservation of Issue

A trial court's decision concerning whether to grant an adjournment is reviewed for an **abuse of discretion**. *People v Williams*, 386 Mich 565, 571-572; 194 NW2d 337 (1972); *People v Stoeckl*, 347 Mich 1, 15; 78 NW2d 640 (1956)("This Court has repeatedly held that the granting or refusing of a continuance is within the sound discretion of the court, but has also guarded against an abuse of such discretion"); *People v Wilson*, 397 Mich 76, 80; 243 NW2d 257 (1976).

The request for adjournment was timely raised – by Mr. Upshaw -- at a motion hearing prior to trial (Motion transcript ["MT"], 10/02/2014, 3-4).

### Discussion

Trial counsel, Wright Blake, was retained a couple of, to several weeks prior to trial, and he first appeared on the record at the October 2, 2014, motion hearing; that hearing was one week before the October 9, 2014 commencement of trial.   A notice of alibi had not been filed on Mr. Upshaw's behalf by his prior counsel, and none was filed by Mr. Blake.  Indeed, pursuant to the requirements of the statute, MCL 768.20, Mr. Blake could not have – absent leave of the trial court – timely filed the requisite notice; the statute requires notice to be filed at least 10 days before trial, as seen in the following excerpt: the defendant shall at the time of arraignment on the information or within 15 days after that arraignment *but not less than 10 days before the trial* of the case, or at

5

RECEIVED by MCOA 1/26/2016 1:27:04 PM

such other time as the court directs, file and serve upon the prosecuting attorney a notice in writing of his intention to claim that defense.  MCL 768.20(1).  Further, a failure to comply with the 10-day notice mandate of the statute precludes the defendant from presenting the alibi defense:  "…if the defendant fails to file and serve the written notice prescribed in section 20 or 20a, *the court shall exclude evidence offered by the defendant for the purpose of establishing an alibi* … " MCL768.21(1) (emphasis supplied).

Mr. Upshaw does not here suggest that the trial court had an obligation to foresee the need for an alibi defense and the need for the timely filing of alibi notice; instead, that was the obligation of defense counsel.  Counsel's failure to investigate and secure that defense has previously been raised in the initial brief on appeal.   However, the trial court was made aware, by Mr. Upshaw, that the trial counsel would need some additional time, as follows:

> MR. BLAKE: …  Mr. Upshaw wants an adjournment.  He doesn't feel that we're quite ready.  I told him that I would bring myself up to speed by the time for the trial date.  Is that correct, Mr. Upshaw?

> MR. UPSHAW: Yes, but as you can see, your Honor, I have retained a new lawyer because of my insufficient counsel for not showing up and not coming and telling me the information. So I feel like my lawyer hasn't, my lawyer hasn't saw the DVD. He hasn't retained the transcript or anything and I feel like it's best grounds of adjournment right there, your Honor, just to get him caught up on what's going on with the case cause I just retained him like a week and a half ago, probably not even that.

RECEIVED by MCOA 1/26/2016 1:27:04 PM

THE COURT: Well, I'm not granting an adjournment at this point.  We'll see what

happens (Motion transcript, 10/02/2014, 3-4).

What then happens, of course, is a trial without the alibi defense.

Mr. Haugabook was not an alibi witness, and no alibi witnesses were presented.  Even a short

adjournment of several days would have allowed, vis-à-vis the October 2, 2014 motion date, trial

counsel to investigate into, and timely file notice of, the alibi defense.  Instead, trial commenced

October 9, 2014, and, as Mr. Blake advised the trial court the day prior to Haugabook testifying,

"He will not be testifying to an alibi.  He will be testifying that he dropped the Defendant Upshaw

off at some location at some time.  Was not present when the shooting happened.  Cannot testify

to where Mr. Upshaw was at the time that the shooting happened" (TT, 10/15/2014, 99).

'The prompt disposition of criminal cases is to be commended and encouraged.  But in reaching

that result a defendant, charged with a serious crime, must not be stripped of his right to have

sufficient time to advise with counsel and prepare his defense.  To do that is not to proceed

promptly in the calm spirit of regulated justice but to go forward with the haste of the mob.'

*Williams, supra*, 365 Mich at 576-577 (citing *Powell v Alabama*, 287 US 45; 53 S Ct 55; 77 L Ed

158 (1932)).

Further, "(T)he desire of the trial courts to expedite court dockets is not a sufficient reason to

deny an otherwise proper request for a continuance."  *Williams, supra*, 386 Mich at 577; *Wilson,*

*supra*, 397 Mich at 81 (citing *Williams*).

7

RECEIVED by MCOA 1/26/2016 1:27:04 PM

The trial court's refusal to allow a reasonable adjournment. Requested one week before the scheduled start of trial, was an abuse of discretion which resulted in the preclusion of an alibi defense.

## ARGUMENT II

**MR. UPSHAW WAS DENIED A FAIR TRIAL AND DUE PROCESS OF LAW WHERE THE PROSECUTOR IMPROPERLY DISMISSED MINORITY VENIRE MEMBERS; THE PROSECUTOR'S RACE-NEUTRAL REASONS WERE INSUFFICIENT TO AVOID A FINDING OF PURPOSEFUL DISCRIMINATION IN THE EXERCISE OF PEREMPTORY CHALLENGES. FURTHER, THE TRIAL COURT'S RULING ESSENTIALLY REQUIRED THAT THE DEFENSE SHOW A PATTERN OF PURPOSEFUL DISCRIMINATION, A STANDARD CONTRARY TO THE LAW, AND, WHERE THE DEFENSE DID SHOW A PATTERN, NEVERTHELESS DENIED THE *BATSON*-CHALLENGE.**

### Standard of Review and Preservation of Issue

A trial court's finding of purposeful discrimination in jury selection is reviewed for **clear error**. *Anderson v Bessemer City*, 470 US 564, 575-576; 105 S Ct 1504; 84 L Ed 2d 518 (1985). However, the trial court's rejection of a claim of purposeful discrimination is reviewed for an **abuse of discretion**. *People v Howard*, 226 Mich App 528, 536; 575 NW2d 16 (1997). The constitutional legal questions inherent within the Fourteenth Amendment issue are reviewed **de novo**. *Batson v Kentucky*, 476 US 79; 106 S Ct 1712; 90 L Ed 2d 69 (1985), *supra*; *People v*

RECEIVED by MCOA 1/26/2016 1:27:04 PM

*Swint*, 225 Mich App 353; 572 NW2d 666 (1997), lv den 459 Mich 931 (1998).

The issue was addressed in the trial court (TT, 10/09/2014, 97-100).

