UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAFAYETTE DESHAWN UPSHAW,

    Petitioner,

v.

    Case No. 20-12560
    Honorable Linda V. Parker

GEORGE STEPHENSON,

    Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR A STAY PENDING APPEAL (ECF NO. 35)

Petitioner Lafayette Deshawn Upshaw ("Petitioner") filed an application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this Court granted in an Opinion and Order issued July 14, 2022. (ECF No. 26.) Judgment was entered on the same date. (ECF No. 27.) The Court ordered Petitioner released from state custody for any further punishment related to the convictions at issue in his petition unless the State of Michigan commenced a new trial within 120 days of the entry of final judgment. (*Id.* at Pg ID 1750.) Respondent appealed the Court's decision (ECF No. 28) and moved to stay pending appeal (ECF No. 35). Petitioner has moved for bond pending appeal. (ECF No. 31.)

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas

1

relief, but this presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F.2d 164, 166 (6th Cir. 1992); *see also* Fed. R. App. P 23(c).  Because habeas proceedings are civil in nature, the general standards governing stays of civil judgments guide courts deciding whether to release a habeas petitioner pending the state's appeal. *Hilton*, 481 U.S. at 776. The factors relevant to the decision are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton*, 481 U.S. at 776; *Workman*, 958 F.2d at 166.

For the reasons already set forth in the Court's July 14 decision, this Court strongly disagrees with Respondent's assertion that he is likely to succeed on appeal.  The state courts unreasonably applied clearly established federal law when analyzing Petitioner's *Batson* challenge.  Further, even when considering only the record before the state court, the state courts made an unreasonable determination of the facts and unreasonably applied clearly established federal law when concluding that trial counsel was not ineffective in failing to investigate Petitioner's alibi witnesses and pursuing an alibi defense.  Nevertheless, the Court is granting Respondent's request for a stay pending appeal because resources will

2

be wasted if the State is required to retry Petitioner while the matter proceeds in the Sixth Circuit Court of Appeals.

As to Petitioner's request for bond pending appeal, the Court requires more time to assess the request and will issue a separate decision as soon as it does.

Accordingly,

**IT IS ORDERED** that Respondent's Motion for Stay Pending Appeal (ECF No. 43) is **GRANTED**.

**IT IS SO ORDERED.**

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: November 10, 2022