UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAFAYETTE DESHAWN UPSHAW,

    Petitioner,

v.

    Case No. 20-CV-12560
    Honorable Linda V. Parker

GEORGE STEPHENSON,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RELEASE ON BOND (ECF NO. 31)

Petitioner Lafayette Deshawn Upshaw ("Petitioner") filed an application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this Court granted in a decision issued July 14, 2022. (ECF No. 26.) Judgment was entered the same date. (ECF No. 27.) The Court ordered Petitioner released from state custody for any further punishment related to the convictions at issue in his petition unless the State of Michigan commenced a new trial within 180 days of the entry of final judgment. (*Id.* at Pg ID 1750.) Respondent appealed the Court's decision (ECF No. 28) and filed a motion for a stay pending appeal (ECF No. 35). Petitioner filed a motion for bond pending appeal. (ECF No. 31.) On November 10, 2022, this Court granted Respondent's motion to stay but indicated that it needed more

information before ruling on Petitioner's motion for bond.  (ECF No. 38).  The Court now addresses that motion.

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas relief, but this presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise.  *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F.2d 164, 166 (6th Cir. 1992); *see also* Fed. R. App. P 23(c).  Because habeas proceedings are civil in nature, the general standards governing stays of civil judgments guide courts deciding whether to release a habeas petitioner pending the state's appeal.  *Hilton*, 481 U.S. at 776. The factors relevant to the decision are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  *Hilton*, 481 U.S. at 776; *Workman*, 958 F.2d at 166.

As discussed in the Court's November 10 decision, Respondent is not likely to succeed on appeal.  Nevertheless, Petitioner will not be irreparably injured if his motion for bond is denied because he will remain incarcerated on a separate sentence for a home invasion conviction.  While Petitioner might be otherwise eligible for parole with respect to that 1- to-15-year sentence, the Court has been

2

informed through pretrial services that the State will not consider his release while the convictions at issue in these habeas proceedings remain outstanding. While this Court has vacated those convictions, the State may still retry him.

The State's interest also weighs in favor of denying Petitioner's motion. To assess this factor, the Court considers the possibility that Petitioner will flee and the risk that he will pose a danger to the community. *Hilton*, 481 U.S. at 777. Although the convictions at issue in these habeas proceedings have now been vacated, Petitioner still faces retrial for armed robbery and felony firearm. Six shots were fired at the cashier during the robbery. Petitioner's remaining adult conviction does not support an inference of dangerousness. However, less than nine years before the offenses now at issue, Petitioner was convicted as a juvenile of two counts of carjacking and two counts of felony firearm.

The Court may also consider the length of Petitioner's remaining sentence. "The State's interest in continuing custody . . . will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id*. at 777. Petitioner was sentenced to a term of imprisonment of 20 to 42 years for the convictions at issue. He has served only a fraction of that sentence. Thus, this consideration favors a denial of bond.

For the above reasons, the Court concludes that Petitioner should not be released on bond pending appeal.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Bond (ECF No. 31) is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: March 27, 2023