**Discussion**

The following transpired during jury selection:

MR. BLAKE [defense counsel]: Your Honor, at this time we have a Batson motion on the Prosecution has elected to take off 8 perspective members of the jury.  My count has 6 of them being African American and 2 of them white.  Obviously, it's detrimental to my client to get a jury of his peers considering he's African American.  Some of the individuals, there was absolutely no reason whatsoever for excluding them or for taking them such as, I believe, it was Kim Jones, the student. There was also previously Ms. Jones.  All of them had neutral responses that they could be fair and impartial and yet the Prosecution elected within her first 1, 2, 3, 4, 5, 6, 7 peremptory's,(sic) out of the 7, 6 were African American, Judge.

MR. GOZE (codefendant's counsel): I would so join that motion on behalf of Mr. Walker.

MS. TOWNS (assistant prosecuting attorney): So, Judge, I believe the standards they have to show a pattern or proof that they were excused purely for race.  I think that that burden has not been established to the Court pursuant to the Batson case.

THE COURT: Do you have any response why they were challenged?

MS. TOWNS: Well, do you want me to go specifically one by one, Judge?

THE COURT: Go ahead.

MS. TOWNS: Ms. Stinson, I dismissed recently because she seemed to have very

RECEIVED by MCOA 1/26/2016 1:27:04 PM

delayed responses to questions as if she really wasn't focused or paying attention and she's an older female.  As relates to Ms. Williams, Ms. Williams is convicted of a CCW.  Mr. Smith was in seat #6, I believe.

THE COURT: He was.  He's the jury with had the relatives in prison.

MS. TOWNS: Yes, thank you, Judge.  That is correct.  Ms. Jones, was a student, I believe.  I believe she was too young, in my opinion.  Too young for this particular case.  Not based on her race, but based on her age.  I also thought that when I watched her, her demeanor was very distracted.  You'd have to repeat questions to her as if she really wasn't listening.  That is seat #13.  I think that I've established.

THE COURT: Mr. Blake?

MR. BLAKE: Well, Judge, too young?  Apparently she's not too young, Ms. Jones, to be a juror.  So, that particular response is

THE COURT: Yes, but are you saying that's a pretext to get her off the jury because she's black?  MR. BLAKE: Yes, Judge.

THE COURT: Anything else?

MR. BLAKE: No, your Honor.

THE COURT: Mr. Goze?

MR. GOZE: Just joining what the Counsel said.

THE COURT: Well, the Prosecutor has given some explanation other than race being challenged.  I don't think the Batson motion can be sustained.  I don't have any further comments on whether it's good or bad.  That's the strategy of a trial.  The Batson challenge, well, see Batson would be to a specific juror.  Were you challenging her excusal of the last, of White and Stinson?

10

RECEIVED by MCOA 1/26/2016 1:27:04 PM

MR. BLAKE: Of both of the Jones'; Pamela Jones.

THE COURT: No, you can't do it that way. Once you say there's a pattern, then you challenge a specific juror challenge.

MR. BLAKE: Well, Judge, with respect to Ms. Stinson, the fact that she's elderly. She gave direct responses, although they weren't rapid speed, but her answers were clear and concise and we'd ask the Court not to excuse her.

THE COURT: Denied (TT, 10/09/97-100).

As the above reflects, of the prosecutor's first seven peremptory challenges exercised, six were of African Americans. The prosecutor erroneously argued that a pattern, or, seemingly explicit proof of prejudice need be shown ("So, Judge, I believe the standards they have to show a pattern or proof that they were excused purely for race"). It appears the trial court recognized a pattern, for the court directed defense counsel to raise specific, individual challenges for the various jurors: "Once you say there's a pattern, then you challenge a specific juror challenge."

In any event, the prosecutor purported reasons are reminiscent of Goldilocks; that is, a juror apparently cannot be too old, or too young, but must be just right, in order for the juror to partake in the juror's civic duty.

When a *Batson* issue is raised, the proponent of the challenge must articulate an adequate and race-neutral explanation. If such an explanation is provided, the opponent then must show it to be a pretext for purposeful discrimination. *Batson*, 476 US at 98; *Purkett v Elem*, 514 US 765, 768; 131 L Ed 2d 834; 115 S Ct 1769 (1995). The persuasiveness and credibility of the prosecutor's

11

RECEIVED by MCOA 1/26/2016 1:27:04 PM

explanation is the essential question.  See *Purkett*, 514 US at 768; *Hernandez v New York*, 500 US 352, 364-365; 111 S Ct 1859; 114 L Ed 2d 395 (1991).

The primary focus of the requisite inquiry is thus upon the reason or reasons for the challenge; for example, the number of African-Americans struck may be relevant, but the number alone of those dismissed is not determinative.  See, for example, *United States v Matha*, 915 F 2d 1220, 1222 (8th Cir 1990) ("the movant cannot carry the burden of establishing a prima facie case with numbers alone"); *United States v Horsley*, 864 F 2d 1543, 1544 (11th Cir 1989).

The *Batson* Court set-forth the following factors for consideration:  (1) a defendant must make a *prima facie* showing that a peremptory challenge has been exercised on the basis of race; (2) when that showing has been made, the prosecution must offer a race-neutral basis for striking the juror in question; (3) the trial court then must determine whether the defendant has shown purposeful discrimination.  476 US at 97-98.

In *Horsley*, *supra*, the sole African-American in the thirty-two person venire was removed on the basis of the prosecutor's "feeling"; the 11th Circuit found such a "vague" explanation legally insufficient to rebut the prima facie showing.  Additionally, the *Horsley* court noted that if such "general assertions were accepted as rebutting a defendant's prima facie case, the Equal Protection Clause 'would be but a vain and illusory requirement.'" 864 F 2d at 1546, citing *Batson*, 476 US at 98, in turn quoting from *Norris v Alabama*,  294 US 587, 598; 55 S Ct 579, 584-584; 79 L Ed 1074 (1935).

RECEIVED by MCOA 1/26/2016 1:27:04 PM

Obviously, a person deliberately exercising a peremptory challenge for a race-based reason would not expressly state race as the reason.  Instead, racial discrimination will necessarily be hidden behind some expressed rationale, and will not otherwise be open and obvious to judicial scrutiny.  Accordingly, care must be taken to avoid acceptance of a feigned rationale, lest the requirement to rebut a prima facie showing "be but a vain and illusory requirement."  *Norris*, *supra*, 294 US at 598.

As Justice Marshall stated in *Batson*:

> "Any prosecutor can easily assert facially neutral reasons for striking a juror, and trial courts are ill-equipped to second-guess those reasons … Nor is outright prevarication by prosecutors the only danger here ... [It] is even possible that an attorney may lie to himself in an effort to convince himself that his motives are legal." *Batson*, supra, 476 US at 106 (MARSHALL, J., concurring)(internal citations omitted).

A "pattern" of discrimination, as suggested by the prosecutor, might have been required prior to *Batson*, *e.g.*, *Swain v Alabama*, 380 US 202 (1965*)*, but the law does not require a fixed or minimum number of illegal dismissals before the conduct may be recognized for what it is. *Horsley*, *supra*.  One must ask: How many improper, illegal and unconstitutional dismissals would be allowed under such a standard?  Would the trial court's ruling allow the prosecution to get one free race-based challenge?   If so, which juror is subject to being illegally excused?

 The exclusion of even one juror for a prohibited reason is unconstitutional and violates an accused's due process and equal protection rights.  See, for example, *Martin v Texas*, 200 US 316,

13

RECEIVED by MCOA 1/26/2016 1:27:04 PM

321; 26 S Ct 338; 50 L Ed 497 (1906)(wherein the United States Supreme Court held that "[w]hat an accused is entitled to demand, under the Constitution of the United States, is that in organizing the grand jury as well as in the empaneling of the petit jury, there shall be no exclusion of his race, and no discrimination against them, because of their race or color").

There is also a broader social harm. Such challenges also discriminate against the excused juror, who has both a right and obligation to sit. See, for example, *Strauder v West Virginia*, 100 US 303, 308; 25 L Ed 664 (1880); and *J.E.B. v Alabama ex rel T.B.*, 511 US 127, 128 (1994)(wherein the United States Supreme Court held that gender, like race, is an "unconstitutional proxy for juror competence and impartiality"). "Exclusion of black citizens from service constitutes a primary example of the evil the Fourteenth Amendment was designed to cure," and the harm of such discrimination "extends beyond that inflicted upon the defendant and the excluded juror to touch the entire community," *Batson*, *supra*, 476 US at 87, and adversely impacts the integrity of the judiciary process, and "public confidence in the fairness of our system of justice." *Id.*, citing *Ballard v United States*, 329 US 187, 195 (1946).

The prosecutor's reasons were inadequate. The trial court's response was erroneous. The harm being done, the remedy, the only practical and applicable remedy for the structural error, is clear: a new trial must be ordered. Such purposeful exclusion is a structural error which defies harmless error analysis. *Arizona v Fulminante*, 499 US 279, 309-310; 111 S Ct 1246; 113 L Ed 2d 302 (1991); *Vasquez v Hillery*, 474 US 254; 106 S Ct 617; 88 L Ed 2d 598 (1986); *Neder v United States*, 527 US 1, 8; 119 S Ct 1827; 144 L Ed 2d 35 (1999); *Chapman v California*, 386 US 18; 87 S Ct 824; 17 L Ed 2d 705 (1967); *Brecht v Abrahamson*, 507 US 619, 630; 113 S Ct 1710; 123

RECEIVED by MCOA 1/26/2016 1:27:04 PM

L Ed 2d 353 (1993).  The proceedings below were tainted from the start; the verdict cannot be allowed to stand.

<u>**ARGUMENT III**</u>

**THE TRIAL COURT'S SCORING OF TEN POINTS FOR OFFENSE VARIABLE 14 [OFFENDER'S ROLE] WAS ERROR WHICH PLACED MR. UPSHAW IN A HIGHER GRID THAN SUPPORTED BY THE RECORD.  FURTHER, THE RESULTING IMPOSED CONSTITUTED AN UNSUPPORTED DEPARTURE FROM THE GUIDELINES' RANGE, AN ABUSE OF DISCRETION, AND AN UNREASONABLE SENTENCE ON INACCURATE INFORMATION NECESSITATING RESENTENCING.**

**Standard of Review and Preservation of Issue**

A trial court's sentencing decision is generally reviewed for an **abuse of discretion**; questions of law, statutory interpretation, and the implication of constitutional rights are reviewed **de novo.** See *People v Barbee*, 470 Mich 283, 285; 681 NW2d 348 (2004); *People v Babcock*, 469 Mich 247, 253; 666 NW2d 231 (2003); *People v Hegwood*, 465 Mich 432, 436; 636 NW2d 127 (2001); *People v Francisco*, 474 Mich 82, 85; 711 NW2d 44 (2006); *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004); *People v Smith*, 488 Mich 193, 198; 793 NW2d 666 (2010); *People v Lockridge*, __ Mich __ ; __ NW2d __ (2015) (#149073, July 29, 2015), slip op at 11; *North Carolina v Pearce*, 395 US 11; 89 S Ct 2072; 23 L Ed 2d 656 (1969).

Additionally, the trial court's factual findings are reviewed for **clear error**; the trial court's determination that a factor is objective and verifiable, so as to support a departure, is reviewed **de**

15

RECEIVED by MCOA 1/26/2016 1:27:04 PM

**novo**; and the trial court's determination that the objective and verifiable factor(s) constitute a substantial and compelling reason for a departure is reviewed for an **abuse of discretion**. *Babcock*, *supra*; *People v Lowery*, 258 Mich App 167; 673 NW2d 107 (2003).

Further, because the Sentencing Guidelines are now advisory, *Lockridge, supra*, appellate review of sentencing decisions is to determine whether a sentence is "**reasonable**," e.g., *United States v Booker*, 543 US 220; 125 S Ct 738; 160 LEd2d 621 (2004), which ultimately is an **abuse of discretion** standard. *Gall v United States*, 552 US 38, 46; 128 S Ct 586, 590; 169 L Ed 2d 445 (2007).

The reasonableness standard was not addressed below; the *Lockridge* decision did not issue until July 29, 2015, after Mr. Upshaw had been sentenced.   A timely objection was raised to the scoring of Offense Variable 14 (Sentence transcript, 11/14/2014, 8).

### Discussion

Under the statutory guidelines, which were required when Mr. Upshaw was sentenced, 10 points should be scored under offense variable [OV] 14 when the "offender was a leader in a multiple offender situation." MCL 777.44(1)(a).  The trial court, over objection, scored 10 points for OV 14; the result was that Mr. Upshaw had a total OV score of 61 points, which, pursuant to 777.62, placed him in the IV-grid-range with a minimum of between 135 to 225 months [a copy of the Sentencing Information report is attached as Appendix A].  Without the 10 points, Mr. Upshaw would score within the III-grid-range of 126 to 210 months.  The minimum sentence imposed for the armed robbery conviction was 216 months (Sentence transcript, 11-12).

RECEIVED by MCOA 1/26/2016 1:27:04 PM

Key to the resolution of the instant case is the fact that Judge Callahan's stated basis, e.g., "The defendant fired multiple shots at her …" (Sentence Transcript, 9), does not establish by a preponderance of the evidence that Mr. Upshaw was a leader in the offense.

"[A] 'leader' is defined in relevant part as 'a person or thing that leads' or 'a guiding or directing head, as of an army or political group.' To 'lead' is defined in relevant part as, in general, guiding, preceding, showing the way, directing, or conducting." *People v Rhodes*, 305 Mich App 85, 90; 849 NW2d 417 (2014). The *Rhodes* Court also noted that while the "evidence unequivocally supports the trial court's factual determination that defendant possessed a gun and the only other person involved in the criminal transaction did not …, the evidence does not show that defendant acted first, gave any directions or orders to Adams, displayed any greater amount of initiative beyond employing a more dangerous instrumentality of harm, played a precipitating role in Adams's participation in the criminal transaction, or was otherwise a primary causal or coordinating agent." *Id*. The Court concluded "that defendant's exclusive possession of a gun during the criminal transaction is some evidence of leadership, however it does not meet the preponderance of the evidence standard found in Hardy." *Id*. Accordingly, the Court reversed the trial court's scoring of OV 14. *Id*. at 90-91.

In contrast, the case of *People v Gibbs*, 299 Mich App 473; 830 NW2d 821(2013), is helpful. In *Gibbs*, the Court upheld the scoring for OV 14 for the codefendant, Henderson, in the consolidated appeal. The Court held that "there was evidence that Henderson was the only

17

RECEIVED by MCOA 1/26/2016 1:27:04 PM

perpetrator with a gun, did most of the talking, gave orders to Gibbs, and checked to make sure Gibbs took everything of value. Kassing [one of the victims] specifically testified that he believed Henderson was the leader." *Id*. at 494.

The evidence at trial showed that *codefendant Walker was first* into the store. There was no communication between the two men, according to Ms. Williams, nor any threat [or other direction given] from the gunman to Walker (TT, 10/14/2014, 44). Also, *the codefendant* yelled to Ms. Williams to open the door so the gunman could get what he wanted and then get out (*Id*.). Assuming, for purposes of argument, "that defendant's exclusive possession of a gun during the criminal transaction is some evidence of leadership … it does not meet the preponderance of the evidence standard found in *Hardy*." *Rhodes, supra*, 305 Mich App at 90.

The trial court erred in scoring OV 14 at 10 points. As a result, Mr. Upshaw was placed into a higher grid-range than supported by the record and the additional 6 months in the sentence imposed constituted an unwarranted upward departure. Because of the change in sentencing-grids, resentencing is required. *Francisco*, *supra*, 474 Mich at 88-89.

Additionally, in *Lockridge, supra*, the Michigan Supreme Court noted that a trial court has an obligation to "justify" a sentence to facilitate appellate review. Slip op at 29. The Court further set forth a "reasonableness" standard for sentences, without limiting that standard to sentences imposed only outside of the now-advisory sentencing guidelines range. The Court held that "[r]esentencing will be required when a sentence is determined to be unreasonable." *Id.* As noted

18

RECEIVED by MCOA 1/26/2016 1:27:04 PM

above, the trial court apparently scored the offender's role variable because of a finding that Mr. Upshaw fired gunshots during the robbery. Notably, Mr. Upshaw was acquitted of both the assault with intent to murder and assault with intent to do great bodily harm less than murder charges (TT, 10/16/2014, 66-67).

Mr. Upshaw, twenty-two years-old at sentencing, had no prior adult felony convictions – he was convicted of the home invasion case arising on May 28, 2014 [a copy of the Presentence Investigation Report is filed herewith] – and it appears the trial court imposed the high minimum sentence on the armed robbery conviction in part due to the erroneous determination that Mr. Upshaw had a leader-role in the events, and for the acquitted conduct. Those bases are not reasonable, are based – at least in part -- on error and inaccurate information -- and the resulting sentence is unreasonable and an abuse of discretion.

Every criminal defendant has a basic fundamental due process right to be sentenced only upon accurate information. US Const, AM XIV; *Townsend v Burke*, 334 US 736; 68 S Ct 1252 (1948); and see, for example, *Francisco*, *supra*, 474 Mich at 88-89 ("if a minimum sentence falls within the appropriate guidelines range, a defendant is not entitled to be resentenced unless there has been a scoring error or inaccurate information has been relied upon ... It would be in derogation of the law, and fundamentally unfair, to deny a defendant in the instant circumstance the opportunity to be resentenced on the basis of accurate information"); *People v Miles*, 454 Mich 90, 96 (1997)(a "sentence is invalid if based upon inaccurate information"); *People v Jackson*, 487 Mich 783, 793-794; 790 NW2d (2010)("the Legislature intended to have defendants sentenced according to accurately scored guidelines and in reliance on accurate information ... when "appellate correction

19

RECEIVED by MCOA 1/26/2016 1:27:04 PM

of an erroneously calculated guidelines range" results in a sentence that "stands differently in relationship to the correct guidelines range," a defendant is "entitled to be resentenced" (internal footnotes omitted); MCL 769.34(10); *People v Triplett*, 407 Mich 510, 515; 287 NW 2d 165 (1980); *People v Whalen*, 412 Mich 166, 169-170; 312 NW 2d 638 (1981).

Resentencing on the armed robbery count is required.


## **RELIEF REQUESTED**

WHEREFORE, Mr. Upshaw respectfully requests this Honorable Court reverse the convictions and remand for a new trial; alternatively, should the robbery conviction be affirmed, he requests this Honorable Court vacate the armed robbery sentence and remand for a resentencing on that conviction.

Respectfully submitted,

/S/  NEIL J. LEITHAUSER

_____
NEIL J. LEITHAUSER P-33976
Attorney for Defendant-Appellant
101 W. Big Beaver Rd., 14th Flr.
Troy, MI 48084
(248) 687-1404

Dated: January 16, 2016

RECEIVED by MCOA 1/26/2016 1:27:04 PM

STATE OF MICHIGAN

IN THE COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v.

LAFAYETTE DESHAWN UPSHAW,

Defendant-Appellant.

_____/

Court of Appeals: 325195

Circuit Court
No.  14-006199-01-FC

# APPENDIX A

RECEIVED by MCOA 1/26/2016 1:27:05 PM

| Offender: | Upshaw, Lafayette Deshawn | SSN: 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 | Workload: 1932 | Docket Number: 14006199-01-FC |
|---|---|---|---|---|
| Judge: | The Honorable Michael J Callahan | Bar No.: P25721 | Circuit No.: 03 | County: 82 |

## Conviction Information

| | | |
|---|---|---|
| Conviction PACC: 750.529 | Offense Title: Robbery Armed | |
| Crime Group: Person | Offense Date: 05/28/2014 | |
| Crime Class: Class A | Conviction Count: 1 of 3 | Scored as of: 05/28/2014 |
| Statutory Max: Life | Habitual: No | Attempted: No |

## Prior Record Variable Score

| PRV1: 0 | PRV2: 0 | PRV3: 25 (MJC) | PRV4: 60 MJC | PRV5: 10 MJC | PRV6: 5 | PRV7: 10 |
|---|---|---|---|---|---|---|

Total PRV: 50

PRV Level: E

## Offense Variable

| OV1: 25 | OV2: 5 | OV3: 0 | OV4: 10 MJC | OV5: 0 | OV6: 0 | OV7: 0 |
|---|---|---|---|---|---|---|
| OV8: 0 | OV9: 10 | OV10: 0 | OV11: 0 | OV12: 1 | OV13: 0 | OV14: 10 MJC |
| OV16: 0 | OV17: 0 | OV18: 0 | OV19: 0 | OV20: 0 | | |

Total OV: 51 61

OV Level: III IV

## Sentencing Guideline Range

Guideline Minimum Range : 126 to 210

135 to 225

## Minimum Sentence

| | Months | Life |
|---|---|---|
| Probation: | _____ | ☐ |
| Jail: | | |
| Prison: | _____ | ☐ |

Sentence Date: _____

Guideline Departure: _____

Consecutive Sentence: _____

Concurrent Sentence: Yes

Sentencing Judge: _[signature]_    Date: _____

Prepared By: HARRISON, WARREN K

Upshaw, Lafayette Dushawn - 949256

RECEIVED by MCOA 1/26/2016 1:27:05 PM

**STATE OF MICHIGAN**
**COURT OF APPEALS**

# Bundle Cover Sheet

| Lower Court: | L Ct No.: | COA No.: |
|---|---|---|
| WAYNE CIRCUIT COURT | 14-006199-FC | 325195 |

**Case Title:**
PEOPLE OF MI V LAFAYETTE DESHAWN UPSHAW

**Priority:**
NONE

## Filer Information

**Filer**
Neil  Leithauser
101 W. Big Beaver Rd., 14th Floor
Troy, MI 48084
248-687-1404

**Attorney**
Neil  Leithauser, P-33976
101 W. Big Beaver Rd., 14th Floor
Troy, MI 48084
248-687-1404
nleithauserattorney@comcast.net

## Filing Summary

| Type | Description | Fee |
|---|---|---|
| MOTION - REGULAR | Motion for Leave to File Supplemental Brief | $100.00 |
| OTHER | Supplemental Brief | $0.00 |
| ATTACHMENT | Appendix to Supplemental Brief | $0.00 |
| PRESENTENCE INVESTIGATION | Presentence Invstigation Report | $0.00 |
| MOTION - REGULAR | Motion to Remand | $100.00 |
| ATTACHMENT | Appendices to Motion | $0.00 |
| | **Total:** | **$200.00** |

Alternate Payment Reason: None

RECEIVED by MCOA 1/26/2016 1:27:00 PM

The document(s) listed above were electronically filed with the Michigan Court of Appeals.

325195-1507610

**STATE OF MICHIGAN**
MI Court of Appeals

## Proof of Service

| Case Title: | Case Number: |
|---|---|
| PEOPLE OF MI V LAFAYETTE DESHAWN UPSHAW | 325195 |

1. Title(s) of the document(s) served:

| Filing Type | Document Title |
|---|---|
| Motion - Regular | Motion for Leave to File Supplemental Brief |
| Other | Supplemental Brief |
| Attachment | Appendix to Supplemental Brief |
| Presentence Investigation Report (PSIR) | Presentence Invstigation Report |
| Motion - Regular | Motion to Remand |
| Attachment | Appendices to Motion |

2. On 1-26-2016, I served the document(s) described above on:

| Recipient | Address | Type |
|---|---|---|
| Monica Smith<br>Wayne County Prosecutor's Office | msmith@waynecounty.com | e-Service |
| Neil Leithauser<br>Neil Leithauser<br>P-33976 | nleithauserattorney@comcast.net | e-Service |
| Valerie Steer<br>Wayne County Prosecutor's Office<br>P38489 | vsteer@waynecounty.com | e-Service |
| WCPO Appeals<br>Wayne County Prosecutor's Office | WCPAAppeals@waynecounty.com | e-Service |

This proof of service was automatically created, submitted and signed on my behalf through my agreements with TrueFiling and its contents are true to the best of my information, knowledge, and belief.

1-26-2016
_____
Date

/s/ Neil Leithauser
_____
Signature

Neil Leithauser
_____

RECEIVED by MCOA 1/26/2016 1:27:13 PM

# STATE OF MICHIGAN
## IN THE COURT OF APPEALS

---

**THE PEOPLE OF THE STATE OF MICHIGAN**

        **Plaintiff-Appellee,**

**v**

**DESHAWN UPSHAW**

        **Defendant-Appellant.**

---

**Court of Appeals
No. 325195**

**Third Circuit Court No. 14-006199**

---

## PLAINTIFF-APPELLEE'S SUPPLEMENTAL BRIEF ON APPEAL

## NO ORAL ARGUMENT REQUESTED

**KYM L. WORTHY**
Prosecuting Attorney
County of Wayne

**JASON W. WILLIAMS**
Chief of Research,
Training, and Appeals

**VALERIE M. STEER (P-38489)**
Assistant Prosecuting Attorney
11th Floor, 1441 St. Antoine
Detroit, MI 48226
Phone: (313) 224 - 0205

RECEIVED by MCOA 4/26/2016 10:15:08 AM

# TABLE OF CONTENTS

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Statement of Appellate Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Counterstatement of Questions Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Counterstatement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     I.    An objection on one ground does not preserve an attack on other grounds.  Defendant asked for an adjournment because he did not believe that his attorney was ready for trial, but now claims that his attorney needed more time to file an alibi notice.  Defendant's failure to mention in the trial court the grounds he now asserts forfeits those grounds.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

             Standard of review and Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     II.   When a trial judge credits the prosecutor's race-neutral reason for peremptorily excusing a juror, that finding cannot be overturned unless clearly erroneous.  The trial judge here implicitly credited the prosecutor's race-neutral reasons for striking several jurors, and the record supports the court's determination. Defendant has failed to demonstrate that the court clearly erred. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

             Standard of review and Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     III.  Ten offense variable points should be awarded to the leader in a multiple offender situation. The defendant committed the robbery armed with a gun which he used to shoot at the victim many times while his codefendant's role was merely to lure the victim out of the bullet-proof booth in advance of defendant's entry.  There was sufficient evidence to support scoring offense variable 14 and no clear error occurred. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

             Standard of review and Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

i

RECEIVED by MCOA 4/26/2016 10:15:08 AM

## INDEX OF AUTHORITIES

### FEDERAL CASES

*Batson v Kentucky*, 476 US 79, 106 S Ct 1712, 90 L Ed 2d 69 (1986) . . . . . . . . . . . . . . . . . . . . . 4

*Hernandez v New York,* 500 US 352, 111 S Ct 1859, 114 L Ed 2d 395 (1991) . . . . . . . . . . . . . 6

*Miller-El v Dretke*, 545 US 231, 125 S Ct 2317, 162 L Ed 2d 196 (2005) . . . . . . . . . . . . . . . . . 5

*Purkett v Elem,* 514 US 765, 115 S Ct 1769, 131 L Ed 2d 834 (1995) . . . . . . . . . . . . . . . . . . . 6

*Rice v Collins*, 546 US, 333; 126 S Ct 969; 163 L Ed 2d 824 (2006) . . . . . . . . . . . . . . . . . . . . . 6

### STATE CASES

*People v Barker*, 179 Mich App 702 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*People v Dowell*, 199 Mich App 554 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*People v Hardy*, 494 Mich 430 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*People v Kimble*, 470 Mich 305 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*People v Knight*, 473 Mich 324 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*People v Meyers* (On Remand) 124 Mich App 148 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*People v Pena,* 224 Mich App 650 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*People v Tennille*, __Mich App__ (2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*People v Wilson*, 397 Mich 76 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

### STATUTES

MCLA 768.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

MSA 28.1025 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

RECEIVED by MCOA 4/26/2016 10:15:08 AM

## Counterstatement of Jurisdiction

The People accept the defendant's statement of jurisdiction.

RECEIVED by MCOA 4/26/2016 10:15:08 AM

RECEIVED by MCOA 4/26/2016 10:15:08 AM

**Counterstatement of Questions Presented**

**I.  An objection on one ground does not preserve an attack on other grounds. Defendant asked for an adjournment because he did not believe that his attorney was ready for trial, but now claims that his attorney needed more time to file an alibi notice.  Has defendant forfeited an issue he failed to raise in the trial court on the grounds he now asserts?**

The People answer: Yes.
The Defendant answers: No.
The Trial Court was not asked.

**II. When a trial judge credits the prosecutor's race-neutral reason for peremptorily excusing a juror, that finding cannot be overturned unless clearly erroneous.  The trial judge here implicitly credited the prosecutor's race-neutral reasons for striking several jurors, and the record supports the court's determination. Has defendant failed to demonstrate that the court clearly erred?**

The People answer: Yes.
The Defendant answers: No.
The Trial Court was not asked.

**III. Ten points should be awarded to the leader in a multiple offender situation. The defendant committed the robbery armed with a gun which he used to shoot at the victim many times while his codefendant's role was merely to lure the victim out of the bullet-proof booth in advance of defendant's entry.  Was there sufficient evidence to support scoring offense variable 14?**

The People answer: Yes.
The Defendant answers: No.
The Trial Court answers: Yes.

**Counterstatement of Facts**

    The People accept and adopt defendant's statement of facts except where it conflicts with the facts stated in the following arguments.[1]

---

    [1] Transcripts are cited throughout this brief in the following form: month/day of proceedings, page numbers.

1

RECEIVED by MCOA 4/26/2016 10:15:08 AM

**ARGUMENT**

**I.**

**An objection on one ground does not preserve an attack on other grounds. Defendant asked for an adjournment because he did not believe that his attorney was ready for trial, but now claims that his attorney needed more time to file an alibi notice.  Defendant's failure to mention in the trial court the grounds he now asserts forfeits those grounds.**

**Standard of Review**

The abuse of discretion standard applies to most of the "housekeeping" decisions a judge must make during a trial.  The decision to grant or deny adjournments and continuances should be reviewed for an abuse of discretion. [2]

**Discussion**

Defendant argues that though his newly hired attorney did not want an adjournment, defendant did, and the trial judge abused his discretion in accepting counsel's word that he was confident he would be prepared for trial.  One week before the trial, counsel noted that he would be ready for trial, but  defendant wanted an adjournment. 10/2, 4. Defendant himself argued to the judge that he believed his new counsel had not yet seen the video of the crime and maybe had not read the transcript.[3]  Now defendant claims that he needed an adjournment to file a notice of alibi.

The grant or denial of a continuance is within the sound discretion of the trial judge.  To show error the defendant must show that he or she was prejudiced in his or her defense or that a

---

[2] *People v Dowell*, 199 Mich App 554 (1993)*, People v Meyers* (On Remand), 124 Mich App 148 (1983).

[3] Defendant's complaint in the transcript is that he has not "retained" the transcript, but whether defendant means had not obtained the transcript or had not read the transcript is unclear.

RECEIVED by MCOA 4/26/2016 10:15:08 AM

failure of justice resulted.[4]   In determining whether a trial court has abused its discretion in denying a criminal defendant's request for a continuance, the Court must consider whether the defendant (1) was asserting a constitutional right; (2) had a legitimate reason for asserting the right; (3) was not negligent in asserting it; (4) had not requested prior adjournments of trial; and (5) on appeal, has demonstrated prejudice resulting from the trial court's abuse of discretion.[5]

Defendant did not tell the judge that he wanted an adjournment because his attorney could not timely file a notice of alibi; he claimed that his new attorney needed time to view the video and read the preliminary examination transcript. 10/2, 4.  Defendant failed to preserve this issue for appellate review.  An objection on one ground does not preserve an objection on other grounds.[6]

In addition, defendant cannot show that he was prejudiced.  No witnesses were prevented from testifying because of a failure to file an alibi notice.  Judges and prosecutors often waive the ten-day notice requirement even in cases which do not have newly retained counsel, but certainly if the new attorney had just been hired several weeks before the trial, a difficulty in meeting the deadline would have been considered. Thus, even if defendant had preserved the issue he has not shown that the reason he presented no other witnesses was because of the notice requirement.

The trial judge did not abuse his discretion in denying an adjournment for a reason defendant never mentioned and did not exist.

---

[4] MCLA 768.2; MSA 28.1025.

[5] *People v Pena,* 224 Mich App 650 (1997); *People v Wilson*, 397 Mich 76 (1976).

[6]  *People v Kimble*, 470 Mich 305, 309 (2004).

RECEIVED by MCOA 4/26/2016 10:15:08 AM

**ARGUMENT**

**II.**

**When a trial judge credits the prosecutor's race-neutral reason for peremptorily excusing a juror, that finding cannot be overturned unless clearly erroneous. The trial judge here implicitly credited the prosecutor's race-neutral reasons for striking several jurors, and the record supports the court's determination. Defendant has failed to demonstrate that the court clearly erred.**

**Standard of Review**

The first step in a *Batson*[7] challenge is a mixed question of fact and law and, thus, the factual portion is reviewed for clear error and the legal portion is reviewed de novo.[8] The second step of the analysis is reviewed de novo, and the last step is reviewed for clear error.[9]

**Discussion**

**A. Facts**

Defendant claims that there is a *Batson*[10] error, but the trial court's decision was not clearly erroneous. During jury selection, after the prosecutor's eighth exercise of a peremptory challenge,   defense counsel objected, and the jury was excused. Trial counsel complained that the prosecutor had used race to excuse six jurors out of seven or eight challenges. 10/9, 97-98. Counsel complained that he could not see any reason to have excluded the jurors. 10/9, 97-98.

---

[7] *Batson v Kentucky*, 476 US 79, 106 S Ct 1712, 90 L Ed 2d 69 (1986).

[8] *People v Knight*, 473 Mich 324, 342 (2005).

[9] Supra, at 343-344.

[10] *Batson v Kentucky*, 476 US 76, 79 (1986).

4

RECEIVED by MCOA 4/26/2016 10:15:08 AM

He did not elaborate, and no one made any indication of the number of minority jurors present on the panel.

## B. Step one

As the first step in the process of a *Batson* challenge, the opponent of the peremptory challenge must make a prima facie showing of discrimination.  To establish a prima facie case of discrimination based on race, the opponent must show that: (1) he is a member of a cognizable racial group; (2) the proponent has exercised a peremptory challenge to exclude a member of a certain racial group from the jury pool; and (3) all the relevant circumstances raise an inference that the proponent of the challenge excluded the prospective juror on the basis of race.[11]

The trial judge did not make a finding that there was a prima facia showing of discrimination, but jumped right to the second step of the analysis, asking the prosecutor why the jurors were challenged.  Contrasting this case with the actions in *Miller-El v Dretke*[12] show the vast inadequacy of the defendant's allegation.  In *Miller-El* the defendant had shown that out of 20 blacks on the jury panel, 9 were struck for cause and 10 peremptorily. In addition, the prosecution had several times shuffled the jury cards so that blacks came up later in the questioning, had asked different questions of black jurors, had given black jurors different examples, had struck black jurors but not white jurors who gave the same answers, and, the office had systematically excluded black jurors for decades.

By contrast, here a prosecutor struck eight jurors, and defendant claimed that six were black. No other evidence was presented to suggest prima facie proof that the prosecutor struck the

---

[11] *People v Knight*, 473 Mich 324 (2005).

[12] *Miller-El v Dretke*, 545 US 231, 125 S Ct 2317, 162 L Ed 2d 196 (2005).

RECEIVED by MCOA 4/26/2016 10:15:08 AM

African-American jurors on the basis of their race, other than the defense attorney's claim that *he* saw no reason to dismiss the jurors. Defendant made no record of the racial make-up of the jury or the venire.  He pointed out no questions that were asked differently of the African American jurors.  Defendant failed to make a record on which this Court could find a prima facie case of discrimination and the analysis should end at this first step because defendant failed to properly preserve the issue and a trial judge can be affirmed even if it reached the right result for the wrong reason.[13]

## C. Step two

Though no finding was made of a pattern, the prosecutor gave  race neutral reasons for having exercised the peremptory challenges, which is the second step.[14]  The reason given does not have to be a  reason defendant agrees with; *Batson's* second step does not demand articulation of a persuasive reason or even a plausible one as long as the reason is not inherently discriminatory.[15]  *Batson* did not change the law of peremptory challenges to require a reason everyone in court can agree to: that would be a challenge for cause. *Batson's* second step "does not demand an explanation that is persuasive, or even plausible."[16]  Rather, the issue is whether the proponent's explanation is facially valid as a matter of law.[17]  "A neutral explanation in the

---

[13] *People v Witherspoon*, 275 Mich App 329, 335 (2003).

[14] *Id.*

[15] *Rice v Collins*, 546 US, 333, 338; 126 S Ct 969; 163 L Ed 2d 824 (2006).

[16] *Purkett v Elem*, 514 US 765, 768, 115 S Ct 1769, 131 L Ed 2d 834 (1995).

[17] *Id*; *Hernandez v New York,* 500 US 352, 360, 111 S Ct 1859, 114 L Ed 2d 395 (1991) (plurality opinion).

RECEIVED by MCOA 4/26/2016 10:15:08 AM

context of our analysis here means an explanation based on something other than the race of the juror.... Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral."[18]

The prosecutor explained that she had dismissed Ms. Stinson because she was older and had delayed responses to questions, as if she really was not focused or paying attention. 10/9, 98. Ms. Williams had a felony conviction. 10/9, 98-99.  Mr. Smith had relatives in prison.  10/9, 99. Ms. Jones was a student and deemed too young for this type of case; she also appeared very distracted, and questions had to be repeated to her like she was not listening. 10/9, 99.

Then the prosecutor pointed out that defense counsel had challenged six jurors and all of them were white. 10/9, 101.  No pattern of discrimination was shown here either. Defendant disputed the race of his exclusions, but no record was made.

A party can, for example, challenge a juror because he does not think nurses make good jurors, or because he believes that short people are not receptive to him, or because he has had a bad experience with jurors who speak very fast.    Defendant may not find those persuasive reasons for asking that a juror be excused, but the reasons are race neutral and would meet the requirement for *Batson's* second step.

**D. Step three**

The third step is for the trial court to decide if the race neutral reason was pretextual.  In deciding whether the defendant has made the requisite showing, the trial court must consider all relevant circumstances.[19] The factors should include the questions  and statements made by the

---

[18] *Id.*

[19] *People v Barker*, 179 Mich App. 702, 705-706 (1989).

RECEIVED by MCOA 4/26/2016 10:15:08 AM

prosecutor during voir dire and in exercising her challenges, all of which may support  or refute an inference of discriminatory purpose.[20]

Defense counsel was then allowed to respond to the reasons given by the prosecutor and he disputed the prosecutor's  challenge to Ms. Jones on the basis that she was too young.  Counsel noted only that she was old enough to be an eligible juror. 10/9, 99.  Trial counsel also agreed that Ms. Stinson's answers were not rapid, but he found them clear and concise and that the slowness should not be deemed a reason for her being excused.  10/9, 100. Counsel asked that the challenge as to her should be denied. 10/9, 100. Unlike in the recent case of  *People v Tennille*, the defense attorney was allowed to respond to the prosecutor's stated reasons.[21]

In fact the record does support the prosecutor's stated reasons.  Ms. Williams stated that she had a prior conviction for carrying a concealed weapon. 10/9, 89-90.  Mr. Smith stated that his brother was in prison for armed robbery and his nephew was in prison for home invasions. 10/9, 89. Ms. Stinson did admit that she could not remember if her prior juror service was civil or criminal, her memory about whether any of her friends or relatives were victims of crimes was also vague, she guessed that they had, but she did not know when, and guessed that it had been years ago. In addition she had to be asked to repeat herself. 10/9, 92, 93, 94.  The record regarding Ms. Jones was more complicated because there were two Ms. Jones, though there is support in the record that the prosecutor did ask the second Ms. Jones if she was a "natural pauser" and that juror said, "I'm tired. I'm sleepy." 10/9, 79.   Thus, there was record support for the prosecutor's reasons.

---

[20] *People v Barker*, 179 Mich App. 702, 705-706 (1989).

[21] *People v Tennille*, __Mich App__ (2016).

RECEIVED by MCOA 4/26/2016 10:15:08 AM

The trial court found that the prosecutor's reasons were not a pretext. The trial judge held, "Well, the Prosecutor has given some explanation other than race being challenged.  I don't think the *Batson* motion can be sustained.  I don't have any further comments on whether it's good or bad.  That's the strategy of a trial." 10/9, 99-100.

Peremptory challenges are still allowed in Michigan and have historically been exercised for a plethora of reasons.  Trial attorneys may have had past success with one type of juror or another and forever after  strike those jurors which have given them the most trouble or fight to keep those who have been the most reasonable.  Trial prosecutors and defense attorneys in Wayne County try many jury trials and each attorney quickly develops his or her own methods of selecting a jury. A selection process which only allowed challenges for cause would prevent attorneys from excusing jurors on the basis of small differences, but Michigan court rules still allow attorneys the freedom to exercise a challenge to a juror for *any reason* except race, age, or sex.  Defendant does not have to agree that the reason given is a logical reason, the trial judge, who may have had these same attorneys in his courtroom many, many times must only find that the prosecutor can be believed.

In *Knight* the court found it well-settled that a judge's determination should be "accorded great deference."[22] In both *Batson* and *Hernandez*, the United States Supreme Court held that deference to trial court findings on the issue of discriminatory intent makes particular sense because the finding turns largely on an evaluation of credibility.[23]

_____

[22] *Knight*, supra at 344.

[23] *Batson v Kentucky*, 476 US 79, 98 n 21; 106 S Ct 1712, 90 L Ed 2d 69 (1986). *Hernandez v New York,* 500 US 352, 365, 111 S Ct 1859, 114 L Ed 2d 395 (1991)

RECEIVED by MCOA 4/26/2016 10:15:08 AM

The trial judge has known this well-seasoned prosecutor for many years, he has seen her practice, and he found her to be credible when she gave her race-neutral reasons. A trial judge does not have to agree with the reasons, only find that the prosecutor is credible and the reasons not a pretext to hide challenges based on race.

In sum, defendant failed to show prima facie proof that the prosecutor struck any juror based on race, but even if defendant had made such a showing, the trial judge did not clearly error in finding that the race-neutral reasons given by the prosecutor were not pretextual.

RECEIVED by MCOA 4/26/2016 10:15:08 AM

RECEIVED by MCOA 4/26/2016 10:15:08 AM

# ARGUMENT

## III.

**Ten offense variable points should be awarded to the leader in a multiple offender situation. The defendant committed the robbery armed with a gun which he used to shoot at the victim many times while his codefendant's role was merely to lure the victim out of the bullet-proof booth in advance of defendant's entry. There was sufficient evidence to support scoring offense variable 14 and no clear error occurred.**

**Standard of Review**

The trial court's factual findings are reviewed for clear error and must be supported by a preponderance of the evidence.[24]  Application of the law to the facts is reviewed de novo.[25]

**Discussion**

**A. Offense Variable 14**

Defendant contends that he should not have been given 10 points for being a leader in a multiple offender situation because he was not the first of the offenders into the store, the two defendants did not communicate while in the store, and defendant has no prior adult felony convictions.

Defendant was the principal in this armed robbery and his co-defendant was an aider and abettor.  The co-defendant had entered the small store first in an attempt to lure the cashier out from behind the bullet-proof glass.  He was unsuccessful in keeping her outside of the cage long enough for defendant to get to the cash register, though.  On the other hand defendant not only

---

[24] *People v Hardy*, 494 Mich 430, 438 (2013).

[25] Id.

11

was the one with the gun but he  shot the gun approximately six times trying to get the cashier to let him into the caged area.  10/14, 41, 43, 44, 52-53, 57, 60-61, 64.  Defendant also mule-kicked the door trying to get into the area with the cash register.  10/14, 64-65. While the aider and abettor attempted to assist, defendant was the one committing the armed robbery: shooting at the victim, mule kicking the door and demanding money.

Defendant contends that he was not the leader because he was not giving orders to the co-defendant, but the scheme being used by these two defendants dictated that he not acknowledge his co-defendant in any way.  In the method being used to rob gas stations now that cameras and bullet-proof cages are so prevalent, one defendant comes in without a mask or covering over his face and lures the cashier into opening the cage and then the masked gunman enters and commits the robbery.  In theory, the first to enter is just a customer needing help and the second to enter has his face covered so he cannot be identified on the store video and he leaves with the money. Sometimes there is a flaw in the plan, as here when the two men are arrested together committing a home invasion just hours later.  Thus, though defendant gave no orders to his co-defendant, there was no question who played the primary role in this armed robbery.

**B. Lockridge**

Defendant's guideline range does take into consideration judge-found facts and subtraction of the points would change defendant's range.  This case should be sent back for a *Crosby* hearing.

12

RECEIVED by MCOA 4/26/2016 10:15:08 AM

**Relief**


ACCORDINGLY, the People respectfully request this Honorable Court to affirm defendant's convictions.


Respectfully submitted,

KYM L. WORTHY
Prosecuting Attorney
County of Wayne

JASON W. WILLIAMS
Chief of Research,
Training, and Appeals

*Valerie M. Steer*

VALERIE M. STEER  (P-38489)
Assistant Prosecuting Attorney
11th Floor, 1441 St. Antoine
Detroit, Michigan  48226
Phone: (313) 224 - 0205


Dated: April, 2016

RECEIVED by MCOA 4/26/2016 10:15:08 AM

**STATE OF MICHIGAN**
**COURT OF APPEALS**

# Bundle Cover Sheet

| Lower Court: | L Ct No.: | COA No.: |
|---|---|---|
| WAYNE CIRCUIT COURT | 14-006199-FC | 325195 |

| Case Title: |
|---|
| PEOPLE OF MI V LAFAYETTE DESHAWN UPSHAW |

| Priority: |
|---|
| CALL |

| *Filer Information* |
|---|

| Filer | Attorney |
|---|---|
| Monica  Smith | Valerie  Steer, P38489 |
| , MI | , MI |
| msmith@waynecounty.com | vsteer@waynecounty.com |

| *Filing Summary* |
|---|

| Type | Description | Fee |
|---|---|---|
| Brief | Appellee's Supplemental Brief on Appeal No Oral Ar | $0.00 |
| | **Total:** | **$0.00** |

Alternate Payment Reason: None

RECEIVED by MCOA 4/26/2016 10:15:08 AM

The document(s) listed above were electronically filed with the Michigan Court of Appeals.

325195-1743799

**STATE OF MICHIGAN**
MI Court of Appeals

## Proof of Service

| Case Title: | Case Number: |
|---|---|
| PEOPLE OF MI V LAFAYETTE DESHAWN UPSHAW | 325195 |

1. Title(s) of the document(s) served:

| Filing Type | Document Title |
|---|---|
| Brief | Appellee's Supplemental Brief on Appeal No Oral Ar |

2. On 4-26-2016, I served the document(s) described above on:

| Recipient | Address | Type |
|---|---|---|
| Monica Smith<br>Wayne County Prosecutor's Office | msmith@waynecounty.com | e-Service |
| Neil Leithauser<br>Neil Leithauser<br>P-33976 | nleithauserattorney@comcast.net | e-Service |
| Valerie Steer<br>Wayne County Prosecutor's Office<br>P38489 | vsteer@waynecounty.com | e-Service |

This proof of service was automatically created, submitted and signed on my behalf through my agreements with TrueFiling and its contents are true to the best of my information, knowledge, and belief.

4-26-2016
_____
Date

/s/ Monica Smith
_____
Signature

Wayne County Prosecutor's Office
_____

RECEIVED by MCOA 4/26/2016 10:15:10 AM